**THE LAW OFFICE OF**
**PAUL K. JOSEPH, PC**
PAUL K. JOSEPH (SBN 287057)
*paul@pauljosephlaw.com*
4125 W. Pt. Loma Blvd., No. 309
San Diego, California 92110
Phone: (619) 767-0356
Fax: (619) 331-2943

**THE LAW OFFICE OF**
**JACK FITZGERALD, PC**
JACK FITZGERALD (SBN 257370)
*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN (SBN 253362)
*trevor@jackfitzgeraldlaw.com*
MELANIE PERSINGER (SBN 275423)
*melanie@jackfitzgeraldlaw.com*
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555

***Counsel for Plaintiffs and the Proposed Class***

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL TESTONE, COLLIN SHANKS, and LAMARTINE PIERRE, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>BARLEAN'S ORGANIC OILS, LLC<br>Defendant. | Case No: **'19CV0169 JLS  BGS**<br><br>CLASS ACTION<br><br>**COMPLAINT FOR VIOLATIONS OF CAL. BUS. & PROF. CODE §§17200 *et seq.*; CAL. BUS. & PROF. CODE §§17500 *et seq.*; CAL. CIV. CODE §§ 1750 *et seq.*; N.Y. GEN. BUS. L. § 349; N.Y. GEN. BUS. L. § 350; and BREACH OF EXPRESS & IMPLIED WARRANTIES**<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs Michael Testone, Collin Shanks, and Lamartine Pierre, on behalf of themselves, all others similarly situated, and the general public, by and through their undersigned counsel, hereby sue defendant Barlean's Organic Oils, LLC ("Barlean's"), and allege the following upon their own knowledge, or where they lack personal knowledge, upon information and belief, including the investigation of their counsel.

## **INTRODUCTION**

1.     Barlean's misleadingly markets its coconut oil Products as inherently healthy, and a healthy alternative to butter and various cooking oils, despite that coconut oil is actually inherently *unhealthy*, and a *less healthy* option to these alternatives. Barlean's coconut oil Products' labeling also violates federal, California, and New York state food labeling regulations, rendering the Products misbranded.

2.     Plaintiffs relied upon Barlean's misleading and unlawful claims when purchasing the Barlean's coconut oil Products, and were damaged as a result. They bring this action on behalf of themselves and all other similarly situated consumers in California and New York alleging violations of California's Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq*., "CLRA"), Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq*., "UCL"), False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq*., "FAL"), New York's Unfair and Deceptive Business Practices Law, N.Y. Gen. Bus. L. § 349 ("UDBP"), and False Advertising Law, N.Y. Gen. Bus. L. § 350 ("NY FAL"). Plaintiffs also allege breaches of express and implied warranties under California and New York state law.

3.     Plaintiffs primarily seek an order compelling Barlean's to cease marketing its coconut oil Products using the misleading and unlawful tactics complained of herein, destroy all misleading, deceptive, and unlawful materials, and conduct a corrective advertising campaign.

4.     In addition, Plaintiffs seek an order compelling Barlean's to restore the amounts by which it has been unjustly enriched and pay damages, restitution, and attorneys' fees as allowed by law.

## **PARTIES**

5.     Plaintiff Michael Testone is a resident of San Diego, California and a citizen of California.

6.     Plaintiff Collin Shanks is a resident of West Covina, California and a citizen of California.

7.     Plaintiff Lamartine Pierre is a resident of Valley Stream, New York and a citizen of New York.

8.     Defendant Barlean's Organic Oils, LLC is a Washington Limited Liability Company. According to Barlean's Organic Oils, LLC's publicly filed articles of incorporation, its sole managing member is Bruce Barlean, whose listed address is in Ferndale, Washington. Upon information and belief, Bruce Barlean is a resident and citizen of Washington.

## **JURISDICTION & VENUE**

9.     This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d)(2) (The Class Action Fairness Act) because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and because more than two-thirds of the members of the Class reside in states other than the state of which Barlean's is a citizen.

10.     The Court has personal jurisdiction over Barlean's because it has purposely availed itself of the benefits and privileges of conducting business within California.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiff Michael Testone resides in and suffered injuries as a result of Barlean's acts in this District, many of the acts and transactions giving rise to this action occurred in this District, and Barlean's (1) has intentionally availed itself of the laws and markets of this District through the promotion, marketing, distribution, and sale of its Products in this District, and (2) is subject to personal jurisdiction in this District.

*Testone et al. v. Barlean's Organic Oils, LLC*
CLASS ACTION COMPLAINT

## FACTS

**I.     Saturated Fat Consumption Increases the Risk of Cardiovascular Heart Disease and Other Morbidity**

### A.     The Role of Cholesterol in the Human Body

12.     Cholesterol is a waxy, fat-like substance found in the body's cell walls. The body uses cholesterol to make hormones, bile acids, vitamin D, and other substances. The body synthesizes all the cholesterol it needs, which circulates in the bloodstream in packages called lipoproteins, of which there are two main kinds—low density lipoproteins, or LDL cholesterol, and high density lipoproteins, or HDL cholesterol.

13.     LDL cholesterol is sometimes called "bad" cholesterol because it carries cholesterol to tissues, including the arteries. Most cholesterol in the blood is LDL cholesterol.

14.     HDL cholesterol is sometimes called "good" cholesterol because it takes excess cholesterol away from tissues to the liver, where it is removed from the body.

### B.     High Total and LDL Blood Cholesterol Levels are Associated with Increased Risk of Morbidity, Including Coronary Heart Disease and Stroke

15.     Total and LDL cholesterol blood levels are two of the most important risk factors in predicting coronary heart disease (CHD), with higher total and LDL cholesterol levels associated with increased risk of CHD.[1]

16.     High LDL cholesterol levels are dangerous because "[e]levated blood LDL cholesterol increases atherosclerotic lipid accumulation in blood vessels."[2] That is, if there is

---

[1] *See*, *e.g.*, Dr. Dustin Randolph, *Coconut Oil Increases Cardiovascular Disease Risk and Possible Death Due to Heart Attacks and Stroke* (Sept. 19, 2015) ("Heart attack and stroke risk can be largely predicted based on total and LDL cholesterol levels in people" because "as cholesterol levels increase so does one's risk of symptomatic and deadly heart disease."), *available at* http://www.pursueahealthyyou.com/2015/04/coconut-oil-increases-cardiovascular.html.

[2] USDA Center for Nutrition Policy and Promotion, *Dietary Saturated Fat and Cardiovascular Health: A Review of the Evidence*, Nutrition Insight 44 (July 2011)

*Testone et al. v. Barlean's Organic Oils, LLC*
CLASS ACTION COMPLAINT

too much cholesterol in the blood, some of the excess may become trapped along artery walls. Built up formations of cholesterol on arteries and blood vessels are called plaque. Plaque narrows vessels and makes them less flexible, a condition called atherosclerosis.

17.     This process can happen to the coronary arteries in the heart and restricts the provision of oxygen and nutrients to the heart, causing chest pain or angina.

18.     When atherosclerosis affects the coronary arteries, the condition is called coronary heart disease, or CHD.

19.     Cholesterol-rich plaques can also burst, causing a blood clot to form over the plaque, blocking blood flow through arteries, which in turn can cause an often-deadly or debilitating heart attack or stroke.

20.     Thus, "[f]or the health of your heart, lowering your LDL cholesterol is the single most important thing to do."[3]

**C.     Saturated Fat Consumption Causes Increased Total and LDL Blood Cholesterol Levels, Increasing the Risk of CHD and Stroke**

21.     The consumption of saturated fat negatively affects blood cholesterol levels because the body reacts to saturated fat by producing cholesterol. More specifically, saturated fat consumption causes coronary heart disease by, among other things, "increas[ing] total cholesterol and low density lipoprotein (LDL) cholesterol."[4]

---

[hereinafter, "USDA, Review of the Evidence"], *available at* http://www.cnpp.usda.gov/sites/default/files/nutrition_insights_uploads/Insight44.pdf.

[3]     Pritikin Longevity Center, *Is Coconut Oil Bad for You?*, *available at* https://www.pritikin.com/your-health/healthy-living/eating-right/1790-is-coconut-oil-bad-for-you.html.

[4] USDA Review of the Evidence, *supra* n.2.

22.   Moreover, "[t]here is a positive linear trend between total saturated fatty acid intake and total and low density lipoprotein (LDL) cholesterol concentration and increased risk of coronary heart disease (CHD)."[5]

23.   This linear relationship between saturated fat intake and risk of coronary heart disease is well established and accepted in the scientific community.

24.   For example, the Institute of Medicine's Dietary Guidelines Advisory Committee "concluded there is strong evidence that dietary [saturated fatty acids] SFA increase serum total and LDL cholesterol and are associated with increased risk of [cardiovascular disease] CVD."[6]

25.   In addition, "[s]everal hundred studies have been conducted to assess the effect of saturated fatty acids on serum cholesterol concentration. In general, the higher the intake of saturated fatty acids, the higher the serum total and low density lipoprotein (LDL) cholesterol concentrations."[7]

26.   Importantly, there is "no safe level" of saturated fat intake because "any incremental increase in saturated fatty acid intake increases CHD risk."[8]

27.   For this reason, while the Institute of Medicine sets tolerable upper intake levels (UL) for the highest level of daily nutrient intake that is likely to pose no risk of adverse

---

[5] Institute of Medicine, *Dietary Reference Intakes for Energy, Carbohydrate, Fiber, Fat, Fatty Acids, Cholesterol, Protein, and Amino Acids*, at 422 (2005) [hereinafter "IOM, Dietary Reference Intakes"], *available at* http://www.nap.edu/catalog.php?record_id=10490.

[6] USDA Review of the Evidence, *supra* n.2.

[7] IOM, Dietary Reference Intakes, *supra* n.5, at 481.

