MARYLIN JENKINS (SBN 89832)
MARYLIN JENKINS ATTORNEY AT LAW PC
4688 W Tangerine Rd No. 6206
Marana AZ  85658
mjattypc@gmail.com
Tel: (415) 450-8083
Fax: (415) 785-7410

Attorneys for Defendant
BARLEAN'S ORGANIC OILS, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TESTONE, COLLIN SHANKS, and LAMARTINE PIERRE, on behalf of themselves, all others similarly situated, and the general public,<br><br>            Plaintiffs,<br><br>vs.<br><br>BARLEAN'S ORGANIC OILS, LLC,<br><br>            Defendant. | Case No. 19CV0169 JLS BGS<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S EX PARTE APPLICATION TO STAY CASE UNTIL DEFENDANT'S MOTION TO DISQUALIFY HAS BEEN DECIDED**<br><br>  [TO BE SUBMITTED]<br><br>Judge: Hon. Janis L. Sammartino<br>Magistrate: Hon. Bernard G. Skomal |

Defendant Barlean's Organic Oils, LLC ("Barlean's") hereby submits its Memorandum of Points and Authorities in support of its ex parte application for a stay of this case until its Motion to Disqualify Plaintiffs and to Disqualify Plaintiffs' Counsel [ECF 50] ("the Motion to Disqualify") has been heard on July 9, 2020, and determined by the Court.

## 1. INTRODUCTION

The Motion to Disqualify is made on the following grounds:

1. Each of the plaintiffs made material false statements in his deposition.

2. None of the named plaintiffs is therefore an adequate representative for the putative classes each claims to represent;

3. Plaintiffs' counsel, knowing that plaintiffs' statements were false, failed to correct or otherwise remedy those false statements; or, being unable to convince plaintiffs to correct the false statements, resign from the representation of plaintiffs.

4. Plaintiffs' counsel thus violated Rules 1.2 and 3.3 of the California Rules of Professional Conduct, and are therefore not adequate counsel for the putative classes in this matter.

The scheduling order currently in place in this matter [ECF 43]requires that Barlean's produce witness(es) for 30(b)(6) depositions by June 16, 2020. The current discovery cutoff is June 24, 2020 , and the deadline for filing the motion for class certification is July 24, 2020.

If this case is not stayed pending determination of the Motion to Disqualify:

1.  many of the same arguments will need to be repeated in the motion for class certification process, wasting both the Court's time and the parties' resources;

2.  the parties will have to retain and prepare expert witnesses for the purposes of the class certification process, all of which may have to be redone with new plaintiffs, and with entirely new work by those experts;

3.  the discovery cutoff will have to be reset so that Barlean's will be able to take the depositions of substitute plaintiffs, if current plaintiffs are subsequently disqualified; and,

4.  if new counsel is required, the 30(b)(6) depositions may be noticed again, even if as individual witnesses.

Barlean's respectfully requests that this matter should be stayed while the Court decides the Motion to Disqualify so that the continued 30(b)(6) deposition of defendant, the discovery cutoff, and the filing of the motion for class certification are held in abeyance until the Court determines whether this matter may proceed with present plaintiffs and/or present counsel.

## II.  LEGAL STANDARD AND ARGUMENT

While the Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending, Courts have broad discretionary power to control discovery. *GTE Wireless, Inc.   v. Qualcomm, Inc*., 192 F.R.D. 284, 287, fn. 3 (S.D. Cal. 2000) ) ("The Ninth Circuit Court of Appeals has stated that 'the District Court has wide discretion in controlling discovery. Such rulings will not be overturned [by the Ninth Circuit] unless there is a clear abuse of discretion.' ...); *Little v. City of Seattle*, 86 F.2d 681, 685 (9th Cir.1988). When deciding whether to grant a stay of discovery, the Court is guided by the objectives of Fed. R. Civ. P. 1 that ensures a "just, speedy, and inexpensive determination of every action." *KorMedia Group*, 294 F.R.D. 579 at 581 (Dist. Nev. 2013).

The Court may grant a motion to stay discovery when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *KorMedia Group*, *supra*, 294 F.R.D. at 581.

While the Motion to Disqualify is not dispositive, per se, it is, if granted, dispositive of the current posture of this matter. New plaintiffs would have to be substituted as class representatives, and discovery concerning those new plaintiffs would have to reset the scheduling order. New counsel would have to be substituted, who may well wish to do additional discovery.

The Motion to Disqualify does not require additional discovery for a ruling. It has been filed, and is scheduled to proceed. And, Barlean's respectfully suggests that, if the Court were to take "a peek" at that motion, it would be inclined to be convinced that the material lack of veracity of plaintiffs, and the apparent complicity in that lack of veracity by plaintiffs' counsel, make it unlikely that this case will proceed as it is currently configured. To finish this matter as if it were to go forward as is, rather than halting its progress until the Motion to Disqualify can be decided, is, frankly, as waste of the Court's time.

If the Court determines that plaintiffs' counsel should be disqualified as class counsel, Barlean's also runs the risk that new counsel will want to re-depose these witnesses, which it could do in their individual capacity, even if their depositions were already taken as 30(b)(6) witnesses.

Further, if plaintiffs are replaced as class representatives, Barlean's should have the opportunity to depose the new representatives. The scheduling order would

have to be modified to allow for this, in any event, if the Motion to Disqualify is granted.

