MARYLIN JENKINS (SBN 89832)
MARYLIN JENKINS ATTORNEY AT LAW PC
4688 W Tangerine Rd No. 6206
Marana AZ  85658
mjattypc@gmail.com
Tel: (415) 450-8083
Fax: (415) 785-7410

Attorneys for Defendant
BARLEAN'S ORGANIC OILS, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TESTONE, COLLIN SHANKS, and LAMARTINE PIERRE, on behalf of themselves, all others similarly situated, and the general public,<br><br>  Plaintiffs,<br><br>vs.<br><br>BARLEAN'S ORGANIC OILS, LLC,<br><br>  Defendant. | Case No. 19CV0169 JLS BGS<br><br>CLASS ACTION<br><br>**DECLARATION OF MARYLIN JENKINS IN SUPPORT OF DEFENDANT'S EX PARTE APPLICATION TO STAY CASE**<br><br>[TO BE SUBMITTED]<br><br>Judge: Hon. Janis L. Sammartino<br>Magistrate: Hon. Bernard G. Skomal |

Marylin Jenkins, being duly sworn, states as follows:

1. I am an attorney duly admitted to practice before this Court.

**DECLARATION OF MARYLIN JENKINS IN SUPPORT OF DEFENDANT'S EX PARTE APPLICATION TO STAY CASE**
1

2. I am counsel of record for Petitioner Barlean's Organic Oils, LLC("Barlean's) in this matter, and am familiar with all of the files and documents in this case. The following facts are true of my own knowledge, and, if called as a witness herein, I could and would testify competently thereto.

3. Plaintiffs brought this case against Barlean's, based on claims for violations of Cal. Bus. & Prof. Code §§17200 et seq.(unfair competition); Cal. Bus.& Prof. Code §§17500 et seq. (false advertising); Cal. Civ. Code §§ 1750 et seq.(deceptive practices); N.Y. Gen. Bus. L. § 349 (unfair and deceptive business practices) ; N.Y. Gen. Bus. L. § 350 (false advertising); and breach of express & implied warranties. These allegations are made in connection with Barlean's sales of its coconut oil products in New York and California.

4. 4. On May 18, 2020, Barlean's filed its Motion to Disqualify Plaintiffs as Class Representatives and to Disqualify Plaintiffs' Counsel as Class Counsel [ECF 50] ("the Motion to Disqualify").  The Motion to Disqualify is set for hearing before Judge Sammartino on July 9, 2020, at 1:30 p.m.

5. The scheduling order currently in place in this matter [ECF 43] requires that Barlean's produce witness(es) for 30(b)(6) depositions, on Barlean's second production of documents, by June 16, 2020.  Barlean's has already produced documents on May 25, 2020, in accordance with the scheduling order.

6. The current discovery cutoff is June 24, 2020 , and the deadline for filing the motion for class certification is July 24, 2020.

7. I spoke with Paul Joseph, one of the attorneys for the plaintiffs in this

**DECLARATION OF MARYLIN JENKINS IN SUPPORT OF DEFENDANT'S EX PARTE APPLICATION TO STAY CASE**

2

matter on May 22, 2020. I requested that we ask the Court to continue the deadlines for the 30(b)(6) deposition, the discovery cutoff, and the deadline for filing the motion for class certification for 30 days. I explained that Barlean's original 30(b)(6) witness, John Puckett, had left the company, and that it was likely that new witnesses would have to be identified. I explained the difficulty of preparing new 30(b)(6) witnesses for depositions on 25,000 new documents, let alone via teleconference. I advised him that I was in a high risk group for Covid-19 morbidity because of my age, chronic asthma, and history of pneumonia, and did not want to travel. I advised him that it would be more efficient for both the Court and the parties if the Motion to Disqualify were decided by the Court before the 30(b)(6) deposition, the discovery cutoff, or the deadline for the filing of the motion for class certification. Mr. Joseph would not agree to ask the Court to either stay or continue these dates until the Court decides the Motion to Disqualify, or even for 30 days.

8. I exchanged emails with Mr. Fitzgerald at 12:30 on May 26, 2020, and told him that I would be filing this ex parte application. He advised me that he would oppose the application.

9. I have been involved in the review of Barlean's second batch of documents for responsiveness and privilege. Over 165,000 documents were identified for this review by Barlean's outside discovery contractor. Approximately 25,000 of those documents were produced to plaintiffs' counsel on May 25, 2020.

10. While plaintiffs' counsel have indicated their willingness to take the 30(b)(6) deposition(s) remotely, it is my professional opinion, based on

**DECLARATION OF MARYLIN JENKINS IN SUPPORT OF DEFENDANT'S EX PARTE APPLICATION TO STAY CASE**

3

over 40 years of litigation practice, that it is virtually impossible for me to prepare Barlean's witness(es) to testify on this second tranche of documents over the phone or by videoconference, particularly when I have not met them previously. As this session of the 30(b)(6) deposition is limited to questioning on the documents produced to plaintiffs on May 25, 2020, I will have to have some direction from plaintiffs' counsel about on which of the 25,000 documents they wish to question the deponent(s) so that responsive representatives can be finally identified and prepared, and I do not know when such direction may be forthcoming. At this point, I believe that 3 Barlean's witnesses will have to take the place of Mr. Puckett if he is not available, but again, it depends upon the areas of questioning anticipated by plaintiffs' counsel.

11. I have attempted to reach Mr. Puckett, through Barlean's general counsel, to ascertain his willingness to testify, but have received no response as of the filing of this application.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 26th day of May, 2020, at Marana, Arizona.

_____
MARYLIN JENKINS

**DECLARATION OF MARYLIN JENKINS IN SUPPORT OF DEFENDANT'S EX PARTE APPLICATION TO STAY CASE**
4