UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TESTONE, COLLIN SHANKS, and LAMARTINE PIERRE, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>BARLEAN'S ORGANIC OILS, LLC,<br><br>Defendant. | Case No.: 19-CV-169 JLS (BGS)<br><br>**ORDER GRANTING DEFENDANT'S EX PARTE APPLICATION TO STAY CASE UNTIL DEFENDANT'S MOTION TO DISQUALIFY HAS BEEN DECIDED**<br><br>(ECF No. 52) |

Presently before the Court is Defendant Barlean's Organic Oils, LLC's Ex Parte Application to Stay Case Until Defendant's Motion to Disqualify Has Been Decided ("*Ex Parte* App.," ECF No. 52), as well as Plaintiffs Michael Testone, Collin Shanks, and Lamartine Pierre's Opposition to ("Opp'n," ECF No. 53) and Defendant's Reply in Support of ("Reply," ECF No. 54) the *Ex Parte* Application. Having carefully reviewed the Parties' arguments and evidence and the relevant law, the Court **GRANTS** Defendant's *Ex Parte* Application.

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for

itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This power to stay proceedings includes the discretion to grant stays "pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). Moreover, "[t]his rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.* at 863–64 (citations omitted).

The inherent power of district courts to grant stays "calls for the exercise of sound discretion," by which a court must weigh the competing interests of the parties that would be affected by a grant or denial of a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The Ninth Circuit has identified three competing interests that warrant the closest examination in this analysis: (1) the hardship or inequity upon the non-moving party that would result from granting the stay, (2) the hardship or inequity upon the moving party in being required to go forward after denial of the stay, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law that could be expected to result from a stay. *Id.*; *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

The Court must balance the "possible damage [to the Plaintiffs] which may result from the granting of a stay," with "the hardship or inequity which [Defendant] may suffer in being required to go forward." *CMAX*, 300 F.2d at 268. Additionally, "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997); *Landis*, 299 U.S. at 255). If there is "even a fair possibility that the stay for which [Defendant] prays will work damage to someone else," then Defendant must show "a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

/ / /

/ / /

## ANALYSIS

Defendant's Motion: 1. to Disqualify Named Plaintiffs and Class Representatives; 2. to Disqualify Plaintiffs' Attorneys as Class Counsel; and 3. for Stay of Action Pending Determination by Court ("Disqualification Mot.," ECF Nos. 50–51) is set to be heard on July 9, 2020. In the meantime, "[t]he scheduling order currently in place in this matter [ECF 43] requires that Barlean's produce witness(es) for 30(b)(6) depositions by June 16, 2020," while "[t]he current discovery cutoff is June 24, 2020, and the deadline for filing the motion for class certification is July 24, 2020." *Ex Parte* App. at 2. Urging that "[i]t is far more efficient for both the Court and the parties to have the remainder of the discovery and the class certification process stayed until the Court determines whether this case should proceed with the current plaintiffs and the current plaintiffs' counsel," *id.* at 8, "Barlean's respectfully requests that the Court enter its Order staying Barlean's 30(b)(b) deposition, the discovery cutoff date, and the date for filing the motion for class certification." *Id.*

Plaintiffs oppose, urging that Defendant has failed to demonstrate that it is entitled to relief on an *ex parte* basis and that Defendant applies the wrong legal standard for the requested stay. *See generally* Opp'n. Specifically, Plaintiffs note that, "while Barlean's may *like* to stay the case pending resolution of its motion to disqualify, none of these complaints constitute irreparable prejudice to Barlean's." *See id.* at 2 (emphasis in original). Further, "Barlean's argument that the voluminous number of documents make it prejudicial to proceed with the 30(b)(6) deposition is meritless" because "Barlean's counsel knew since at least April 20, 2020 that the documents were voluminous" and "the ongoing pandemic, which precludes in-person depositions for the foreseeable future, does not render preparing a witness remotely prejudicial." *See id.* at 3 (citing *Grano v. Sodexo Mgmt.*, Nos. 18cv1818-GPC(BLM) et al., 2020 WL 1975057, at *3 (S.D. Cal. Apr. 24, 2020)). Plaintiffs also argue that Defendant fails to meet its burden of demonstrating that a stay is necessary because it applies the standard for a stay of discovery pending resolution of a dispositive motion rather than the proper standard in *Landis*. *See* Opp'n at 4–5.