[8] *Id.* at 422.

health effects to almost all individuals in the general population, "[a] UL is not set for saturated fatty acids."[9]

28.   In addition, "[t]here is no evidence to indicate that saturated fatty acids are essential in the diet or have a beneficial role in the prevention of chronic diseases."[10]

29.   Further, "[i]t is generally accepted that a reduction in the intake of SFA [saturated fatty acids] will lower TC [total cholesterol] and LDL-cholesterol."[11]

30.   For these reasons, "reduction in SFA intake has been a key component of dietary recommendations to reduce risk of CVD."[12]

31.   The Institute of Medicine's Dietary Guidelines for Americans, for example, "recommend reducing SFA intake to less than 10 percent of calories."[13] And "lowering the percentage of calories from dietary SFA to 7 percent can further reduce the risk of CVD."[14]

32.   In short, consuming saturated fat increases the risk of CHD and stroke.[15]

**D.   In Contrast to Saturated Fat, the Consumption of Dietary Cholesterol has Almost No Impact on Blood Cholesterol Levels**

33.   For many years, there has been a common misperception that dietary cholesterol significantly affects blood cholesterol levels. According to the USDA and Department of

---

[9] *Id.*

[10] *Id.* at 460.

[11] Shanthi Mendis et al., *Coconut fat and serum lipoproteins: effects of partial replacement with unsaturated fats*, 85 Brit. J. Nutr. 583, 583 (2001) [hereinafter "Mendis, Coconut fat"].

[12] USDA Review of the Evidence, *supra* n.2.

[13] *Id.*

[14] *Id.*

[15] *See* Mendis, Coconut fat, *supra* n.11, at 583.

Health and Human Services (DHHS), however, "available evidence shows no appreciable relationship between consumption of dietary cholesterol and [blood] serum cholesterol."[16]

34. In fact, the USDA and DHHS have concluded that "Cholesterol is not a nutrient of concern for overconsumption."[17]

35. In contrast, the USDA and DHHS state that "[s]trong and consistent evidence from [randomized control trials] shows that replacing [saturated fats] with unsaturated fats, especially [polyunsaturated fats], significantly reduces total and LDL cholesterol."[18]

36. Therefore, the USDA and DHHS specifically recommend replacing "tropical oils (e.g., palm, palm kernel, ***and coconut oils***)" with "vegetable oils that are high in unsaturated fats and relatively low in SFA (e.g., soybean, corn, olive, and canola oils)."[19]

## II. Because of its High Saturated Fat Content, the Consumption of Coconut Oil Increases the Risk of Cardiovascular Heart Disease and Other Morbidity

37. Although it is well established that diets generally high in saturated fatty acids increase the risk of CHD,[20] several studies have specifically shown that consuming coconut oil—which is approximately 90 percent saturated fat—increases the risk of CHD and stroke.

38. For example, in 2001 the British Journal of Nutrition published a 62-week intervention study that examined the "effect of reducing saturated fat in the diet . . . on the

---

[16] USDA & DHHS, *Dietary Guidelines for Americans*, Part D., Chapter 1, at 17 (2015) [hereinafter "USDA & DHHS, Dietary Guidelines"], *available at* http://health.gov/dietaryguidelines/2015-scientific-report/pdfs/scientific-report-of-the-2015-dietary-guidelines-advisory-committee.pdf.

[17] *Id.*

[18] *Id.* Part D, Chapter 6, at 12.

[19] *Id.* (emphasis added).

[20] *See* Mendis, Coconut fat, *supra* n.11, at 583.

serum lipoprotein profile of human subjects."[21] The study had two intervention phases. In Phase 1 (8 weeks), "the total fat subjects consumed was reduced from 31 to 25 % energy . . . by reducing the quantity of coconut fat (CF) in the diet from 17.8 to 9.3 % energy intake."[22] "At the end of Phase 1, there was a 7.7 % reduction in cholesterol and 10.8 % reduction in LDL and no significant change in HDL and triacylglycerol."[23]

39.     In Phase 2 (52 weeks), the total fat consumed by subjects was reduced from 25 to 20 % energy by reducing the coconut fat consumption from 9.3 to 4.7 % energy intake.[24] At the end of phase 2, these subjects exhibited a 4.2% mean reduction of total cholesterol and an 11% mean reduction in LDL cholesterol.[25]

40.     The authors of the study noted that "[a] sustained reduction in blood cholesterol concentration of 1 % is associated with a 2-3 % reduction of the incidence of CHD (Law et al. 1994)." Further, "[i]n primary prevention, a reduction of cholesterol by 20% has produced a 31% reduction in recurrent coronary morbidity, a 33% reduction in coronary mortality, and 22% less total mortality (Grundy, 1997)."[26]

41.     Based on these relationships, the researchers estimated that "the reduction in coronary morbidity and mortality brought about by the current dietary intervention would be of the order of about 6-8 %."[27]

---

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.* at 586.

[26] *Id.* at 588.

[27] *Id.*

42.     Simply put, the results of the yearlong study showed that reducing coconut oil consumption "results in a lipid profile that is associated with a low cardiovascular risk."[28]

43.     The detrimental health effects of consuming coconut oil are not limited to long-term consumption. To the contrary, a 2006 study published in the Journal of the American College of Cardiology found that consuming a single high-fat meal containing fat from coconut oil "reduces the anti-inflammatory potential of HDL and impairs arterial endothelial function."[29] In the study, researchers examined the effect of consuming a single isocaloric meal that contained "1 g of fat/kg of body weight," with "coconut oil (fatty acid composition: 89.6% saturated fat, 5.8% monounsaturated, and 1.9% polyunsaturated fat)" as the source of fat.[30] They found that consuming the coconut oil meal significantly "reduces the anti-inflammatory potential of HDL and impairs arterial endothelial function."[31] In contrast, when the fat from the same isocaloric meal came from "safflower oil (fatty acid composition: 75% polyunsaturated, 13.6% monounsaturated, and 8.8% saturated fat)," "the anti-inflammatory activity of HDL improve[d]."[32]

44.     Other studies have similarly demonstrated that coconut oil consumption negatively affects blood plasma markers when compared to other fats.

45.     A 2011 study published in the American Journal of Clinical Nutrition found that consuming coconut oil, unlike consuming palm olein and virgin olive oil, decreased

---

[28] *Id.* at 587.

[29] Stephen J. Nicholls et al., *Consumption of Saturated Fat Impairs the Anti-Inflammatory Properties of High-Density Lipoproteins and Endothelial Function*, 48 J. Am. Coll. Cardio. 715 (2006).

[30] *Id.*

[31] *Id.*

[32] *Id.* at 715.

postprandial lipoprotein(a), which is associated with an increased risk of cardiovascular disease.[33]

46.     Similarly, a study comparing the effects of consuming coconut oil, beef fat, and safflower oil found that coconut oil consumption had the worst effect on subjects' blood lipid profiles.[34] The authors noted that "[o]f these fats, only CO [coconut oil] appears to consistently elevate plasma cholesterol when compared with other fats."[35]

47.     Finally, in another study, researchers found that subjects who consumed 30 percent of energy from fat, with 66.7% coming from coconut oil, had "increased serum cholesterol, LDL, and apo B."[36] Apo B is a protein involved in the metabolism of lipids and is the main protein constituent of VLDL (very low-density lipoproteins) and LDL. Concentrations of apo B tend to mirror those of LDL, so the higher the level of apo B, the greater the risk of heart disease. In sum, the study found that consuming coconut oil increased all three cholesterol markers, signifying an increased risk of cardiovascular disease.[37]

## III.   Barlean's Manufacture, Marketing, and Sale of Barlean's Coconut Oil

### A.   Barlean's History and Sale of Coconut Oil

48.     Defendant has manufactured, distributed, marketed, and sold various Barlean's brand coconut oil Products beginning in or around May 2008.

---

[33] P.T. Voon et al., *Diets high in palmitic acid (16:0), lauric and myristic acids (12:0 + 14:0), or oleic acid (18:1) do not alter postprandial or fasting plasma homocysteine and inflammatory markers in healthy Malaysian adults*, 94 Am. J. Clin. Nutr. 1451 (2011).

[34] Raymond Reiser et al., *Plasma lipid and lipoprotein response of humans to beef fat, coconut oil and safflower oil*, 42 Am. J Clin. Nutr. 190, 190 (1985).

[35] *Id.*

[36] V. Ganji & C.V. Kies, *Psyllium husk fiber supplementation to the diets rich in soybean or coconut oil: hypercholesterolemic effect in healthy humans*, 47 Int. J. Food Sci. Nutr. 103 (Mar. 1996).

[37] *Id.*

49.     According to Barlean's website, its Products are sold nationally at major retailers such as Whole Foods Market, Sprouts Farmers Market, VitaSprings Health Products, Health Food City, International Health Foods, and My Nutritional Depot.

50.     Barlean's brand coconut oil Products challenged in this lawsuit include at least the following: (a) Organic Virgin Coconut Oil, (b) Organic Culinary Coconut Oil, and (c) Organic Butter Flavored Coconut Oil, (collectively the "Coconut Oil Products" or "Products").

51.     Barlean's Organic Virgin Coconut Oil is available in at least 16-fluid-ounce, 32 fluid-ounce, and 60-fluid-ounce containers. Barlean's Organic Culinary Coconut Oil is available in at least 32-fluid-ounce and 60-fluid-ounce containers. Barlean's Organic Butter Flavored Coconut Oil is available in at least 16-fluid-ounce and 32-fluid-ounce containers.

52.     Exemplars of the Organic Virgin Coconut Oil labeling are depicted below:

**32-Fluid-Ounce Organic Virgin Coconut Oil Label:**



**16-Fluid-Ounce Organic Virgin Coconut Oil Labels:**



53.    Exemplars of the Organic Culinary Coconut Oil are depicted below:

**32-Fluid-Ounce Organic Culinary Coconut Oil Label:**



54.    Exemplars of the Butter Flavored Coconut Oil are depicted below:

**16-Fluid-Ounce Butter Flavored Coconut Oil Labels:**



### B.    The Composition of the Barlean's Coconut Oil Products

55.    The Supplement Facts box for Barlean's Organic Virgin Coconut Oil states that it contains 130 calories, all of which come from fat: in each 1 tablespoon serving there are 14 grams of fat, 12 grams of which is saturated fat.

56.    The Nutrition Facts box for Barlean's Organic Culinary Coconut Oil states that it contains 120 calories, all of which come from fat: in each 1 tablespoon serving there are 14 grams of fat, 12 grams of which is saturated fat.

57.    The Nutrition Facts box for Barlean's Butter Flavored Coconut Oil states that it contains 120 calories, all of which come from fat: in each 1 tablespoon serving there are 14 grams of fat, 12 grams of which is saturated fat.

**IV.   Barlean's Markets its Coconut Oil Products with Misleading Health and Wellness Claims**

58.    Consumers are generally willing to pay more for foods they perceive as being healthy, or healthier than other alternatives. Nielsen's 2015 Global Health & Wellness Survey, for instance, found that "88% of those polled are willing to pay more for healthier foods."[38]

59.    Barlean's is well aware of consumer preference for healthful foods, and therefore employs, and has employed, a strategic marketing campaign intended to convince consumers that the Barlean's Coconut Oil Products are healthy.

60.    On its website, for instance, it has described its coconut oil Products as being the "most nutritious coconut oil" and "cold pressed fresh for your vibrant health . . . ."

61.    In addition, through statements placed directly on the labels of the Barlean's Coconut Oil Products, Barlean's markets and advertises the Products as both inherently healthy, and healthy alternatives to butter and other oils, even though the Products' total and saturated fat content render them inherently unhealthy, and less healthy alternatives. Moreover, Barlean's labeling claims are designed to convince consumers that even though the Products are almost entirely saturated fat, that they are nevertheless uniquely healthy saturated fats, which is false and misleading.

**1.   Barlean's Places Misleading Health and Wellness Claims Directly on the Barlean's Organic Virgin Coconut Oil Labeling**

62.    Directly on the Barlean's Organic Virgin Coconut Oil label, Barlean's prominently places the phrase "Nature's Most Versatile Superfood." "Superfood" is a term

---

[38] Nancy Gagliardi, Forbes, Consumers Want Healthy Foods--And Will Pay More For Them (Feb. 18, 2015) (citing Neilson, 2015 Global Health & Wellness Survey, at 11 (Jan. 2015)).

for "food considered to be especially beneficial for health and well-being."[39] This claim taken individually and in context of the label as a whole is false and misleading because it conveys that Barlean's Organic Virgin Coconut Oil is healthy when it is actually unhealthy.

63.    The Barlean's Organic Virgin Coconut Oil labeling also bears the claim "RAW WHOLE FOOD." This claim is false and misleading because coconut oil is not a whole food at all. Instead, coconut oil is pure fat that is extracted from coconut flesh or coconut copra and is entirely devoid of, among other things, the protein and fiber present in the whole food form of coconut. The claim is further false and misleading because calling a product a "whole food" conveys that the product is healthy because consumers widely perceive whole foods as being healthy. This message is false and misleading because coconut oil is not healthy, but is unhealthy and contains dangerous amounts of saturated fat, the consumption of which causes morbidity including heart disease and stroke.

64.    The labeling also bears the claims "Harvested at the Peak of Flavor and Nutrition" or "Harvested at the peak of flavor and nutritional value." These claims taken individually and in context of the labeling as a whole are false and misleading because they suggest the Product is healthy due to its nutritional properties when in fact it is unhealthy and contains dangerous amounts of saturated fat, the consumption of which causes morbidity including heart disease and stroke.

65.    The Barlean's Organic Virgin Coconut Oil labeling also states "COCONUT OIL: A SMART FAT[:] A natural source of medium chain triglycerides (MCTs), coconut oil boosts the metabolism, supports the heart and immune system and provides quick energy." This claim taken individually and in context of the label as a whole is false and misleading because it conveys that the Product is healthful, specifically for the heart, when it is actually

---

[39]    Oxford         Dictionary         Online,         *available         at* http://www.oxforddictionaries.com/us/definition/american_english/superfood.

unhealthy and contains dangerous amounts of saturated fat, the consumption of which causes morbidity including heart disease and stroke.

66.     The Organic Virgin Coconut Oil labeling bears the claims "COCONUT OIL: A SMART FAT[:] A natural source of medium chain triglycerides (MCTs)"; "COCONUT OIL NUTRITION[:] Contains Lauric Acid, Caprylic Acid & Capric Acid[.] Natural Source of Medium Chain Triglycerides."; and/or "Coconut Oil Nutrition[:] -Rich in Lauric Acid & Caprylic Acid   -Great Source of Medium Chain Triglycerides." These claims taken individually and in context of the label as a whole, even if literally true, are misleading because they suggest that the Product is healthy due to the presence of supposedly healthy medium chain fatty acids and MCTs. More specifically, by highlighting the presence of supposedly "healthy" MCTs, Barlean's purposefully and misleadingly creates what is called a "'health halo[],' in which a claim about single healthy quality gives rise to more positive impression of other, nonclaimed qualities."[40] As explained by Natalie Allen, clinical faculty member of the Biomedical Sciences Department at Missouri State University, "[t]he health halo effect is an phenomenon in which a food or food company is perceived as healthy based on one claim."[41] "Research has consistently found that claims on food Product labels have halo effects (Andrews et al., 2011); they have a positive effect on consumers' perceptions about Product characteristics not mentioned in the claim (Andrews et al., 2011; Schuldt, 2013)."[42] Specifically, surveys have shown that "[c]onsumers who viewed a favorable

[40] Catherine Fernan *et al., Health Halo Effects from Product Titles and Nutrient Content Claims in the Context of "Protein" Bars*, Health Communication, at 2 (August 30, 2017), *available at* http://dx.doi.org/10.1080/10410236.2017.1358240.

[41] Melissa Kravitz, "*Brands use this psychological trick to make you think you're buying 'healthy' foods*", (April 18, 2017), *available at*: https://mic.com/articles/173866/brands-use-this-psychological-trick-to-make-you-think-you-re-buying-healthy-foods#.GIe05Cjk2

[42] Irina A. Iles *et al., Nutrient Content Claims: How They Impact Perceived Healthfulness of Fortified Snack Foods and the Moderating Effects of Nutrition Facts Labels, Health Communication*, Health Communication, at 1 (August 20, 2017) ("Results indicated that the

nutrient content claim had significantly more favorable evaluations of fat content and healthiness. (internal examples omitted)."[43] Thus, by highlighting the presence of MCTs and characterizing them as healthy, Barlean's creates the misleading impression that the coconut oil as a whole is healthy.

67.    Barlean's claims "Coconut Oil Nutrition[:] -Contains Lauric Acid, Caprylic Acid & Capic Acid -Natural Source of Medium Chain Triglycerides" and "Coconut Oil Nutrition[:] -Rich in Lauric Acid & Caprylic Acid  -Great Source of Medium Chain Triglycerides" are further misleading because lauric acid is not properly characterized as a medium chain triglyceride or fatty acid. To the contrary, lauric acid "behaves more as a long-chain fatty acid [in terms of digestion and metabolism] because the majority of it (70%–75%) is absorbed with chylomicrons." "It is therefore inaccurate to consider coconut oil to contain either predominantly medium-chain fatty acids or predominantly medium-chain triglycerides."[44] "A common misconception is that the SAFA [saturated fatty acids] in coconut oil are mainly medium chain fatty acids [MCTs], which are metabolized differently from long-chain SAFA. Actually, coconut oil is mainly C12:0 lauric acid and C14:0 myristic acid, which have potent LDL-C-raising effects."[45] By both highlighting the presence of

---

presence of an [Nutrient Content Claim] on a fortified snack food product increased perceived healthfulness of that product, perceptions of the presence of healthful nutrients, and intentions to consume the product. The presence of NCCs also decreased perceptions of the presence of certain        less        healthful        nutrients"),        *available        at* http://dx.doi.org/10.1080/10410236.2017.1351277.

[43] J. Craig Andrews *et al.*, *Consumer Generalization of Nutrient Content Claims in Advertising*, 62 J. Marketing  62, 67 (Oct. 1998).

[44] Eyres L. *et al.*, *Coconut oil consumption and cardiovascular risk factors in humans*, 74 Nutr. Rev. 267 (2016).

[45] Zock PL., *et al.*, *Progressing Insights into the Role of Dietary Fats in the Prevention of Cardiovascular Disease*, Curr. Cardiol. Rep. 2016;18(11):111.

MCTs and characterizing lauric acid as an MCT, Barlean's further misleads consumers by conveying that the coconut oil is healthy.

68.     In short, by highlighting the presence of supposedly "healthy" MCTs and claiming the product is a "SMART FAT," Barlean's creates a health halo regarding the Products as a whole, which is misleading because, in the words of the American Heart Association, "coconut oil increases LDL cholesterol, a cause of [cardiovascular disease], and has no known offsetting favorable effects . . . ." [46]

69.     The Organic Virgin Coconut Oil labeling also states that it is "NON-HYDROGENATED." This claim taken individually and in context of the label as a whole, even if literally true, is misleading because it suggests by the absence of hydrogenation (and thus the absence of unhealthy trans fat) the Product is not unhealthy, when it is in fact unhealthy and contains dangerous amounts of saturated fat, the consumption of which causes morbidity including heart disease and stroke.

70.     The Organic Virgin Coconut Oil labeling also states that it is "CHOLESTEROL FREE." This claim taken individually and in context of the label as a whole, even if literally true, is misleading because it suggests by the absence of cholesterol that it is healthy and will not detrimentally affect blood cholesterol levels. This is false and misleading because it is unhealthy and contains dangerous amounts of saturated fat, the consumption of which detrimentally affects blood cholesterol levels and causes morbidity, including heart disease and stroke.

---

[46] American Heart Association, Dietary Fats and Cardiovascular Disease: A Presidential Advisory From the American Heart Association, Circulation (June 15, 2017), available at http://circ.ahajournals.org/content/early/2017/06/15/CIR.0000000000000510.

### 2. Barlean's Places Misleading Health and Wellness Claims Directly on the Barlean's Organic Culinary Coconut Oil Labeling

71.   As with the Barlean's Organic Virgin Coconut Oil, Barlean's deceptively markets its Barlean's Organic Culinary Coconut Oil with a variety of labeling claims intended to convince consumers that the Product is healthy.

72.   The Culinary Coconut Oil is labeled as "The ultimate cooking oil for health-conscious gourmets. As versatile as it is delicious, Barlean's Organic Culinary Coconut Oil is ideal for sautéing, stir-frying and baking, or as a dairy-free butter substitute" and "SUGGESTED USE: Substitute 1:1 for butter or other oils in cooking . . . ." This misleadingly suggests that the Product is healthy, which is false and misleading because it is actually unhealthy and contains dangerous amounts of saturated fat, the consumption of which detrimentally affects blood cholesterol levels and causes morbidity, including heart disease and stroke. These claims are further false and misleading because they suggest that replacing butter or other oils with the Product is a healthy choice. In reality, because coconut oil contains more saturated fat than butter and any other common cooking oil, doing so would increase consumption of saturated fat and decrease consumption unsaturated fat.[47] This would

---

[47] The USDA's National Nutrient Database for Standard Reference lists a 14 gram serving of butter as being composed of 12 grams of fat, 7 of which are saturated, 3 of which are monounsaturated, and .5 of which is polyunsaturated; lists a 14 gram serving of canola oil as being composed of 14 grams of fat, 1 of which is saturated, 9 of which are monounsaturated, and 4 of which are polyunsaturated; lists a 13.6 gram serving of soybean oil as being composed of 13.6 grams of fat, 2 of which are saturated, 3 of which are monounsaturated, and 8 of which are polyunsaturated; lists a 13.6 gram serving of vegetable oil as being composed of 13.6 grams of fat, 1 of which is saturated, 3 of which are monounsaturated, and 9 of which are polyunsaturated; and lists a 13.5 gram serving of olive oil as being composed of 13.5 grams of fat, 2 of which are saturated, 10 of which are monounsaturated, and 1.5 of which are polyunsaturated. *See* USDA Agricultural Research Service, *National Nutrient Database for Standard Reference Release 28*, NDB No. 01001, Butter, salted; NDB No. 04582, Canola Oil, NDB No. 04044, Soybean Oil; NDB No. 04670, Vegetable Oil; NDB No. 04053, Olive Oil, *available at* http://ndb.nal.usda.gov/ndb/foods.

*Testone et al. v. Barlean's Organic Oils, LLC*
CLASS ACTION COMPLAINT

be unhealthy because "Strong and consistent evidence from RCTs [(Randomized Clinical Trials)] and statistical modeling in prospective cohort studies shows that replacing SFA [(Saturated Fatty Acids)] with PUFA [(Polyunsaturated Fatty Acids)] reduces the risk of CVD [(cardiovascular disease)] events and coronary mortality."[48]

73.     To reinforce these misleading health claims, Barlean's represents that Barlean's Organic Culinary Coconut Oil has "NO TRANS FAT," and has "NO TRANS FAT OR CHOLESTEROL." These claims, taken individually and in context of the label as a whole, are false and misleading because they suggest by the absence of unhealthy trans fat and cholesterol that the Product is healthy and will not detrimentally affect health or blood cholesterol levels. This is false and misleading because it is unhealthy and contains dangerous amounts of saturated fat, the consumption of which detrimentally affects blood cholesterol levels and causes morbidity, including heart disease and stroke.

**3.     Barlean's Places Misleading Health and Wellness Claims Directly on the Barlean's Organic Butter Flavored Coconut Oil Labeling**

74.     The Barlean's Organic Butter Flavored Coconut Oil labeling bears the claims "THE HEALTH BENEFITS OF COCONUT OIL, THE RICH TASTE OF BUTTER"; "SUB 1:1 FOR BUTTER"; "Now we're bringing a whole new flavor to healthy eating. Our butter flavored coconut oil has all the healthy MCTs of our regular organic coconut oil, with a rich, buttery taste"; "HEALTHY ALTERNATIVE TO BUTTER"; and "All the health benefits of coconut oil, now with the rich flavor of butter." These claims, taken individually and in context of the label as a whole, are false and misleading because they suggest the Product is healthy when in fact coconut oil is unhealthy. Further, these statements falsely and misleadingly suggest that replacing butter or other fats with this Product is a healthy choice despite that doing so would increase consumption of saturated fat and decrease consumption of unsaturated fat,  and despite that "Strong and consistent evidence from RCTs [randomized

---

[48] USDA & HHS, Dietary Guidelines, supra n.16, Part D, Chapter 6 at 12.

*Testone et al. v. Barlean's Organic Oils, LLC*
CLASS ACTION COMPLAINT

controlled trails] and statistical modeling in prospective cohort studies shows that replacing SFA [saturated fatty acids] with PUFA [polyunsaturated fatty acids] reduces the risk of CVD [cardiovascular disease] events and coronary mortality."[49]

75.     The labeling also states "No Trans or Hydrogenated Fats", "Cholesterol Free", and "No cholesterol, trans fats or hydrogenated fats". These claims, taken individually and in context of the label as a whole, are false and misleading because they suggest by the absence of unhealthy trans fat and cholesterol that the Product is healthy and will not detrimentally affect health or blood cholesterol levels. This is false and misleading because it is unhealthy and contains dangerous amounts of saturated fat, the consumption of which detrimentally affects blood cholesterol levels and causes morbidity, including heart disease and stroke.

## V.     Barlean's Deceptively Omits, Intentionally Distracts From, and Otherwise Downplays the Products' Negative Physiological Effects

76.     In marketing its Products with health and wellness claims, Barlean's regularly and intentionally omits material information regarding the dangers of consuming the Products. Barlean's is under a duty to disclose this information to consumers because (a) Barlean's is revealing some information about its Products—enough to suggest they are healthy or conducive to good physical health—without revealing additional material information—that the consumption of the Products has detrimental health effects, (b) Barlean's deceptive omissions concern human health, and specifically the detrimental health consequences of consuming its Products, (c) Barlean's was in a superior position to know of the dangers presented by the Products as a manufacturer of foods and nutritional supplements whose business depends upon food science and that holds itself out to be a leader in health Products, and (d) Barlean's actively concealed material facts not known to Plaintiffs and the Class.

---

[49] USDA & HHS, Dietary Guidelines, supra n.16, Part D, Chapter 6 at 12.

*Testone et al. v. Barlean's Organic Oils, LLC*
CLASS ACTION COMPLAINT

77. As described above, in marketing the Products, Barlean's regularly affirmatively uses certain words and phrases to suggest its Products are healthy or conducive to good health and physical well-being, which is misleading given the negative health consequences of consuming coconut oil. In light of these voluntary statements, Barlean's therefore has a duty to disclose information regarding the harmful effects of consuming its Products.

## VI. The Labeling of the Barlean's Coconut Oil Products Violates California, New York, and Federal Food Labeling Laws

### A. A Violation of Federal Food Labeling Statutes or Regulations is a Violation of California and New York Law

78. "California, [and] New York . . . broadly prohibit the misbranding of food in language largely identical to that found in the FDCA." *Ackerman v. Coca-Cola Co.*, 2010 U.S. Dist. LEXIS 73156, at *12 (E.D.N.Y. July 21, 2010).

79. The Products and their labeling violate California Health and Safety Code §§ 109875, *et. seq.* (the "Sherman Law"), which has expressly adopted the federal food labeling requirements as its own. *See* Cal. Health & Safety Code § 110670.

80. Under the Sherman Law, any violation the Federal Food Federal Food, Drug, and Cosmetic Act and/or federal regulations is also a violation of the Sherman Law. *See* Cal. Health & Safety Code § 110670 ("Any food is misbranded if its labeling does not conform with the requirements for nutrition labeling as set forth in Section 403(r) (21 U.S.C. Sec. 343(q)) of the federal act and the regulation adopted pursuant thereto.").

81. Similarly, "New York's Agriculture and Marketing law similarly . . . incorporates the FDCA's labeling provisions found in 21 C.F.R. part 101." *Ackerman*, 2010 U.S. Dist. LEXIS 73156, *12 (citing N.Y. Comp. Codes R. & Regs. tit. 1, § 259.1).

82. The Federal Food, Drug, and Cosmetic Act expressly authorizes state regulations, such as the Sherman Law and New York's Agriculture and Marketing Law, that

are "identical to the requirement[s]" of the FDCA and federal regulations. *See* 21 U.S.C. § 343-1.

83.     Because the Sherman Law's and Agriculture and Marketing Law's requirements are identical to the requirements of the Federal Food, Drug, and Cosmetic Act and FDA regulations they are explicitly authorized by the FDCA.

**B.      The Barlean's Coconut Oil Products' False and Misleading Labeling Claims Render the Products Misbranded Under California, New York, and Federal Law**

84.     Barlean's deceptive statements described herein violate N.Y. Agric. & Mkts. Law § 201, Cal. Health & Safety Code § 1010660, and 21 U.S.C. § 343(a), which deem a food product misbranded when its label contains any statement that is "false or misleading in any particular."

85.     As described above, the Products' labeling contains numerous statements that are false or misleading because they state, suggest, or imply that the Products are healthy, which render them misbranded.

86.     In addition, the Coconut Oil Products' labeling is misleading, and thus misbranded, because "it fails to reveal facts that are material in light of other representations." 21 C.F.R § 1.21.

87.     In addition, Barlean's voluntary and affirmative misrepresentations challenged herein also "fail[ed] to reveal facts that are material in light of other representations made or suggested by the statement[s], word[s], design[s], device[s], or any combination thereof," in violation of 21 C.F.R. § 1.21(a)(1). Such facts include the detrimental health consequences of consuming the Products.

88.     Barlean's similarly failed to reveal facts that were "[m]aterial with respect to the consequences which may result from use of the article under" both "[t]he conditions prescribed in such labeling," and "such conditions of use as are customary or usual," in

23

violation of § 1.21(a)(2). Namely, Barlean's failed to disclose the increased risk of serious chronic disease likely to result from the usual consumption of its Products.

## C. The Barlean's Coconut Oil Products are Misbranded Because They Make Unauthorized Nutrient Content Claims

89. The Barlean's Coconut Oil Products are misbranded because their labels bear nutrient content claims even though the Products do not meet the requirements to make such claims.

90. Under 21 U.S.C. § 343(r)(1)(A), a claim that characterizes the level of a nutrient which is of the type required to be in the labeling of the food must be made in accordance with a regulation promulgated by the Secretary (or, by delegation, FDA) authorizing the use of such a claim. *See also* Cal. Health & Safety Code § 110670 ("Any food is misbranded if its labeling does not conform with the requirements for nutrient content or health claims" set by federal law.).

91. Characterizing the level of a nutrient on food labels and labeling of a product without complying with the specific requirements pertaining to nutrient content claims for that nutrient renders a product misbranded under 21 U.S.C. § 343(r)(1)(A).

92. The Products bear the labeling claims "CHOLESTEROL FREE" and 'NO . . . CHOLESTEROL."

93. These phrases meet the definition of nutrient content claims because they characterize the level of cholesterol in the Products, *see* 21 C.F.R. § 101.13(b), but they fail to meet the requirements for making claims that a product is free from cholesterol.

94. Under 21 C.F.R. § 101.62(d)(1), to bear the nutrient content claim "No cholesterol," "cholesterol free" and similar claims that cholesterol is absent, a food must, among other things, contain less than 2 grams of saturated fat per Reference Amount Customarily Consumed (RACC), *id.* § 101.62(d)(1)(ii)(C), and must disclose the level of total fat in a serving in immediate proximity to the claim, *id.* § 101.62(d)(1)(ii)(D).

95.     The RACC for oils, including the Products, is 1 tablespoon, or 15 millimeters. *See* 21 C.F.R. § 101.12(b) (Reference Amount Customarily Consumed for specific foods, "Fats and Oils: Butter, margarine, oil, shortening).

96.     According to the Products' labels, they contain 14 grams of total fat and 12 grams of saturated fat per 1 tablespoon serving.

97.     Further, the required disclosure statement regarding total fat is not present anywhere on the Products' labels.

98.     Accordingly, the Products do not meet the saturated fat requirement, instead containing a disqualifying amount of saturated fat, and do not make the mandatory total fat disclosure, making the Products ineligible for "no cholesterol" and "cholesterol free" claims under 21 C.F.R. § 101.62(d)(1)(ii), and rendering them misbranded. *See* 21 U.S.C. § 343(r)(1)(A). *See also* 21 C.F.R. § 101.62(f) ("Any label or labeling containing any statement concerning fat, fatty acids, or cholesterol that is not in conformity with this section shall be deemed to be misbranded.").

99.     In addition, the Products bear claims such as "NO TRANS FAT," "NON-HYDROGENATED," "No . . . trans fats or hydrogenated fats," and "No Trans or Hydrogenated Fats."

100.   These phrases meet the definition of nutrient content claims because they characterize the level of trans fat in the Coconut Oil Products, which are nutrients of the type required to be in nutrition labeling. *See* 21 C.F.R. § 101.13(b)(1).

101.   Under 21 C.F.R. § 101.13(h), a food that bears an express or implied nutrient content claim, and that contains more than 13 grams of total fat or 4 grams of saturated fat per serving, must also bear a disclosure statement on the label, immediately adjacent to the claim, referring the consumer to nutrition information for that nutrient, e.g., "See nutrition information for total fat and saturated fat content." 21 C.F.R. § 101.13(h)(1).

102.   Despite that all Barlean's Coconut Oil Products contain 14 grams of total fat and 12 grams of saturated fat per serving, their labels fail to bear these mandatory disclosure

statements, which provide consumers with material nutrition information. Therefore, Barlean's Organic Virgin Coconut Oil, Barlean's Culinary Coconut Oil and Barlean's Organic Butter Flavored Coconut Oil are misbranded.

103.   Further, even if the Barlean's Organic Culinary Oil and both Organic Butter Flavored Coconut Oil Products had contained the required disclosures, they would still be misbranded because "no trans fat" is an unauthorized nutrient content claim that may not be used in the labeling of any foods. *See Reid v. Johnson & Johnson*, 780 F.3d 952, 962-63 (9th Cir. 2015). The FDA similarly has no defined nutrient content claims for "non-hydrogenated," or any statements about MCTs, but all such claims must, in any event, be not misleading. *See* 21 C.F.R. § 101.13(i)(iii).

104.   The Products also bear nutrient content claims regarding the medium chain triglyceride (MCT) and fatty acid content, through claims such as, "A natural source of medium chain triglycerides (MCTs)," "Coconut Oil Nutrition[:] -Contains Lauric Acid, Caprylic Acid & Capric Acid -Natural Source of Medium Chain Triglycerides," and "Coconut Oil Nutrition[:] -Rich in Lauric Acid & Caprylic Acid -Great Source of Medium Chain Triglycerides."

105.   These phrases meet the definition of nutrient content claims because they characterize the level of saturated fat in the Coconut Oil Products, which are nutrients of the type required to be in nutrition labeling. *See* 21 C.F.R. § 101.13(b)(1).

106.   These claims, however, fail to meet the requirements of 21 C.F.R. 101.54, rendering the Products misbranded.

107.   Further, as with the "no trans fat" claims, none of these claims are accompanied by the disclosure statement, which is mandatory given the Products' total fat and saturated fat content.

1
2
3

**D.     The Barlean's Organic Butter Flavored Coconut Oil and Organic Culinary Oil are Misbranded Because They Make Unauthorized "Healthy" Nutrient Content Claims**

4    108.   In addition, Barlean's Organic Butter Flavored Coconut Oil and Organic
5    Culinary Oil labels are misbranded (and also misleading), because the labels claim that the
6    Products are healthy based on their nutrient content, but the Products do not meet the
7    requirements for making such implied nutrient content claims as set forth in 21 C.F.R. §
8    101.65(d).

9    109.   Barlean's labeled its Butter Flavored Coconut Oil with the claims "THE
10   HEALTH BENEFITS OF COCONUT OIL, THE RICH TASTE OF BUTTER," ". . . we're
11   bringing a whole new flavor to healthy eating," "Our butter flavored coconut oil has all the
12   healthy MCTs of our regular organic coconut oil, with a rich, buttery taste," "HEALTHY
13   ALTERNATIVE TO BUTTER," "All the health benefits of coconut oil, now with the rich
14   flavor of butter."

15   110.   Barlean's labeled its Culinary Coconut Oil with the claims, "The ultimate
16   cooking oil for health-conscious gourmets . . . ."

17   111.   These statements are made in association with the express cholesterol, trans fat,
18   and MCT nutrient content claims.

19   112.   To "use the term 'healthy' or related terms (e.g., 'health,' 'healthful,'
20   'healthfully,' 'healthfulness,' 'healthier,' 'healthiest,' 'healthily,' and 'healthiness')" as an
21   implied nutrient content claim, a food must satisfy specific "conditions for fat, saturated fat,
22   cholesterol, and other nutrients." 21 C.F.R § 101.65(d)(2).

23   113.   Barlean's Butter Flavored Coconut Oil and Organic Culinary Coconut Oil are
24   "not specifically listed" in the table contained in 21 C.F.R § 101.65(d)(2)(i), and therefore
25   are governed by section (F) of the table. *See* 101.65(d)(2)(i)(F).

26   114.   Under 21 C.F.R. § 101.65(d)(2)(i)(F), to use a "healthy" term, a food must (1)
27   be "Low fat as defined in § 101.62(b)(2)," (2) be "Low saturated fat as defined in §

28

101.62(c)(2)," and (3) contain "At least 10 percent of the RDI [recommended daily intake] or the DRV [dietary reference values] per RACC [reference amount customarily consumed] of one or more of vitamin A, vitamin C, calcium, iron, protein or fiber." See 21 C.F.R. § 101.65(d)(2)(i)(F) (incorporating by reference total fat requirement, 21 C.F.R. § 101.62(b)(2), and saturated fat requirement, 21 C.F.R. § 101.62(c)(2)). In addition, the food must comply "with the definition and declaration requirements in this part 101 for any specific nutrient content claim on the label or in labeling." 21 C.F.R. § 101.65(d)(2)(iii).

115.   Section 101.62(b)(2)(i)(B) provides the applicable definition of "low fat" for the Products because they have RACCs (reference amounts customarily consumed) and labeled servings of less than 30 grams.

116.   Under section 101.62(b)(2)(i)(B), a food is low fat only if it "contains 3 g or less of fat per reference amount customarily consumed and per 50 g of food."

117.   The Barlean's Buttered Flavored Coconut Oil and the Organic Culinary Coconut Oil contain 14 grams of total fat per RACC or labeled serving, and 50 grams of total fat per 50 grams. Thus Barlean's Buttered Flavored Coconut Oil and Organic Culinary Coconut Oil Products do not meet the total fat requirement in section 101.65(d)(2)(i)(F), and as a result, their use of a "healthy" term renders the Products misbranded.

118.   Under section 101.62(c)(2), a food is "low saturated fat" only if it "contains 1 g or less of saturated fatty acids per reference amount customarily consumed and not more than 15 percent of calories from saturated fatty acids."

119.   The Organic Culinary Coconut Oil and the Butter Flavored Coconut Oil both contain 12 grams of saturated fat per RACC or labeled serving, and approximately 86 percent of calories come from saturated fat. The Products therefore do not meet the saturated fat requirement in section 101.65(d)(2)(i)(F), and as a result, their use of a "healthy" term renders the Products misbranded.

120.   Further, the Barlean's Buttered Flavored Coconut Oil and the Organic Culinary Coconut Oil do not contain "at least 10 percent of the RDI or the DRV per RACC of one or

more of vitamin A, vitamin C, calcium, iron, protein or fiber," 21 C.F.R. § 101.65(d)(2)(i)(F), and as a result, their use of a "healthy" term renders the Products misbranded.

121.   Finally, the Barlean's Buttered Flavored Coconut Oil and the Organic Culinary Coconut Oil, as explained above, fail to comply "with the definition and declaration requirements in this part 101 for any specific nutrient content claim on the label or in labeling," 21 C.F.R. § 101.65(d)(2)(iii), further rendering them misbranded.

122.   In sum, the Barlean's Buttered Flavored Coconut Oil and the Organic Culinary Coconut Oil bear unauthorized claims that the Products are healthy. The Products do not meet the clear and specific criteria the FDA (and by extension, California and New York) requires for using the term healthy (and variations) to describe a food.

123.   Barlean's use of the term healthy (and variations) to describe the Barlean's Buttered Flavored Coconut Oil and the Organic Culinary Coconut Oil not only violates 21 C.F.R. § 101.65 and renders the Products misbranded, but also misleads consumers regarding the nature of the oils, in the specific manner the regulations are intended to prevent.

## IV.   Plaintiffs' Purchase, Reliance, and Injury

124.   Plaintiff Michael Testone purchased Barlean's Organic Virgin Coconut Oil on a regular basis, during the Class Period. His most recent purchase occurred in or around May or June of 2018. He would normally purchase jars approximately once per month from local health food stores such as the Sprouts Farmers Market located at 4175 Park Boulevard in San Diego, California. Mr. Testone consumed the Barlean's Organic Virgin Coconut Oil after purchasing it.

125.   To the best of his recollection, when deciding to purchase Barlean's Organic Virgin Coconut Oil, Plaintiff Testone read and relied on, *inter alia*, the following claims on the Barlean's Organic Virgin Coconut Oil label:

    a)   "Harvested at the Peak of Flavor & Nutritional Value";

    b)   "Coconut Oil Nutrition[:] -Rich in Lauric Acid & Caprylic Acid  -Great Source of Medium Chain Triglycerides";

c) "Coconut Oil Nutrition[:] -Contains in Lauric Acid, Caprylic Acid , & Capric Acid -Natural Source of Medium Chain Triglycerides";

d) "NON-HYDROGENATED";

e) "COCONUT OIL: A SMART FAT";

f) "A natural source of medium chain triglycerides (MCTs), coconut oil boosts the metabolism, supports the heart and immune system and provides quick energy"; and

g) "CHOLESTEROL FREE".

126. Based on these representations, Plaintiff Testone believed the Barlean's Organic Virgin was a healthy oil or fat that was beneficial to health, and that it would not raise or otherwise detriment his blood cholesterol levels.

127. When purchasing Barlean's Organic Virgin Coconut Oil Mr. Testone was seeking a product to consume which had the qualities described on the Barlean's Organic Virgin Coconut Oil labeling, namely, one that was a healthy, nutritious oil or fat, that was healthier than other fats, cooking oils and butter, and whose consumption would not increase his risk of CHD, stroke, and other morbidity.

128. Plaintiff Collin Shanks has purchased both Barlean's Organic Virgin Coconut Oil and Barlean's Butter Flavored Coconut Oil between six to eight times during the Class Period. He believes his first purchase occurred in or around 2016, when he purchased a 16-fluid-ounce jar of Barlean's Butter Flavored Coconut Oil. After that time, he also purchased 16-fluid-ounce jars of Barlean's Organic Virgin Coconut Oil. His purchases took place at his local Sprouts Farmers Markets, such as the one located at 1431 Imperial Highway in La Habra, California and other local vitamin or health stores. Mr. Shanks consumed the Barlean's Organic Virgin and Butter Flavored Coconut Oil after purchasing them.

129. To the best of his recollection, when deciding to purchase Barlean's Butter Flavored Coconut Oil, Plaintiff Shanks read and relied on, *inter alia*, the following claims on the Butter Flavored Coconut Oil labeling:

a) "THE HEALTH BENEFITS OF COCONUT OIL, THE RICH TASTE OF BUTTER";

b) "SUB 1:1 FOR BUTTER";

c) "we're bringing a whole new flavor to healthy eating";

d) "Our butter flavored coconut oil has all the healthy MCTs of our regular organic coconut oil, with a rich, buttery taste.";

e) "No cholesterol, trans fats or hydrogenated fats";

f) "Substitute 1:1 for butter";

g) "HEALTHY ALTERNATIVE TO BUTTER";

h) "No Trans Fat";

i) "All the health benefits of coconut oil, now with the rich flavor of butter";

j) "No Trans or Hydrogenated Fats";

k) "Cholesterol Free"; and

l) "Suggested Use: Substitute 1:1 for butter in backing, cooking, and frying . . . ."

130. To the best of his recollection, when deciding to purchase Barlean's Organic Virgin Coconut Oil, Plaintiff Shanks read and relied on, *inter alia*, the following claims on the Barlean's Organic Virgin Coconut Oil label:

a) "Harvested at the Peak of Flavor & Nutritional Value";

b) "Coconut Oil Nutrition[:] -Rich in Lauric Acid & Caprylic Acid  -Great Source of Medium Chain Triglycerides";

c) "Coconut Oil Nutrition[:] -Contains in Lauric Acid, Caprylic Acid , & Capric Acid -Natural Source of Medium Chain Triglycerides"; and

d) "NON-HYDROGENATED".

131. Based on these representations, Plaintiff Shanks believed the Barlean's Organic Virgin and Butter Flavored Coconut Oil were healthy oils or fats that were healthier than butter and other fats or cooking oils, and would not raise or otherwise detriment his blood cholesterol levels.

31

132.   When purchasing Products, Mr. Shanks was seeking products that had the qualities described on the Products' labels, namely, products that were healthy, nutritious oils or fats, that were healthier than butter, fats, and other cooking oils, and whose consumption would not increase his risk of CHD, stroke, and other morbidity.

133.   To the best of his recollection, Plaintiff Lamartine Pierre purchased the 32oz size of Barlean's Organic Virgin Coconut Oil approximately 3-5 times beginning in 2014, with his last purchase in late 2016, which to the best of his recollection was purchased at Walmart, both of which are located in the Green Acres Mall in Valley Stream, New York. Mr. Pierre consumed the Barlean's Organic Virgin Coconut Oil after purchasing it.

134.   At the time of purchase, when deciding to purchase Barlean's Organic Virgin Coconut Oil, Plaintiff Pierre read and relied on, inter alia, the following claims on the Barlean's Organic Virgin Coconut Oil label:

   a)   "Nature's Most Versatile Superfood";

   b)   "Harvested at the Peak of Flavor and Nutritional Value";

   c)   "Coconut Oil Nutrition - Rich in Lauric Acid & Caprylic Acid - Great Source of Medium Chain Triglycerides"; and

   d)   "NON-HYDROGENATED".

135.   Based on these representations, Plaintiff Pierre believed the Barlean's Organic Virgin Coconut Oil was a healthy oil or fat that was healthier than butter and other fats or cooking oils, and would not raise or otherwise detriment his blood cholesterol levels.

136.   When purchasing Barlean's Organic Virgin Coconut Oil, Mr. Pierre was seeking a product to consume which had the qualities described on the Barlean's Organic Virgin Coconut Oil labeling, namely, one that was a healthy, nutritious oil or fat that was healthier than butter, fats, and other cooking oils, and whose consumption would not increase his risk of CHD, stroke, and other morbidity.

137.   The representations on the Barlean's Organic Virgin and Butter Flavored Coconut Oil labels, however, were false and misleading, and had the capacity, tendency, and

likelihood to confuse or confound Plaintiffs and other consumers acting reasonably (including the putative Class) because, as described in detail herein, the Products are not healthy but instead their consumption increases the risk of CHD, stroke, and other morbidity.

138.  Plaintiffs are not nutritionists, food experts, or food scientists, but rather lay consumers who did not have the specialized knowledge that Barlean's had regarding the nutrients present in its coconut oils. At the time of purchase, and notwithstanding its saturated fat content, Plaintiffs were unaware that consuming coconut oil, such as Barlean's, adversely affects blood cholesterol levels and increases risk of CHD, stroke, and other morbidity.

139.  Plaintiffs acted reasonably in relying on the health and wellness claims that Barlean's intentionally placed on the Products' labels with the intent to induce average consumers into purchasing the Products.

140.  Plaintiffs would not have purchased the Products if they knew that they were misbranded pursuant to California, New York, and FDA regulations in that many of the labeling claims were prohibited, and that the labeling claims were false and misleading.

141.  The Products cost more than similar products without misleading labeling, and would have cost less absent the false and misleading statements.

142.  Plaintiffs paid more for the Products and would only have been willing to pay less, or unwilling to purchase them at all, absent the false and misleading labeling statements complained of herein.

143.  For these reasons, the Products were worth less than what Plaintiffs paid for them.

144.  Instead of receiving products that had actual healthful qualities, the Products that Plaintiffs and the Class received were not healthy.

145.  Plaintiffs lost money as a result of Barlean's deceptive claims and practices in that they did not receive what they paid for when purchasing the Products.

146.  Plaintiffs detrimentally altered their position and suffered damages in an amount equal to the amount they paid for the Products.

*Testone et al. v. Barlean's Organic Oils, LLC*
CLASS ACTION COMPLAINT

147.   Plaintiffs remain in the market for, and interested in purchasing healthy cooking oils.

148.   They continue to regularly shop at stores where the Products are sold.

149.   If they encountered the Products containing the same or similar labeling claims in the future, they might reasonably assume that the Products had been reformulated to make them healthier, or that new scientific evidence supported the claims, and on that basis would consider and likely be interested in purchasing the Products again. Without prospective injunctive relief requiring Barlean's to label the Products in a truthful manner, they and other consumers will be unable to determine whether a future label bearing similar claims is valid, or whether Barlean's has simply resumed misleading behavior, and thus will be unable to decide how best to spend their money.

150.   The continued use of the challenged claims on the Products' labels threatens to repeatedly infringe upon the substantive right California's and New York's consumer protection statutes give Plaintiffs to be free from fraud in the marketplace.

151.   If Barlean's was enjoined from making the false and misleading claims, the market price for its Coconut Oil Products would drop. While Plaintiffs would not use the Products on a regular basis due to the detrimental health effects, they would consider purchasing the Products, for example, to use very occasionally and in sparing amounts, such as for use in specific recipes calling for coconut oil or for non-ingestive cosmetic purposes.

152.   Even aware of Barlean's misleading labeling, Plaintiffs' substantive rights continue to be violated every time Plaintiffs are exposed to a misleading Barlean's Coconut Oil Products labeling.

153.   Barlean's senior officers and directors allowed the Barlean's coconut oil Products to be sold with full knowledge or reckless disregard that the challenged claims are fraudulent, unlawful, and misleading.

*Testone et al. v. Barlean's Organic Oils, LLC*
CLASS ACTION COMPLAINT

## **CLASS ACTION ALLEGATIONS**

154.   While reserving the right to redefine or amend the Class definition prior to seeking Class certification, pursuant to Federal Rule of Civil Procedure 23, Plaintiffs bring this action on behalf of themselves and a Class of all persons in California and New York who purchased the Products for personal or household use rather than resale or distribution, at any time from four years preceding the date of this Complaint to the time a Class is notified (the "Class Period").

155.   The members in the proposed Class are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of all Class Members in a single action will provide substantial benefits to the parties and Court.

156.   Questions of law and fact common to Plaintiffs and the Class include:

a.   whether Barlean's communicated a message regarding healthfulness of Barlean's Coconut Oil Products through its packaging and advertising;

b.   whether that message was material, or likely to be material, to a reasonable consumer;

c.   whether the challenged claims are false, misleading, or reasonably likely to deceive a reasonable consumer;

d.   whether Barlean's conduct violates public policy;

e.   whether Barlean's conduct violates state or federal food statutes or regulations;

f.   the proper amount of damages, including punitive damages;

g.   the proper amount of restitution;

h.   the proper scope of injunctive relief; and

i.   the proper amount of attorneys' fees.

157.   These common questions of law and fact predominate over questions that affect only individual Class Members.

*Testone et al. v. Barlean's Organic Oils, LLC*
CLASS ACTION COMPLAINT

158.   Plaintiffs' claims are typical of Class Members' claims because they are based on the same underlying facts, events, and circumstances relating to Barlean's conduct. Specifically, all Class Members, including Plaintiffs, were subjected to the same misleading and deceptive conduct when they purchased Barlean's Coconut Oil Products, and suffered economic injury because Barlean's Coconut Oil Products are misrepresented. Absent Barlean's business practice of deceptively and unlawfully labeling the Barlean's Coconut Oil Products, Plaintiffs and Class Members would not have purchased the Products.

159.   Plaintiffs will fairly and adequately represent and protect the interests of the Class, have no interests incompatible with the interests of the Class, and have retained counsel competent and experienced in Class action litigation, and specifically in litigation involving the false and misleading advertising of foods.

160.   Class treatment is superior to other options for resolution of the controversy because the relief sought for each Class Member is small, such that, absent representative litigation, it would be infeasible for Class Members to redress the wrongs done to them.

161.   Barlean's has acted on grounds applicable to the Class, thereby making appropriate final injunctive and declaratory relief concerning the Class as a whole.

162.   As a result of the foregoing, Class treatment is appropriate under Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3).

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Violations of the Unfair Competition Law,

### Cal. Bus. & Prof. Code §§ 17200 *et seq.*

### (By the California Class)

163.   Plaintiffs Testone and Shanks reallege and incorporate the allegations elsewhere in the Complaint as if set forth in full herein.

164.   The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

165.   The acts, omissions, misrepresentations, practices, and non-disclosures of Barlean's as alleged herein constitute business acts and practices.

### Fraudulent

166.   A statement or practice is fraudulent under the UCL if it is likely to deceive the public, applying an objective reasonable consumer test.

167.   As set forth herein, Barlean's labeling of the Products is likely to deceive reasonable consumers and the public.

### Unlawful

168.   The acts alleged herein are "unlawful" under the UCL in that they violate at least the following laws:

- The False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*;

- The Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*;

- The Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 *et seq.*;

- The California Sherman Food, Drug, and Cosmetic Law Cal, Health & Safety Code §§ 110100 *et seq.*; and

- The New York Marketing and Agriculture Law, N.Y. Comp. Codes R. & Regs. tit. 1, § 259.1.

### Unfair

169.   Barlean's conduct with respect to the labeling, advertising, and sale of the Products was unfair because Barlean's conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers, and the utility of its conduct, if any, does not outweigh the gravity of the harm to its victims.

170.   Barlean's conduct with respect to the labeling, advertising, and sale of the Barlean's Coconut Oil Products was and is also unfair because it violates public policy as declared by specific constitutional, statutory or regulatory provisions, including but not necessarily limited to the False Advertising Law, portions of the Federal Food, Drug, and

*Testone et al. v. Barlean's Organic Oils, LLC*
CLASS ACTION COMPLAINT

Cosmetic Act, and portions of the California Sherman Food, Drug, and Cosmetic Law and the New York Marketing and Agriculture Law.

171. Barlean's conduct with respect to the labeling, advertising, and sale of the Barlean's Coconut Oil Products was and is also unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumers themselves could reasonably have avoided.

172. Barlean's profited from the sale of the falsely, deceptively, and unlawfully advertised Barlean's Coconut Oil Products to unwary consumers.

173. Plaintiffs and Class Members are likely to continue to be damaged by Barlean's deceptive trade practices, because Barlean's continues to disseminate misleading information. Thus, injunctive relief enjoining Barlean's deceptive practices is proper.

174. Barlean's conduct caused and continues to cause substantial injury to Plaintiffs and other Class Members. Plaintiffs have suffered injury in fact as a result of Barlean's unlawful conduct.

175. In accordance with Bus. & Prof. Code § 17203, Plaintiffs seek an order enjoining Barlean's from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices, and to commence a corrective advertising campaign.

176. Plaintiffs and the Class also seek an order for the restitution of all monies from the sale of the Barlean's Coconut Oil Products, which were unjustly acquired through acts of unlawful competition.

### SECOND CAUSE OF ACTION

### Violations of the False Advertising Law,

### Cal. Bus. & Prof. Code §§ 17500 *et seq.*

### (By the California Class)

177. Plaintiffs Testone and Shanks reallege and incorporate the allegations elsewhere in the Complaint as if set forth in full herein.

178.   The FAL provides that "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

179.   It is also unlawful under the FAL to disseminate statements concerning property or services that are "untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." *Id*.

180.   As alleged herein, the advertisements, labeling, policies, acts, and practices of Barlean's relating to the Barlean's Coconut Oil Products misled consumers acting reasonably as to the healthfulness of the Products.

181.   Plaintiffs suffered injury in fact as a result of Barlean's actions as set forth herein because Plaintiffs purchased Barlean's Coconut Oil Products in reliance on Barlean's false and misleading marketing claims stating or suggesting that the Products, among other things, are healthy, or healthier than butter and other fats or oils.

182.   Barlean's business practices as alleged herein constitute unfair, deceptive, untrue, and misleading advertising pursuant to the FAL because Barlean's has advertised the Products in a manner that is untrue and misleading, which Barlean's knew or reasonably should have known, and omitted material information from the Products' labeling.

183.   Barlean's profited from the sale of the falsely and deceptively advertised Products to unwary consumers.

184.   As a result, Plaintiffs, the Class, and the general public are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Barlean's was unjustly enriched.

185.   Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiffs, on behalf of themselves and the Class, seek an order enjoining Barlean's from continuing to engage in deceptive

business practices, false advertising, and any other act prohibited by law, including those set forth in this Complaint.

## THIRD CAUSE OF ACTION

### Violations of the Consumer Legal Remedies Act,

### Cal. Civ. Code §§ 1750 *et seq.*

### (By the California Class)

186. Plaintiffs Testone and Shanks reallege and incorporate the allegations elsewhere in the Complaint as if set forth in full herein.

187. The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

188. Barlean's false and misleading labeling and other policies, acts, and practices were designed to, and did, induce the purchase and use of the Products for personal, family, or household purposes by Plaintiffs and Class Members, and violated and continue to violate the following sections of the CLRA:

      a.    § 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have;

      b.    § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another;

      c.    § 1770(a)(9): advertising goods with intent not to sell them as advertised; and

      d.    § 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

189. Barlean's profited from the sale of the falsely, deceptively, and unlawfully advertised Barlean's Coconut Oil Products to unwary consumers.

190. As a result, Plaintiffs and the Class have suffered harm.

191.   Pursuant to California Civil Code § 1782, in July 2018, Mr. Shanks sent written notice of his claims and Barlean's particular violations of the Act to Barlean's by certified mail, return receipt requested, directed to the registered agent, Joel Matteson at Barlean's headquarters.

192.   Pursuant to California Civil Code § 1782, in January 2019, Mr. Testone sent written notice of his claims and Barlean's particular violations of the Act to Barlean's by certified mail, return receipt requested, directed to the registered agent, Joel Matteson at Barlean's headquarters.

193.   At this time Mr. Testone only seeks restitution and injunctive relief. As permitted by statute, after 30 days he will amend to seek actual and punitive damages.

194.   Mr. Shanks and the California Class seek (a) actual damages, (b) punitive damages, (c) injunctive relief in the form of modified advertising and a corrective advertising plan, (d) restitution, and (e) attorneys' fees and costs.

195.   Barlean's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

196.   In compliance with Cal. Civ. Code § 1780(d), Mr. Testone has filed an affidavit of venue concurrently with this complaint.

## FOURTH CAUSE OF ACTION

### Breaches of Express Warranties,

### Cal. Com. Code § 2313(1)

### (By the California Class)

197.   Plaintiffs Testone and Shanks reallege and incorporate the allegations elsewhere in the Complaint as if set forth in full herein.

198.   Through the Barlean's Coconut Oil Products' labeling claims listed below, Barlean's made affirmations of fact or promises, or description of goods, that, *inter alia*, the Products are healthful when consumed:

   a)  "Nature's Most Versatile Superfood";

b) "COCONUT OIL: A SMART FAT";

c) "A natural source of medium chain triglycerides (MCTs) coconut oil boosts the metabolism, supports the heart and immune system and provides quick energy"

d) "Harvested at the Peak of Flavor and Nutrition";

e) "Harvested at the peak of flavor and nutritional value";

f) "Coconut Oil Nutrition[:] -Contains Lauric Acid, Caprylic Acid, & Capric Acid -Natural Source of Medium Chain Triglycerides";

g) "Coconut Oil Nutrition[:] -Rich in Lauric Acid & Caprylic Acid  -Great Source of Medium Chain Triglycerides";

h) "The ultimate cooking oil for health-conscious gourmets. As versatile as it is delicious, Barlean's Organic Culinary Coconut Oil is ideal for sautéing, stir-frying and baking, or as a dairy-free butter substitute";

i) "NO TRANS FAT OR CHOLESTEROL";

j) "HEALTHY ALTERNATIVE TO BUTTER";

k) "All the health benefits of coconut oil, now with the rich flavor of butter";

l) "No Trans or Hydrogenated Fats";

m) "Cholesterol Free";

n) "THE HEALTH BENEFITS OF COCONUT OIL, THE RICH TASTE OF BUTTER";

o) "SUB 1:1 FOR BUTTER";

p) "we're bringing a whole new flavor to healthy eating";

q) "Our butter flavored coconut oil has all the healthy MCTs of our regular organic coconut oil, with a rich, buttery taste";

r) "No cholesterol, trans fats or hydrogenated fats"; and

s) "Substitute 1:1 for butter".

199.   These and other representations were "part of the basis of the bargain," in that Plaintiffs and the Class purchased the Products in reasonable reliance on those statements. Cal. Com. Code § 2313(1).

200.   Barlean's breached its express warranties by selling Products that are not healthy, not healthier than butter or other oils, and that negatively affects blood cholesterol levels, increasing risk of CHD, stroke, and other morbidity.

201.   That breach actually and proximately caused injury in the form of the lost purchase price that Plaintiffs and Class Members paid for Barlean's Coconut Oil Products.

202.   Plaintiffs seek, on behalf of themselves and other Class Members, their actual damages arising as a result of Barlean's breaches of express warranty.

**FIFTH CAUSE OF ACTION**

**Breach of Implied Warranty of Merchantability,**

**Cal. Com. Code § 2314**

**(By the California Class)**

203.   Plaintiffs reallege and incorporate the allegations elsewhere in the Complaint as if set forth in full herein.

204.   Barlean's, through its acts set forth herein, in the sale, marketing, and promotion of Barlean's Coconut Oil Products, made representations to Plaintiffs and the Class that, among other things, the Products are healthful, specifically through the labeling promises listed in paragraph 198.

205.   Barlean's is a merchant with respect to the goods of this kind which were sold to Plaintiffs and the Class, and there was, in the sale to Plaintiffs and other consumers, an implied warranty that those goods were merchantable in that they conformed to the promises on the labeling.

206.   However, Barlean's breached that implied warranty in that Barlean's Coconut Oil Products are not healthy, not healthier than butter or other oils, and negatively affect cholesterol levels, increasing risk of CHD and stroke, as set forth in detail herein.

207.   As an actual and proximate result of Barlean's conduct, Plaintiffs and the Class did not receive goods as impliedly warranted by Barlean's to be merchantable in that they did not conform to promises and affirmations made on the container or label of the goods.

208.   Plaintiffs and the Class have sustained damages as a proximate result of the foregoing breach of implied warranty in the amount of Barlean's Coconut Oil Products' purchase price.

209.   Plaintiffs seek, on behalf of themselves and other Class Members, their actual damages arising as a result of Barlean's breaches of implied warranty.

**SIXTH CAUSE OF ACTION**

**Unfair and Deceptive Business Practices,**

**N.Y. Gen. Bus. L. § 349**

**(By the New York Class)**

210.   New York Plaintiff, Lamartine Pierre, realleges and incorporates the allegations elsewhere in the Complaint as if fully set forth herein.

211.   Barlean's conduct constitutes deceptive acts or practices or false advertising in the conduct of business trade or commerce or in the furnishing of services in New York which affects the public interest under N.Y. Gen. Bus. L. § 349.

212.   As alleged herein, Barlean's engaged in deceptive acts and practices by advertising, marketing, distributing, and selling the Coconut Oil Products with false or misleading claims and representations as well as by additional deceptive omissions in light of the representations made.

213.   As alleged herein, by misbranding the Products, Barlean's engaged in unlawful and deceptive acts and practices.

214.   Barlean's conduct was materially misleading to Plaintiffs and the Class. During the Class Period, Barlean's carried out a plan, scheme and course of conduct which was consumer oriented.

215.   As a direct and proximate result of Barlean's violation of N.Y. Gen. Bus. L. § 349, Plaintiff and the New York Class were injured and suffered damages.

216.   The injuries to Plaintiff and the New York Class were foreseeable to Defendant and, thus Barlean's actions were unconscionable and unreasonable.

217.   Barlean's is liable for damages sustained by Plaintiff and the New York Class to the maximum extent allowable under N.Y. Gen. Bus. L. § 349, including statutory and actual damages.

218.   On behalf of himself and other members of the New York Class, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover actual damages or fifty dollars per violation, whichever is greater, three times actual damages for knowing and willful violations, and reasonable attorneys' fees.

## SEVENTH CAUSE OF ACTION

### False Advertising,

### N.Y. Gen. Bus. L. § 350

### (By the New York Class)

219.   Plaintiff Lamartine Pierre realleges and incorporates the allegations elsewhere in the Complaint as if fully set forth herein.

220.   Barlean's has engaged and is engaging in consumer-oriented conduct which is deceptive or misleading in a material way, constituting false advertising in the conduct of any business, trade, or commerce, in violation of N.Y. Gen. Bus. L. § 350.

221.   As a result of Barlean's false advertising, Plaintiff and the New York Class have suffered and continue to suffer substantial injury, including damages, which would not have occurred but for the false and deceptive advertising, and which will continue to occur unless Defendant is permanently enjoined by this Court.

222.   On behalf of himself and other members of the New York Class, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover to the maximum extent permitted by law actual, statutory, and punitive damages, and reasonable attorneys' fees.

## EIGHTH CAUSE OF ACTION
### Breach of Express Warranty
### N.Y. U.C.C. § 2-313
### (By the New York Class)

223.   Plaintiff Lamartine Pierre realleges and incorporates the allegations elsewhere in the Complaint as if fully set forth herein.

224.   In selling the Barlean's Coconut Oil Products to Plaintiff and Class Members, Barlean's made an affirmation of fact or promise that the Products were healthy, or at least would not detriment health, listed in paragraph 198, which formed part of the basis of the bargain. Barlean's thus expressly warranted the goods sold.

225.   The Products do not live up to these affirmations of fact, promises, and descriptions, causing the breach of warranty when Plaintiff and other consumers purchased them.

226.   That breach actually and proximately caused injury in the form of the lost purchase price that Plaintiff and the Class paid for the Products.

227.   Plaintiff, on behalf of himself and the New York Class, seeks actual damages for Barlean's breach of warranty.

228.   Barlean's was sent notice, via certified mail, of its breaches of warranties on October 18, 2018.

### **PRAYER FOR RELIEF**

229.   Wherefore, Plaintiffs, on behalf of themselves, all others similarly situated and the general public, pray for judgment against Barlean's as to each and every cause of action, and the following remedies:

A.   An Order declaring this action to be a proper Class action, appointing Plaintiffs as Class representatives, and appointing undersigned counsel as Class counsel;

B.   An Order requiring Barlean's to bear the cost of Class notice;

C.   An Order compelling Barlean's to conduct a corrective advertising campaign;

D.   An Order compelling Barlean's to destroy all misleading and deceptive advertising materials and product labels, and to recall all offending Products;

E.   An Order requiring Barlean's to disgorge all monies, revenues, and profits obtained by means of any wrongful act or practice;

F.   An Order requiring Barlean's to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, or untrue or misleading advertising, plus pre-and post-judgment interest thereon;

G.   An Order requiring Barlean's to pay actual, compensatory, statutory, and punitive damages to the maximum extent permitted by law;

H.   An award of attorneys' fees and costs; and

I.   Any other and further relief that Court deems necessary, just, or proper.

## JURY DEMAND

230.   Plaintiffs hereby demand a trial by jury on all issues so triable.


Dated: January 24, 2019            /s/ Paul K. Joseph
                                   **THE LAW OFFICE OF PAUL K. JOSEPH, PC**
                                   PAUL K. JOSEPH
                                   *paul@pauljosephlaw.com*
                                   4125 W. Point Loma Blvd., No. 309
                                   San Diego, CA 92110
                                   Phone: (619) 767-0356
                                   Fax: (619) 331-2943

                                   **THE LAW OFFICE OF JACK FITZGERALD, PC**
                                   JACK FITZGERALD
                                   *jack@jackfitzgeraldlaw.com*
                                   TREVOR M. FLYNN
                                   *trevor@jackfitzgeraldlaw.com*
                                   MELANIE PERSINGER
                                   *melanie@jackfitzgeraldlaw.com*

*Testone et al. v. Barlean's Organic Oils, LLC*
CLASS ACTION COMPLAINT

Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555

***Counsel for Plaintiffs and the Proposed Class***

*Testone et al. v. Barlean's Organic Oils, LLC*
CLASS ACTION COMPLAINT