The same arguments made in the Motion to Disqualify concerning adequacy of plaintiffs as class representatives have to will be made in Barlean's opposition to the motion for class certification, as well as other arguments about commonality and typicality. That opposition will be due two weeks before the hearing on the motion for class certification, which will be filed on July 24, 2020. If this matter is not stayed, the Court will have to examine those same issues in the context of class certification, possibly before it has ruled on the Motion to Disqualify.   This will be an inefficient use of the Court's time and resources. In addition, the parties will have to prepare for the class certification process, including the retention and preparation of expert witnesses, based on plaintiffs who may not survive the Motion to Disqualify.

The only schedule which makes sense for the Court's time and resources, and the parties' resources, is for the Motion to Disqualify to be decided before the motion for class certification, Barlean's requests that this matter be stayed pending the Court's decision on this motion to disqualify.

Additionally, it should be noted that the June 16, 2020, deadline for the 30(b)(6) depositions is in doubt, even in the absence of this motion. While plaintiffs' counsel might indicate their willingness to take the deposition(s) remotely, it is virtually impossible for defense counsel to prepare Barlean's witness(s) to testify on the second tranche of documents produced (estimated at some 25,000 documents) over the phone or by videoconference. John Puckett, who testified in the initial 30(b)(6) deposition for Barlean's, has left the company, and even if Barlean's can persuade him to participate in a second session, it will be at his and his new employer's convenience, or via subpoena. Other Barlean's employees may be able

to fill the gap, so to speak, but Barlean's counsel will have to have some direction from plaintiffs' counsel about on which of the 25,000 they wish to question the deponent(s) so that responsive representatives can be identified and prepared [Jenkins Decl. ¶¶ 7, 9, 10, 11].

Courts have recently stated that where the deposition will involve a voluminous amount of documents, it can be unduly prejudicial for a deposition to proceed. Some courts have refused to order remote depositions on this basis. See, e.g., *Webb v. Green Tree Servicing LLC*, 283 F.R.D. 276, 280 (D. Md. 2012) ("Courts have held that the existence of voluminous documents which are central to a case, and which the party intends to discuss with the deponent, may preclude a telephonic deposition."); *In re Fosamax Prods. Liab Litig*., 2009 WL 539858 at *2(S.D.N.Y. Mar. 4, 2009) ("He is likely to be presented with numerous documents .. . , making anything other than a face-to-face deposition unwieldy."); *Willis v. Mullins*, 2006 WL 894922, at *3 (E.D. Cal. April 4, 2006) (requiring in-person deposition in light of "unreasonable restraints" of video conferencing, "especially concerning the review and use of documents"); *Silva Run Worldwide, Ltd. v. Gaming Lottery Corp*., 2003 WL 23009989, at *2 (S.D.N.Y. Dec. 23, 2003) (rejecting telephonic or video deposition because of importance of testimony and volume of documents). Even if the deposition does proceed, the parties will want to carefully consider the most efficient and beneficial way to provide the deponent with the exhibits, including considering the disadvantages of providing exhibits to a deponent in advance and allowing him or her to review the documents before providing testimony.

Barlean's counsel is in a high risk group for Covid-19 mortality, and is reluctant to travel to Seattle and/or San Francisco for such deposition(s) while "stay

at home" orders are still in effect [Jenkins Decl. ¶ 7].  Plaintiffs' counsel has refused, however, to agree to ask the Court for a continuance of the 30(b)(6) deposition, the discovery cutoff, and the date for filing the motion for class certification for even 30 days [Jenkins Decl. ¶ 7].

In *Elsherif v. Mayo Clinic*, 2020 WL 1441959 at *1 (D. Minn. Mar. 24, 2020), the Court noted the "extraordinary" impact of working remotely, and found a clear showing of good cause existed to extend the discovery deadline where counsel argued he must avoid traveling to protect himself and other high-risk family members from potential exposure to the virus.

In addition, in *Shibata v. Swingle*, 2018 WL 4522050 at *2 (N.D.N.Y. Feb 26, 2018), the Court held that "the party requesting a deposition via remote means bears the burden of demonstrating good cause."  Plaintiffs' counsel, who are apparently unwilling to travel themselves, have thus far not demonstrated the same concern for defense counsel.  If there is good cause for plaintiffs' counsel to not travel, there is good cause for defense counsel not to travel.

If the Court denies this ex parte application for a stay, Defendant will need to return with a motion for a protective order with respect to the 30(b)(6) deposition, to protects its rights to adequately prepare its witnesses, and to protect the health of its counsel.

### III.  CONCLUSION AND REQUEST FOR RELIEF

The Motion to Disqualify will be heard by the Court on July 9, 2020.   The motion for class certification will be filed on July 24, 2020.  The Court should not have to decide both of these motions at the same time.  If it grants the Motion to Disqualify, it will not have to consider the class certification at all, at least at this time, and with these parties.

It is far more efficient for both the Court and the parties to have the remainder of the discovery and the class certification process stayed until the Court determines whether this case should proceed with the current plaintiffs and the current plaintiffs' counsel.

For these reasons, Barlean's respectfully requests that the Court enter its Order staying Barlean's 30(b)(b) deposition, the discovery cutoff date, and the date for filing the motion for class certification. If the Court ultimately denies the Motion to Disqualify, these dates can be immediately reset, with very little time lost. If the Court grants the Motion to Disqualify, then the 30(b)(6) deposition and the class certification process will not have to be redone.

DATED:      May 26, 2020          Respectfully submitted,

_____
Marylin Jenkins
Attorneys for Defendant
BARLEAN'S ORGANIC OILS, LLC