Defendant replies that it has established entitlement to *ex parte* relief because counsel has complied with Civil Local Rule 83.3(g)(2), *see* Reply at 1–2, and, "[i]f Defendant were required to bring this application for a stay on a regularly noticed basis, it would not have been able to have the application heard until at least June 23, 2020 (Local Rule 7.1 (e)(1), requiring 28 days)[, b]y [which] time, the 30(b)(6) deposition deadline would have passed, and only 2 days would remain before the discovery cutoff." *Id.* at 2. "In addition, both parties would be well into their preparation for the class certification process." *Id.* Second, "Defendant's counsel is forced with the choice of either travelling during the Covid-19 period, in order to properly prepare Defendant's witnesses, or to put herself first, and do a necessarily inadequate job of preparing the witnesses via teleconference or telephone." *Id.* at 3. "Third, . . . [i]f the class certification process is not stayed pending the Court's decision on the Motion to Disqualify, those same arguments [regarding the adequacy of Plaintiffs and their counsel] will have to be made, and considered by the Court, a second time[, which] . . . is not protective of the Court's time and resources." *Id.* at 4.  "Finally, Defendant should be able to oppose the class certification motion based on the identity of the plaintiffs who will actually represent the putative classes." *Id.*  As for the legal standard, "it is well recognized that a court may, in its discretion, stay civil proceedings when the interests of justice so require." *Id.* at 5 (citing *Keating v. Office of Thrift Supervision* (9th Cir. 1995) 45 F.3d 322, 324.

As an initial matter, the Court concludes that Defendant adequately has demonstrated entitlement to *ex parte* relief, even though compliance with the Local Rules is a prerequisite, not a substitution, for the additional requirements for *ex parte* relief articulated in the case law.  Here, Defendant's counsel first discovered the grounds for the Disqualification Motion on May 8, 2020, *see* ECF No. 50-2 ¶ 37, and expeditiously filed the initial request for a stay on May 18, 2020, *see* ECF No. 50, which the Court set to be heard on July 9, 2020.  Given the pendency of discovery and class certification deadlines that may need to be needlessly reduplicated by the Disqualification Motion, Defendant reiterated her request on an *ex parte* basis on May 26, 2020.  *See* ECF No. 52.  In short,

Defendant adequately has addressed "why the regular noticed motion procedures must be bypassed." *See* Opp'n at 2 (quoting *Raiser v. Casserly*, No. 18cv1836 JLS (AHG), 2020 U.S. Dist. LEXIS 18201, at *2 (S.D. Cal. Feb. 3, 2020)).

As for the merits of Defendant's requested stay, the Court agrees that the interests of the Parties and the orderly course of justice favor a brief stay pending resolution of Defendant's pending Disqualification Motion.  While there is no "*per se* rule that a pending motion for disqualification warrants a general stay of all proceedings," *see Allstate Ins. Co. v. Belsky*, No. 215CV02265MMDCWH, 2017 WL 9434415, at *1 (D. Nev. June 22, 2017), here "[s]taying discovery will avoid the possibility that the parties will unnecessarily expend time and resources conducting discovery." *See IPVX Patent Holdings, Inc. v. 8X8, Inc.*, No. C 13-01707 SBA, 2013 WL 6000590, at *2 (N.D. Cal. Nov. 12, 2013).  Further, "th[e disqualification] issue needs to be resolved because it bears upon whether [potentially conflicted] counsel can represent [potentially conflicted named plaintiffs] at any future" point in these proceedings. *See Am. GNC Corp. v. LG Elecs. Inc.*, No. 17-CV-01090-BAS-BLM, 2018 WL 1250876, at *4 (S.D. Cal. Mar. 12, 2018). Finally, "[t]he court is not aware of any prejudice that would result to [Plaintiff]s from granting [Defendant's] requested stay, which is not likely to last longer than" a couple months. *See Nat'l Grange of Order of Patrons of Husbandry v. Guild*, No. CV 2:16-201 WBS DB, 2017 WL 1397242, at *1 (E.D. Cal. Apr. 4, 2017).  Because the potential hardship to Defendant absent a brief stay exceeds that to Plaintiffs caused by the requested stay and because a brief stay would better serve the orderly course of justice by minimizing the risk of needless duplication and expense for both the Parties and the Court, the Court concludes that Defendant has carried its burden of demonstrating that the circumstances justify an exercise of the Court's discretion to stay this action.

///
///
///
///

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's *Ex Parte* Application. Accordingly, the Court **STAYS** this action as to all matters except Defendant's pending Disqualification Motion. The stay **SHALL BE LIFTED** upon the docketing of an Order on the Disqualification Motion.

**IT IS SO ORDERED.**

Dated: May 29, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge