**THE LAW OFFICE OF**
**PAUL K. JOSEPH, PC**
PAUL K. JOSEPH (SBN 287057)
*paul@pauljosephlaw.com*
3150 Cabrillo Bay Ln.
San Diego, CA 92110
Phone: (619) 767-0356
Fax: (619) 331-2943

**THE LAW OFFICE OF**
**JACK FITZGERALD, PC**
JACK FITZGERALD (SBN 257370)
*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN (SBN 253362)
*trevor@jackfitzgeraldlaw.com*
MELANIE PERSINGER (SBN 275423)
*melanie@jackfitzgeraldlaw.com*
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 353-0404

*Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TESTONE, COLLIN SHANKS, and LAMARTINE PIERRE, on behalf of themselves, all others similarly situated, and the general public,<br><br>        Plaintiffs,<br><br>vs.<br><br>BARLEAN'S ORGANIC OILS, LLC,<br><br>        Defendant. | Case No: 3:19-cv-00169-JLS-BGS<br><br>**DECLARATION OF JACK FITZGERALD IN SUPPORT OF PLAINTIFFS' RULE 11 MOTION FOR SANCTIONS**<br><br>Judge:    Hon. Janis. L. Sammartino<br>Date:    July 30, 2020, 1:30 p.m.<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |

I, Jack Fitzgerald declare as follows:

1.      I am a member in good standing of the State Bars of California and New York; and of the United States District Courts for the Northern, Central, Southern Districts of California, the Southern and Eastern Districts of New York, and the Western District of Wisconsin; and of the United States Court of Appeals for the Second, Eighth, and Ninth Circuits. I make this Declaration in support of Plaintiffs Rule 11 Motion for Sanctions, relating to Barlean's Motion to Disqualify Counsel and Plaintiffs (Dkt. No. 50, the "Disqualification Motion").

2.      On May 28, I served on Barlean's Plaintiffs' Rule 11 Motion, including a Notice of Motion, this Fitzgerald Declaration, and a Proposed Order, identical to those now being filed, by emailing copies of the same to its counsel, Marylin Jenkins.

3.      The specific statements in Barlean's Disqualification Motion that Plaintiffs assert are frivolous, are the following, arranged into five categories.

**(A)      General assertions of wrongdoing.**

| Dkt. | Document | Page or Paragraph | Frivolous Factual Contention |
|------|----------|-------------------|------------------------------|
| 50 | Notice of Motion | 2 | "Each of the plaintiffs made material false statements in his deposition." |
| 50 | Notice of Motion | 2 | "Plaintiffs' counsel, knowing that plaintiffs' statements were false, [and] failed to correct or otherwise remedy those false statements . . . ." |
| 50 | Notice of Motion | 2 | "Plaintiffs' counsel thus violated Rules 1.2 and 3.3 of the California Rules of Professional Conduct . . . ." |
| 50-1 | Memorandum | 6 | "Each of the named plaintiffs has testified untruthfully in this case . . . ." |

*Testone v. Barlean's Organic Oils, LLC*, No. 19-cv-00169-JLS-BGS
DECLARATION OF JACK FITZGERALD IN SUPPORT OF PLAINTIFF'S RULE 11 MOTION FOR SANCTIONS

| Dkt. | Document | Page or Paragraph | Frivolous Factual Contention |
|------|----------|-------------------|------------------------------|
| 50-1 | Memorandum | 6 | Plaintiffs' attorneys "Fitzgerald and Joseph were aware of plaintiffs' false testimony at the time of their depositions" or "at least . . . by December, 2019 . . . ." |
| 50-1 | Memorandum | 6 | "Joseph and Fitzgerald have violated California Rules of Professional Conduct, Rules [sic] 1.2 (assisting in fraudulent conduct) and Rule 3.3 (failing to take reasonable remedial steps to correct false evidence)." |

**(B)      Assertions that Plaintiff Collin Shanks testified in another case that Jarrow was the only brand of coconut oil he had ever purchased.**

| Dkt. | Document | Page or Paragraph | Frivolous Factual Contention |
|------|----------|-------------------|------------------------------|
| 50-1 | Memorandum | 6 | "In the deposition plaintiff Shanks provided in the Jarrow Case, he testified that Jarrow brand coconut oil was the only coconut oil he purchased." |
| 51-1 | Amended Jenkins Declaration | ¶ 7 | "In the July 25, 2019, deposition Mr. Shanks provided in the Jarrow Case, he testified that Jarrow brand coconut oil was the only coconut oil he purchased[.]" |
| 51-1 | Amended Jenkins Declaration | ¶ 9 | "Less than 3 months after his deposition in the Jarrow Case, and in contrast to his testimony there, Mr. Shanks testified that he purchased both Jarrow brand coconut oil and Barlean's brand coconut oil[.]" |

| Dkt. | Document | Page or Paragraph | Frivolous Factual Contention |
|------|----------|-------------------|------------------------------|
| 51-1 | Amended Jenkins Declaration | ¶¶ 18-19 | "Barlean's is entitled to discover what other coconut oil brand labels plaintiffs reviewed and/or relied up, either before or at the same time that those plaintiffs were allegedly relying upon the Barlean's labels," and "Plaintiff Collin Shanks had already contradicted himself on this subject . . . ." |

**(C)**     Assertions that Plaintiffs LaMartine Pierre and Michael Testone "specifically denied" participating in the *Cumming v. BetterBody* settlement by making a claim.

| Dkt. | Document | Page or Paragraph | Frivolous Factual Contention |
|------|----------|-------------------|------------------------------|
| 50-1 | Memorandum | 4 | "Two of the three named plaintiffs in this case (Testone and Pierre) previously testified in his deposition that he had never participated in a class settlement for any other coconut oil case," while "[t]he third plaintiff (Shanks) was inadvertently not asked this direct question during his deposition[.]" |
| 50-1 | Memorandum | 7 | Plaintiff LaMartine Pierre "specifically denied in his deposition that he had participated in a settlement class for any other brand of coconut oil." |
| 50-1 | Memorandum | 7 | Plaintiff Michael Testone "participated in the settlement fund in the *Cumming v. BetterBody* case. He denied such participation in his deposition in this case." |
| 51-1 | Amended Jenkins Declaration | ¶ 14 | "[T]wo of the three plaintiffs in this case testified in deposition that they had not participated in class settlements for any other coconut oil brands." |

3

| Dkt. | Document | Page or Paragraph | Frivolous Factual Contention |
|---|---|---|---|
| 51-1 | Amended Jenkins Declaration | ¶ 37 | "[A]ll three of the plaintiffs in the instant case had previously participated in that [*Cumming v. BetterBody*] settlement, contrary to their assertions in their depositions that they had not participated in such settlement classes (Pierre and Testone) . . . ." |
| 50-1 | Memorandum | 5 | Plaintiffs' attorney Paul Joseph "heard Pierre testify that he had never participated in a class settlement for any other brand of coconut oil." |
| 51-1 | Amended Jenkins Declaration | ¶ 41 | Plaintiffs' attorney Paul Joseph "heard Pierre testify that he had never participated in a class settlement for any other brand of coconut oil." |
| 51-1 | Amended Jenkins Declaration | ¶ 42 | Plaintiffs' attorney Jack Fitzgerald "heard [Testone] testify that he had never participated in a class action settlement for any other brand of coconut oil." |

**(D)   Assertions that Plaintiffs could not recall other brands of coconut oil they had purchased.**

| Dkt. | Document | Page or Paragraph | Frivolous Factual Contention |
|---|---|---|---|
| 50-1 | Memorandum | 5 | "Each of the named plaintiffs in this case previously testified in his deposition that he could not recall of [sic] the name of any other coconut oil which he had purchased[.]" |
| 51-1 | Amended Jenkins Declaration | ¶ 11 | "LaMartine Pierre[] testified in his deposition that he had bought other brands of coconut oil besides Barlean's, but that he could not recall the names of those other brands." |

4

*Testone v. Barlean's Organic Oils, LLC*, No. 19-cv-00169-JLS-BGS
DECLARATION OF JACK FITZGERALD IN SUPPORT OF PLAINTIFF'S RULE 11 MOTION FOR SANCTIONS

| Dkt. | Document | Page or Paragraph | Frivolous Factual Contention |
|---|---|---|---|
| 51-1 | Amended Jenkins Declaration | ¶ 13 | "Michael Testone[] also testified in his deposition that he had bought other brands of coconut oil besides Barlean's, but that he could not recall the names of those other brands." |
| 51-1 | Amended Jenkins Declaration | ¶ 19 | "[P]laintiffs [Pierre and Testone] have stated that they have no recollection of the other brands they purchased." |

**(E)    Assertions that Plaintiffs' inability to recall other brands of coconut oil they had purchased were false.**

| Dkt. | Document | Page or Paragraph | Frivolous Factual Contention |
|---|---|---|---|
| 51-1 | Amended Jenkins Declaration | ¶ 37 | "[A]ll three plaintiffs in the instant case had previously participated in that [*Cumming v. BetterBody*] settlement, contrary to their assertions in their depositions that . . . they could not recall what other brands of coconut oil they had purchased (all 3 plaintiffs)." |
| 50-1 | Memorandum | 5 | Plaintiffs' attorney Paul Joseph "heard both Pierre and Shanks testify that they could not recall the name of any other brand of coconut oil they had purchased" and "did not intervene to correct this false testimony . . . ." |
| 51-1 | Amended Jenkins Declaration | ¶ 41 | Plaintiffs' attorney Paul Joseph "heard both Pierre and Shanks testify that they could not recall the name of any other brand of coconut oil they had purchased" and "did not intervene to correct this false testimony . . . ." |

*Testone v. Barlean's Organic Oils, LLC*, No. 19-cv-00169-JLS-BGS
DECLARATION OF JACK FITZGERALD IN SUPPORT OF PLAINTIFF'S RULE 11 MOTION FOR SANCTIONS

| Dkt. | Document | Page or Paragraph | Frivolous Factual Contention |
|------|----------|-------------------|------------------------------|
| 50-1 | Memorandum | 5 | Plaintiffs' attorney Jack Fitzgerald "heard [Testone] testify that he could not recall the name of any other brand of coconut oil he had purchased" and "did not intervene to correct this false testimony . . . ." |
| 51-1 | Amended Jenkins Declaration | ¶ 42 | Plaintiffs' attorney Jack Fitzgerald "heard [Testone] testify that he could not recall the name of any other brand of coconut oil he had purchased" and "did not intervene to correct this false testimony . . . ." |

4.      Attached hereto as <u>Exhibit 1</u> is a true and correct copy of excerpts from the transcript of the July 25, 2019 deposition of Colin Shanks for the matter of *Shanks v. Jarrow Formulas, Inc.*, No. 18-cv-9437 (C.D. Cal.) ("Shanks' *Jarrow* Dep. Tr.").

5.      Attached hereto as <u>Exhibit 2</u> is a true and correct copy excerpts from Barlean's Memorandum in Support of its Motion to Compel filed in the District Court of Minnesota (*Barlean's Organic Oils LLC v. Dahl Administration*, Case No. 20-mc-00011, Dkt. No. 3).

6.      Attached hereto as <u>Exhibit 3</u> is a true and correct copy of excerpts from the transcript of the October 15, 2019 deposition of Michael Testone ("Testone Dep. Tr.").

7.      Attached hereto as <u>Exhibit 4</u> is a true and correct copy of excerpts from the transcript of the October 13, 2019 deposition of LaMartine Pierre ("Pierre Dep. Tr.").

8.      During this litigation, in which fact discovery was open for 11 months, Barlean's did not serve Plaintiffs with any interrogatories or requests for admission. The only written discovery Barlean's served was an August 5, 2019 "Notice of Deposition" to each Plaintiff purported to be served pursuant to "Rules 30 and 45 of the Federal Rules of Civil Procedure," and attaching 11 document requests (in response to which Plaintiffs searched for documents despite Barlean's technical flaws). A true and correct copy of an example Notice of Deposition, to Plaintiff Michael Testone, is attached hereto as <u>Exhibit 5</u>. Barlean's Notices

6

of Deposition to Messrs. Shanks and Pierre were identical other than the Plaintiff's name and date noticed for deposition. On September 30, 2019 Barlean's amended the Notices to change "Rules 30 and 45" to "Rules 30 and 34," and re-served them.

9.    I and my co-counsel, Paul Joseph, practice frequently in the Southern District of California. In the last ten years, we have appeared before each of the following District Judges—including the Court in this case—frequently obtaining successful decisions: Hon. Michael M. Anello;[1] Hon. Cynthia A. Bashant;[2] Hon. Roger T. Benitez;[3] Hon. Larry Alan Burns;[4] Hon. Gonzalo P. Curiel;[5] Hon. William Q. Hayes;[6] Hon. John A. Houston;[7] Hon.

---

[1]  *See, e.g.*, *Loomis v. Slendertone Distrib., Inc.*, 420 F. Supp. 3d 1046 (S.D. Cal. 2019) (largely denying motion to dismiss false advertising class action); *Rodriguez v. Bumble Bee Foods, LLC*, 2018 WL 1920256 (S.D. Cal. Apr. 24, 2018) (granting final approval to class action settlement); *Zemola v. Carrington Tea Co., LLC*, 2017 WL 4922974 (S.D. Cal. Oct. 30, 2017) (largely denying motion to dismiss coconut oil false advertising class action).

[2]  *See, e.g.*, *McMorrow v. Mondelez Int'l, Inc.*, 2020 WL 1157191 (S.D. Cal. Mar. 13, 2020) (finding all but one Rule 23 criteria satisfied in false advertising class action); *Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, 310 F. Supp. 3d 1089 (S.D. Cal. 2018) (obtaining summary judgment on behalf of counterclaimant in Lanham Act case); *Cortina v. Wal-Mart Stores, Inc.*, 2016 WL 4556455 (S.D. Cal. Sept. 1, 2016) (denying motion for sanctions).

[3]  *See, e.g.*, *Brower v. Campbell Soup Co.*, 243 F. Supp. 3d 1124 (S.D. Cal. 2017) (granting motion to dismiss but denying defendant's motion for Rule 11 sanctions); *Nathan v. Vitamin Shoppe, Inc.*, 2019 U.S. Dist. LEXIS 41926 (S.D. Cal. Mar. 12, 2019) (denying motion to dismiss except as to claims for injunctive relief).

[4]  *See, e.g.*, *Branca v. Iovate Health Sciences USA, Inc.*, 2013 WL 1344306 (S.D. Cal. Apr. 2, 2013) (granting motion to stay).

[5]  *See, e.g.*, *Crawford v. Beachbody, LLC*, 2014 WL 6606563 (S.D. Cal. Nov. 5, 2014) (granting motion to transfer venue in false advertising class action).

[6]  *See, e.g.*, *Hunter v. Nature's Way Prods., LLC*, 2020 WL 71160 (S.D. Cal. Jan. 6, 2020) (granting final approval to settlement of coconut oil false advertising class action); *Kenneally v. Bank of Nova Scotia*, 711 F. Supp. 3d 1174 (S.D. Cal. 2010) (denying motion to dismiss class action regarding misrepresentation of condominiums).

[7]  *See, e.g.*, *Gallucci v. Boiron Inc.*, 2012 WL 5359485 (S.D. Cal. Oct. 31, 2012) (granting final approval to false advertising class action).

*Testone v. Barlean's Organic Oils, LLC*, No. 19-cv-00169-JLS-BGS
DECLARATION OF JACK FITZGERALD IN SUPPORT OF PLAINTIFF'S RULE 11 MOTION FOR SANCTIONS

Marilyn L. Huff;[8] Hon. M. James Lorenz;[9] Hon. Barry Ted Moskowitz;[10] and Hon. Janis L. Sammartino.[11] We have likewise appeared before numerous Magistrate Judges of the Southern District of California. Our reputations and standing before the Court and its Judges are important to me and Mr. Joseph, and we have never been sanctioned by any such judge.

10.    Attached hereto as Exhibit 6 is a true and correct copy of excerpts from a motion to dismiss hearing held on September 27, 2018 before the Honorable Vince Chhabria, of the Northern District of California, in the matter of *Nava et al. v. Kobe Steel Ltd. et al.*, No. 18-cv-1423-VC (N.D. Cal.). As in the present case, Paul Joseph was co-counsel for Plaintiffs in *Nava*. The defendants had moved to dismiss for failure to state a claim. The excerpted material demonstrate the court and opposing counsel commending Plaintiffs' counsel for candor in pleading the case, as well as me acknowledging my obligations under Rule 11 in any attempt to re-plead. *See* Ex. 6 at 14:16-19, 14:23-25, 22:1-3.

11.    Attached hereto as Exhibit 7 is a true and correct copy of excerpts from a final approval hearing held on April 17, 2018 before the Honorable Audrey G. Fleissig, of the Eastern District of Missouri, in the matter of *Rawa et al. v. Monsanto Co.*, No. 17-cv-1252-AGF (E.D. Mo.). I was lead class counsel for plaintiffs, and argued the final approval motion. During the hearing, Judge Fleissig considered and rejected an objector's argument that,

---

[8] *See, e.g., In re Ferrero Litig.*, 278 F.R.D. 552 (S.D. Cal. 2011) (granting class certification in false advertising class action).

[9] *See, e.g., Claiborne v. Church & Dwight Co., Inc.*, 2017 WL 5256752 (S.D. Cal. Nov. 13, 2017) (denying motion to dismiss false advertising class action); *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174 (S.D. Cal. 2015) (denying motion to dismiss false advertising and Proposition 65 class action).

[10] *See, e.g., Tracton v Viva Labs, Inc.*, 2017 WL 4125053 (S.D. Cal. Sept. 18, 2017) (denying motion to dismiss coconut oil false advertising class action).

[11] *See Robbins v. The Coca-Cola Co.*, 2014 WL 12160766 (S.D. Cal. Apr. 16, 2014) (denying defendant's motion for summary judgment in TCPA class action); *Grausz v. The Kroger Co.*, 3:19-cv-00449-JLS-AGS, Dkt. No. 11 (S.D. Cal) (denying in part motion to dismiss with leave to amend all portions of complaint that were dismissed).

*Testone v. Barlean's Organic Oils, LLC*, No. 19-cv-00169-JLS-BGS
DECLARATION OF JACK FITZGERALD IN SUPPORT OF PLAINTIFF'S RULE 11 MOTION FOR SANCTIONS

because we had agreed to a certain procedure, we had a conflict with the class, providing as evidence the fact that I had consulted with an ethics expert before agreeing to the procedure, finding that my consultation was "a sign of responsible behavior by class counsel and not some admission that a conflict exists." *See* Ex. 7 at 58:16-18.

12.     Barlean's counsel, Ms. Jenkins, has a pattern of unprofessional behavior in this case. As an example, attached hereto as <u>Exhibit 8</u> is a true and correct email chain between myself and Ms. Jenkins, in which she refused to answer reasonable questions professionally, and instead gave sarcastic remarks or made *ad hominem* attacks.

13.     Attached hereto as <u>Exhibit 9</u> is a true and correct email chain between Ms. Jenkins and my co-counsel, Paul Joseph, in which Ms. Jenkins refused to meet and confer with Mr. Joseph regarding discovery matters.

14.     Because we assume Barlean's and its counsel will withdraw the Disqualification Motion within 21 days of our service of this Rule 11 Motion—that is, by June 18, 2020—and because Plaintiffs' opposition to the Disqualification Motion is not due until June 25, to conserve resources, we will not begin working on Plaintiffs' opposition to the Disqualification Motion until, at the earliest, June 19.

15.     If the Court is reading this Declaration, Barlean's has elected not to withdraw the Disqualification Motion, requiring us to expend resources we would not otherwise have expended. As a result, Plaintiffs' seek sanctions against Barlean's in the amount of our reasonable fees incurred in relation to both this Rule 11 Motion and in drafting Plaintiffs' opposition to Barlean's Disqualification Motion.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 28th day of May, 2020, in San Diego, California.

By: /s/ Jack Fitzgerald
Jack Fitzgerald

*Testone v. Barlean's Organic Oils, LLC*, No. 19-cv-00169-JLS-BGS
DECLARATION OF JACK FITZGERALD IN SUPPORT OF PLAINTIFF'S RULE 11 MOTION FOR SANCTIONS

# Exhibit 1

```
 1                  UNITED STATES DISTRICT COURT

 2                 CENTRAL DISTRICT OF CALIFORNIA

 3

 4   COLLIN SHANKS, on behalf of        )
     himself, all other similarly       )
 5   situated, and the general public,  )
                                        )
 6                   Plaintiff,         )
                                        )
 7      vs.                             )  No. CV 18-9437 PA
                                        )
 8   JARROW FORMULAS, INC.,             )
                                        )
 9                   Defendant.         )
     _____)
10

11

12                        VOLUME I

13        DEPOSITION OF COLLIN SHANKS, a plaintiff herein,

14        noticed by STEPTOE & JOHNSON, LLP, taken at 633

15        West Fifth Street, Los Angeles, California, at

16        10:05 a.m., on Thursday, July 25, 2019, before

17        Lori S. Turner, CSR 9102.

18

19

20

21

22

23        Job Number 560122

24

25
```

Page 2

```
 1    APPEARANCES OF COUNSEL:

 2

      For Plaintiff:
 3
              THE LAW OFFICE OF PAUL K. JOSEPH, PC
 4            BY PAUL K. JOSEPH
              4125 West Pt. Loma Boulevard, Suite 309
 5            San Diego, California 92110
              619.767.0356
 6            paul@pauljosephlaw.com

 7

 8    For Defendant:

 9            STEPTOE & JOHNSON, LLP
              BY ANTHONY J. ANSCOMBE
10            115 South LaSalle Street, Suite 3100
              Chicago, Illinois 60603
11            312.577.1300
              aanscombe@steptoe.com
12
                        -AND-
13
              STEPTOE & JOHNSON, LLP
14            BY MELANIE A. AYERH
              633 West Fifth Street, Suite 1900
15            Los Angeles, California, 90071
              213.439.9447
16            mayerh@steptoe.com

17

18    Also Present:  JONATHAN LEVENTHAL

19                    CORY TYLER, Videographer

20

21

22

23

24

25
```

COLLIN SHANKS, VOLUME I - 07/25/2019

Page 51

| | | |
|---|---|---|
| 11:08:13 | 1 | Q.  Right. |
| | 2 | A.  -- so I'm going to say I don't remember. |
| | 3 | Q.  Okay.  So the health foods stores are the ones |
| | 4 | with the weird little names? |
| 11:08:24 | 5 | A.  Correct.  They're independents.  You know, what |
| | 6 | I mean when I say "independent"? |
| | 7 | Q.  Oh, sure.  Sure. |
| | 8 | A.  Okay.  They're independents so they don't |
| | 9 | register. |
| 11:08:34 | 10 | Q.  Okay.  And how do you -- how many of those |
| | 11 | kinds of stores would you estimate you've been to during |
| | 12 | the class period? |
| | 13 | A.  Somewhere between 10 and 20. |
| | 14 | Q.  What do you go to those kind of stores for? |
| 11:08:50 | 15 | MR. JOSEPH:  Objection.  Vague and ambiguous. |
| | 16 | THE WITNESS:  To look for things we might want to |
| | 17 | buy. |
| | 18 | BY MR. ANSCOMBE: |
| | 19 | Q.  So have you bought anything from any of those |
| 11:09:01 | 20 | stores? |
| | 21 | A.  Yes. |
| | 22 | Q.  Can you tell me what any of those are? |
| | 23 | A.  To the best of -- coconut oil. |
| | 24 | Vitamins. |
| 11:09:19 | 25 | Protein powders of different types. |

COLLIN SHANKS, VOLUME I - 07/25/2019

Page 89

| | | |
|---|---|---|
| 12:20:46 | 1 | Q. All right. And you don't remember the name of |
| | 2 | any of the independents; true? |
| | 3 | A. True. |
| | 4 | Q. And was it Jarrow Coconut Oil that you bought |
| 12:20:53 | 5 | the second time? |
| | 6 | MR. JOSEPH: Objection. Vague and ambiguous. |
| | 7 | THE WITNESS: I think, yes. |
| | 8 | BY MR. ANSCOMBE: |
| | 9 | Q. Well, you've -- |
| 12:21:00 | 10 | A. Yeah. |
| | 11 | Q. Right. I mean, you've purchased other kinds of |
| | 12 | coconut oil; right? |
| | 13 | A. I have. |
| | 14 | Q. What other kinds of coconut oil have you |
| 12:21:08 | 15 | purchased? |
| | 16 | A. Barlean's. |
| | 17 | Q. When -- when did you purchase Barlean's Coconut |
| | 18 | Oil? |
| | 19 | A. Also in 2016. |
| 12:21:22 | 20 | Q. Where did you buy that? |
| | 21 | A. Same -- same. Sprouts, independents. Same |
| | 22 | answer. |
| | 23 | Q. Why did you buy Barlean's instead of Jarrow? |
| | 24 | A. Because I was attracted to their -- the |
| 12:21:39 | 25 | Barlean's butter flavor, because I like the flavor of |

# Exhibit 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| BARLEAN'S ORGANIC OILS, LLC, <br><br> Movant, <br><br> v. <br><br> DAHL ADMINISTRATION <br><br> Non-movant. | No: _____ <br><br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENAE SERVED ON RESPONDENT DAHL ADMINISTRATION** <br> **[FRCP Rule 45]** |

NOW COMES movant Barlean's Organic Oils, LLC ("Barlean's), by and through its undersigned counsel, and moves to compel compliance with the two subpoenae (the "Subpoenae") that Barlean's served on non-movant Dahl Administration ("Dahl") on December 6, 2019.

In support of its Motion, Barlean's states as follows:

# BACKGROUND

The Subpoenae were issued in connection with a class action lawsuit pending in the Southern District of California: *Michael Testone, et al, vs. Barlean's Organic Oils, LLC*, Case No. 19-CV-0169 ("the *Testone* Case"). As set forth in the Complaint in the *Testone* Case, the plaintiffs brought the underlying suit against Barlean's, asserting claims for violations of Cal. Bus. & Prof. Code §§17200 *et seq.* (unfair competition); Cal. Bus. & Prof. Code §§17500 *et seq.* (false advertising); Cal. Civ. Code §§ 1750 *et seq.* (deceptive practices); N.Y. Gen. Bus. L. § 349 (unfair and deceptive business practices); N.Y. Gen. Bus. L. § 350 (false advertising); and breach of express & implied warranties. (Complaint, Ex. A).[1] These allegations are made in connection with Barlean's sales of its coconut oil products.

In the *Testone* Case, plaintiffs are represented by Attorneys Jack Fitzgerald and Paul Joseph, both of San Diego, California. (Jenkins Aff., ¶ 5).

Attorneys Fitzgerald and Joseph have previously represented plaintiffs in other class action matters making the same allegations against other coconut oil manufacturers and/or sellers, including *James Boswell et al. v Costco Wholesale Corp*, et al, Case No. 8:16-CV-00278-DOC-DFM, United States District Court, Central District of California, and *Christine Cumming v BetterBody Food & Nutrition LLC,* Case No: 37-2016-00019510-CU-BT-CTL, Superior Court of the State of California in and for San Diego. (*Id.,* ¶ 6) (citing Exhibits B-C).

---

[1] Unless otherwise indicated, all documents cited herein are attached to the Affidavit of Marylin Jenkins, submitted herewith.

Both the *Boswell* and *Cumming* matters have been settled, and the administration of the class and the settlement fund in each case has been handled by Dahl. (Jenkins Aff., ¶ 7) (citing Exhibits D-E).

In the *Testone* Case, one of the named plaintiffs, Collin Shanks, has previously been a named plaintiff in a third coconut oil class action handled by attorneys Fitzgerald and Joseph, *Collin Shanks, et al. vs. Jarrow Formulas, Inc*., Case No. CV 18-9437 in the Central District of California. (Jenkins Aff., ¶ 8) (citing Exhibit F).

In the deposition Mr. Shanks provided in the *Jarrow* case, he testified that Jarrow brand coconut oil was the only coconut oil he purchased. (Jenkins Aff., ¶ 9) (citing Exhibits G-H). In contrast, in the *Testone* Case, Mr. Shanks testified that he purchased both Jarrow brand coconut oil and Barlean's brand coconut oil. (Jenkins Aff., ¶ 11) (citing Exhibit I).

One of Mr. Shank's co-plaintiffs in the *Testone* Case, LaMartine Pierre, testified in his deposition in that matter that he had bought other brands of coconut oil besides Barlean's, but that he could not recall the names of those other brands. (Jenkins Aff., ¶ 13) (citing Exhibit K).

The third co-plaintiff in the *Testone* Case, Michael Testone, also testified in his deposition in that matter that he had bought other brands of coconut oil besides Barlean's, but that he could not recall the names of those other brands. (Jenkins Aff., ¶ 14) (citing Exhibit M).

Each of the three plaintiffs in the *Testone* Case testified that he received a

# Exhibit 3

1          UNITED  STATES  DISTRICT  COURT

2          SOUTHERN  DISTRICT  OF  CALIFORNIA

3

4   MICHAEL  TESTONE,  COLLIN  SHANKS,  and   )Case No.
    LAMARTINE  PIERRE,  on  behalf  of        )19CV0169 BTM MDD
5   themselves,  all  others  similarly      )
    situated,  and  the  general  public,    )
6                                            )
                        Plaintiffs,          )
7                                            )
    vs.                                      )
8                                            )
    BARLEAN'S  ORGANIC  OILS,  LLC,          )
9                                            )
                        Defendant.           )
10  _____)

11

12

13          DEPOSITION  MICHAEL  TESTONE

14               October  15,  2019

15                  9:21  a.m.

16

17          402  West  Broadway,  Suite  1550

18          San  Diego,  California  92101

19

20

21

22

23

24

25          Dalia  R.  Smith,  CSR  No.  8486



800.211.DEPO (3376)
EsquireSolutions.com

MICHAEL TESTONE                                          October 15, 2019
TESTONE vs BARLEAN'S ORGANIC OILS                                       2

1                    APPEARANCES OF COUNSEL

2

3   On behalf of the plaintiff Michael Testone, Collin
    Shanks, and Lamartine Pierre:

4

5       THE LAW OFFICE OF JACK FITZGERALD, PC
        JACK FITZGERALD, ESQ.
6       Hillcrest Professional Building
        3636 Fourth Avenue, Suite 202
7       San Diego, California 92103
        619.692.3840
8       619.362.9555 Fax
        jack@fitzgeraldlaw.com
9

10
    On behalf of Barlean's Organic Oils, LLC:
11
        MARYLIN JENKINS
12      MARYLIN JENKINS, ESQ.
        6 Cresta Circle No. 12
13      San Rafael, California 94903
        415.450.8083
14      415.785.7410 Fax
        mjattypc@gmail.com
15

16

17

18

19

20

21

22

23

24

25



MICHAEL TESTONE                                          October 15, 2019
TESTONE vs BARLEAN'S ORGANIC OILS                                    16

```
 1   so.

 2       Q.  Do you anticipate spending the same amount of

 3   time in the future?

 4       MR. FITZGERALD:  Object to form.  Calls for

 5   speculation.

 6       THE WITNESS:  I have no expectations.  I've never

 7   done anything like this before, so my assumption is it

 8   would be comparable to the amount of time I spent up to

 9   this point.

10   BY MS. JENKINS:

11       Q.  Have you spoken to anyone else who is a member

12   of the California class in this case?

13       MR. FITZGERALD:  Object to form.

14   BY MS. JENKINS:

15       Q.  Outside the presence of your counsel.

16       A.  I'm sorry, what's the question?

17       Q.  Let me start over again.  Do you know anyone or

18   the names of anyone who was a California class member in

19   this case?

20       A.  There's two other members that were stated in

21   the original documents, one of whom was present the last

22   time I met you as well.

23       Q.  That would be Mr. Shanks?

24       A.  I'm not sure to be honest with you.  I can't

25   remember.
```



MICHAEL TESTONE                                    October 15, 2019
TESTONE vs BARLEAN'S ORGANIC OILS                                17

1      Q.  Collin Shanks, does that ring a bell?

2      A.  There was two names.  I don't remember who was

3   who to be honest.  I'm terrible with names.

4      Q.  And the other named plaintiff in this case is

5   Lamartine Pierre.  Is that familiar to you?

6      A.  That sounds familiar.

7      Q.  Do you understand both of those gentlemen to

8   also be representing the California class in this case?

9      A.  Yes.

10     Q.  Have you ever had any discussions with him

11  outside the presence of your counsel?

12     A.  No.

13     Q.  Do you know who Sherry Hunter is?

14     A.  No.

15     Q.  Mallie Levin?

16     A.  No.

17     Q.  Kristine Cumming?

18     A.  No.

19     Q.  James Boswell?

20     A.  No.

21     Q.  Michelle Salazar Navarro?

22     A.  No.

23     Q.  June Kein?

24     A.  No.

25     Q.  Mr. Decorski?



# Exhibit 4

1              UNITED STATES DISTRICT COURT

2             SOUTHERN DISTRICT OF CALIFORNIA

3

4    MICHAEL TESTONE, COLLIN SHANKS, and  )Case No.
     LAMARTINE PIERRE, on behalf of       )19CV0169 BTM MDD
5    themselves, all others similarly     )
     situated, and the general public,    )
6                                         )
                        Plaintiffs,       )
7                                         )
     vs.                                  )
8                                         )
     BARLEAN'S ORGANIC OILS, LLC,         )
9                                         )
                        Defendant.        )
10   _____)

11

12

13          DEPOSITION OF LAMARTINE PIERRE

14             NONCONFIDENTIAL PORTIONS

15               October 13, 2019

16                  9:39 a.m.

17

18          402 West Broadway, Suite 1550

19           San Diego, California 92101

20

21

22

23

24

25          Dalia R. Smith, CSR No. 8486



```
 1                    APPEARANCES OF COUNSEL

 2

 3    On behalf of the plaintiff Michael Testone, Collin
      Shanks, and Lamartine Pierre:
 4

 5         THE LAW OFFICE OF PAUL K. JOSEPH, PC
           PAUL K. JOSEPH, ESQ.
 6         4125 W. Point Loma Blvd, No. 309
           San Diego, California 92110
 7         619.767.9356
           paul@pauljosephlaw.com
 8

 9    On behalf of Barlean's Organic Oils, LLC:

10         MARYLIN JENKINS
           MARYLIN JENKINS, ESQ.
11         6 Cresta Circle No. 12
           San Rafael, California 94903
12         415.450.8083
           415.785.7410 Fax
13         mjattypc@gmail.com

14

15

16

17

18

19

20

21

22

23

24

25
```



1          Q.  Also in Valley Stream?

2          A.  Correct.

3          Q.  When was the first time that you bought

4    Barlean's brand coconut oil from Walmart?

5          A.  I believe four to five years ago.

6          Q.  Was that before the first time that we talked

7    about in 2014 or after?

8          A.  Can you rephrase the question?

9          Q.  Yeah.  You told me -- I asked you before about

10   your first purchase of coconut oil, and you told me that

11   it wasn't Barlean's, and it was about 20- -- in 2014.  So

12   I'm asking you was your purchase of Barlean's from

13   Walmart before that or after that?

14         A.  After.

15         Q.  After.  How many times did you buy Barlean's

16   brand coconut oil from the Walmart in Valley Stream?

17         A.  About five.

18         Q.  And, again, did you buy the small jar which is,

19   I'm indicating with my hands about six inches apart, or

20   the large jar which is about, my hands are about 12

21   inches apart?

22         MR. JOSEPH:  Objection, vague and ambiguous.

23         THE WITNESS:  I bought the 32 ounce.

24   BY MS. JENKINS:

25         Q.  The big one?



1        A.  Yes.

2        Q.  On each occasion?

3        A.  Correct.

4        Q.  Okay.  What led you to buy Barlean's brand

5   coconut oil as opposed to any other brands of coconut oil

6   when you bought it at Walmart in Valley Stream?

7        A.  I was relying on the health benefits on the

8   packaging label.

9        Q.  Can you be anymore specific about the health

10   benefits that you relied on.

11        MR. JOSEPH:  Object, vague and ambiguous.

12        THE WITNESS:  Claim such as non-hydrogenated, raw

13   whole food, vegan; things of that nature.

14   BY MS. JENKINS:

15        Q.  Did you find that the Barlean's labels were

16   different from the other brands that you had bought

17   previously to Barlean's?

18        MR. JOSEPH:  Object, vague and ambiguous.

19        THE WITNESS:  I didn't -- I didn't see anything too

20   different from other brands, but Barlean's did indicate

21   that they were healthy and that they were good for my

22   health and especially for my heart health.

23   BY MS. JENKINS:

24        Q.  Were you concerned about your heart health at

25   the time?



1   the magnifying glass if you'd like to have it.

2       A.  Thank you.

3       Q.  Sure.  You have nice young eyes.  My old eyes

4   couldn't see anything without my glasses on.  And my

5   question is do any of these labels look familiar to you

6   as being on the jars of Barlean's Coconut Oil that you

7   bought at Walmart?

8           This is, like I said before, this is not a trick

9   question like Where's Waldo.  It's just to see if any of

10  them refresh your recollection as to the claims you may

11  have viewed on the label of the coconut oil.

12      A.  They all are very similar, the labeling.

13      Q.  Okay.  Is there any in particular that refreshes

14  your recollection as to the label that was on the jars

15  that you bought?

16      A.  In Exhibit 2.

17      Q.  Uh-huh.

18      A.  I do recall this particular, on this part where

19  the coconut oil --

20      Q.  You are pointing to the left hand box?

21      A.  Correct.  -- where it says contains Lauric Acid,

22  Caprylic Acid, Capric Acid.  Also Natural Source of

23  Medium Chain Triglycerides.  That was one of the key

24  factors in my purchasing the Barlean's Coconut Oil

25  because of the health claims of that, you know, for as a



 1    good fat.

 2         Q.  How did you find out that Medium Chain

 3    Triglycerides, or MCTs, was something that you wanted to

 4    buy?

 5         A.  It goes back to my research on the benefits of

 6    coconut oil.

 7         Q.  Tell me a little bit about your research in the

 8    benefits of coconut oil.  What sort of research did you

 9    do?

10         A.  I can't recall in exact detail.  All I do

11    remember is that I went online.

12         Q.  Was this before you bought coconut oil for the

13    for the first time?

14         A.  Correct.

15         Q.  Okay.  What was your understanding of the health

16    benefits of Medium Chain Triglycerides when you first

17    bought the Barlean's Coconut Oil?

18         A.  That they were good for heart health and not

19    increasing your cholesterol.

20         Q.  Was there anything else on Exhibit 2 -- I'm

21    sorry.  I think -- Exhibit 2 was the one you said looks

22    familiar?

23         A.  Correct.

24         Q.  Anything else on there that was particularly

25    appealing to you?



1      A.  What stuck at me was the claims of non-GMO.

2  Organic.

3      Q.  Okay.

4      A.  Raw Whole Food.

5      Q.  Okay.

6      A.  Super food claim.

7      Q.  Super food?

8      A.  Yeah, super food.

9      Q.  Uh-huh.

10      A.  And vegan.

11      Q.  Okay.  What did you understand the super food

12  claim to mean?

13      A.  That this particular product isn't just a

14  regular food, but something of a higher caliber which

15  would be beneficial to my health.

16      Q.  Can you think of any other kinds of foods that

17  you consider to be super foods?

18      A.  Green super foods.

19      Q.  Green super foods?

20      A.  Correct.

21      Q.  What do you mean by that?

22      A.  There are certain plants that would be

23  considered super foods.  I can't recall the exact

24  names.

25      Q.  Okay.  Do you have any reason to believe as you



1        Q.  Was it before or after you became involved in

2    this litigation?

3        A.  Rephrase the question.

4        Q.  Did you do that research and stop buying coconut

5    oil before or after you became involved in this

6    litigation?

7        A.  Before.

8        Q.  Do you recall how long before?  Does that

9    help?

10        A.  I can't recall.

11        Q.  Okay.

12        MR. JOSEPH:  Do you mind if we take a break for a

13    few minutes?

14        MS. JENKINS:  Sure.  By all means.  Just stick your

15    hand in the air.  That's fine.

16                        (Recess)

17    BY MS. JENKINS:

18        Q.  Mr. Pierre, as you sit here today do you have

19    any reason to believe that the Barlean's Coconut Oil that

20    you bought was not organic?

21        A.  I was led to believe that certain claims on the

22    label were healthy and good for my health.  Claims such

23    as Hand Selected and Picked Fresh.  Cold-Expeller Pressed

24    Fresh.  Especially Harvested at the Peak of Flavor and

25    Nutritional Value.  Non-hydrogenated and Non-GMO.



1      Q.  And when you say you were led to believe, do you

2   mean that the label led you to believe that?

3      A.  Yes.

4      Q.  As you sit here today do you have any reason to

5   believe that the coconuts that went into making the

6   Barlean's Coconut Oil that you bought were not hand

7   selected?  Again, other than through conversations with

8   your counsel or experts.

9      A.  As much as I was just relying on the claims on

10   the label.

11      Q.  Do you have reason as you sit here today to

12   believe that that claim was not true?

13      A.  I was relying on the nutritional value of the

14   product and the health benefits.

15      Q.  Okay.  I'm not sure you've answered my question.

16   So I don't mean to be rude, but I'm going to ask you

17   again.  Do you have any reason as you sit here today to

18   believe that the label claims that the coconuts that went

19   into coconut oil was hand selected is not true?

20      MR. JOSEPH:  Objection, asked and answered.

21   BY MS. JENKINS:

22      Q.  He's allowed to do that.

23      A.  Okay.  I'm not too sure.

24      Q.  Okay.  Do you have any reason as you sit here

25   today to believe that the coconuts that went into the



1        A.  I don't know.

2        Q.  As you sit here today is there any reason -- Do

3   you have any reason to believe that the Barlean's Coconut

4   Oil that you purchased did not contain Caprylic Acid?

5   C-a-p-r-y-l-i-c.

6        A.  I don't know.

7        Q.  And would the answer be the same for Capric

8   Acid?  C-a-p-r-i-c.

9        A.  Correct.

10        Q.  Do you have any reason to believe that the

11   Barlean's Coconut Oil that you purchased was not Gluten

12   Free?

13        A.  I don't know.

14        Q.  Same answer for Solvent and Chemical Free?

15        A.  Correct.

16        Q.  Did you use the Barlean's Coconut Oil that you

17   purchased for any reason other than cooking?  Any purpose

18   other than cooking?

19        A.  Yes.

20        Q.  What did you use it for?

21        A.  For my smoothies.

22        Q.  For smoothies?

23        A.  Correct.

24        Q.  Did you use it for your skin or hair, or

25   anything like that?



1        A.   No.

2        Q.   So only internal use?

3        A.   Correct.

4        Q.   As you sit here today do you believe -- Do you

5   have any reason to believe that the Barlean's Coconut Oil

6   that you purchased was not a raw whole food?

7        A.   I don't know.

8        Q.   When you purchased the Barlean's Coconut Oil did

9   you know that it was a fat?

10       A.   I was aware of that it was a fat, but I was led

11   to believe it was a good fat and had very minimal levels

12   of bad fat in coconut oil.

13       Q.   When you say -- Can you give me some examples of

14   what you consider a bad fat.

15       A.   I can't recall the scientific names of the bad

16   fat, but I was just -- I just -- I was led to believe

17   that the number of good fat was an item of good fat on

18   the product, so purchased it and put it in my -- part of

19   my smoothie routines.

20       Q.   Okay.  Would you consider butter a bad fat?

21       MR. JOSEPH:  Objection, calls for expert

22   testimony.

23       THE WITNESS:  I don't know.

24   BY MS. JENKINS:

25       Q.   I'm going to mark as Exhibit 4, it's a Notice



1   of -- Second Amended Notice of your deposition.  We won't

2   go into the history of that.

3           (Exhibit 4 was marked for identification)

4           Have you ever scene this document before?

5       A.  No.

6       Q.  If you look on page five of Exhibit 4, beginning

7   with section Roman numeral three Document Request.  Did

8   you search for any and all documents related to your

9   purchase of any Barlean's Coconut Oil product?

10      A.  Rephrase the question.

11      Q.  As part of your preparation for this deposition

12  did you perform a search for any documents pertaining to

13  your purchase of any Barlean's Coconut Oil product, like

14  sale slips or receipts?

15      A.  No.

16      Q.  You didn't do a search?

17      A.  No.

18      Q.  Do you know if you have any such documents?

19  Receipts, sale slips.

20      A.  No.

21      Q.  You don't know, or you don't have any?

22      A.  I don't have any.

23      Q.  Okay.  Do you have any fully used or partially

24  used jars of Barlean's Coconut Oil around your house?

25      A.  Currently?



1       Q.  Yeah.

2       A.  No.

3       Q.  Did you throw them all away?

4       A.  They were all consumed.

5       Q.  Did you have any Barlean's on hand, coconut oil

6   on hand when you did the research that led you to believe

7   that coconut oil was not healthful?

8       MR. JOSEPH:  Objection, vague and ambiguous.

9       THE WITNESS: No.

10  BY MS. JENKINS:

11      Q.  You had used it all up before then?

12      A.  Correct.

13      Q.  Did you have anybody else's coconut oil on hand

14  when you did that research?

15      A.  No.

16      Q.  Would it be fair to say that the research that

17  you did, not the research that you did before you first

18  bought coconut oil, but the research that you did later

19  about coconut oil which led you to believe that it was

20  not healthy for you, that you never used coconut oil

21  after that?

22      A.  Yes.

23      Q.  Okay.  Did you perform a search for, let's try

24  E, any and all documents related to your purchase of any

25  coconut oil product other than Barlean's coconut oil?



1    yes.

2         Q.   Okay.   I'm not asking you anything that was

3    said.   In your complaint in paragraph 133 you state that

4    you purchased the 32 ounce size of Barlean's organic

5    version coconut oil.

6              Did you purchase any other type of Barlean's

7    coconut oil?

8         A.   No.

9         Q.   Okay.   You didn't purchase butter flavored

10   coconut oil?

11        A.   No.

12        Q.   And you didn't purchase culinary coconut oil?

13   Those labels are for the organic version.

14        A.   I only purchased the organic version.

15        Q.   Okay.   How did you first get involved in this

16   case?

17        MR. JOSEPH:   Objection to the extent the answer

18   requires you to disclose communication between you and

19   your counsel.   I'm instructing you not to answer.

20              To the extent you could answer the question

21   without divulging such communications, you can answer.

22   If you can't, you could say so.

23        THE WITNESS:   Can't answer.

24   BY MS. JENKINS:

25        Q.   Well, how did it come to your notice that this



1   litigation was going to be filed?

2       A.   I was contacted by the Law Offices of Paul

3   Joseph, and it was made to my attention that there was a

4   class action lawsuit related to the purchases of

5   Barlean's and I indicated that I have made a few

6   purchases and took it from there.

7       Q.   Mr. Joseph's office called you.  You didn't call

8   them?

9       MR. JOSEPH:  Objection, assumes facts not in

10  evidence.

11      MS. JENKINS:  Let me rephrase the question.

12      MR. JOSEPH:  So you can answer questions about the

13  form of the communication --

14      THE WITNESS:  Okay.

15      MR. JOSEPH:  -- but not the substance.  So the time,

16  the form of communication.

17      THE WITNESS:  Okay.

18      MS. JENKINS:  The fact of the communication.

19      MR. JOSEPH:  The fact of the communication that

20  exist, but not divulge actually what was communicated.

21  So like the meta data of communication.

22      THE WITNESS:  Okay.

23      MS. JENKINS:  That's an interesting way of putting

24  it, but fine.

25      THE WITNESS:  Okay.



# Exhibit 5

MARYLIN JENKINS (SBN 89832)
MARYLIN JENKINS ATTORNEY AT LAW PC
955 Cresta Way No. 1
San Rafael, CA 94903
mjattypc@gmail.com
Tel: (415) 450-8083
Fax: (415) 785-7410
Attorneys for Defendant
BARLEAN'S ORGANIC OILS, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TESTONE, COLLIN SHANKS, and LAMARTINE PIERRE, on behalf of themselves, all others similarly situated, and the general public, | Case No. 19CV0169 BTM MDD |
| | |
| Plaintiffs, | <u>CLASS ACTION</u> |
| | **DEFENDANT'S NOTICE OF DEPOSITION OF PLAINTIFF MICHAEL TESTONE** |
| vs. | |
| BARLEAN'S ORGANIC OILS, LLC, | |
| Defendant. | |

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Defendant Barlean's Organic Oils LLC will take the deposition of Plaintiff Michael Testone on September 5, 2019,  at 9:30 a.m. at the offices of Esquire Court Reporters, 402 West Broadway, Suite 1550, San Diego, CA 92101.

If the deposition is not  completed on September 5, 2019, , it will be continued from day to day, excluding Sundays and holidays, until completed.

PLEASE TAKE FURTHER NOTICE that the deposition will be taken before a notary public or other person authorized to administer oaths under applicable law, and will be conducted pursuant to Federal Rule of Civil Procedure 30. Pursuant to Rule 30(b)(3) of the Federal Rules of Civil Procedure, Defendant reserves the right to record the deposition testimony by videotape and instant visual display. Defendant reserves the right to use the videotape deposition at the time of trial.

The deponent is directed to produce and permit inspection and copying of the documents and/ or objects specified in Attachment A to this notice at the time of deposition.

Dated: August 5 , 2019

MARYLIN JENKINS
ATTORNEY AT LAW PC

_____
Marylin Jenkins
Attorneys for Defendant
BARLEAN'S ORGANIC OILS, LLC

## EXHIBIT A

I.  DEFINITIONS

    A.   As used herein, the term "DOCUMENT" means any kind of written, graphic or recorded matter, however produced or reproduced, of any kind or description,  whether sent, received or neither, including drafts, originals, non-identical copies and  information stored magnetically, electronically, photographically or otherwise, and  including but not limited to, studies, papers, books, accounts, letters, diagrams, pictures,  drawings, photographs, correspondence, telegrams, cables, text messages, emails,  memoranda, notes, notations, work papers, intra-office and inter-office communications, communications to, between and among employees, transcripts, minutes, orders, reports, recordings or other documentation of telephone or other conversations, interviews, committee meetings, departmental meetings, company meetings or other meetings, affidavits, slides, statements, summaries, opinions, indices, analyses, publications, questionnaires, answers to questionnaires, statistical records, ledgers, journals, lists, logs, tabulations, charts, graphs, maps, surveys, sound recordings, data sheets, computer printouts, tapes, discs, microfilm, all other records kept by YOU, and thing similar to any of the foregoing, regardless of the title, author or origin.

    B. As used herein, the phrase "REFERS, RELATES, REGARDS, OR PERTAINS TO" means containing, alluding to, responding to, commenting upon, discussing, showing, disclosing, explaining, mentioning, analyzing, constituting, comprising, evidencing, setting forth, summarizing or characterizing, either directly or  indirectly in whole or in part.

    C. As used herein, the term "COMMUNICATION(S)" means every manner or method of disclosure, exchange of information, statement or discussion between or among two or more PERSONS, including but not limited to, face-to-face and telephone conversations, correspondence, memoranda, telegrams, telexes, email messages, transcribed voice-mail messages, text messages, meetings, discussions, releases,  statements, reports, publications or any recordings or reproductions.

    D. As used herein, the words "YOU" and "YOUR" shall mean or refer to Michael Testone and all of his present or former agents, attorneys, consultants, employees, representatives, and/or anyone acting or purporting to act on his behalf.

E. As used herein, the term "PERSON" means all individuals, entities, firms, organizations, groups, committees, regulatory agencies, governmental entities, business entities, corporations, partnerships, trusts and estates.

F.  As used herein, the word "BARLEAN'S" means Defendant Barlean's Organic Oils, LLC.

G.  As used herein, the term "BARLEAN'S COCONUT OIL PRODUCT" means Barlean's Organic Flavored Coconut Oil, Barlean's Organic Virgin Coconut Oil, and/or Barlean's Organic Culinary Coconut Oil.

II.  INSTRUCTIONS

A. Please produce and permit the inspection and copying of the DOCUMENTS described below which are in YOUR possession, custody, or control, or  in the possession, custody, or control of YOUR attorneys, consultants, agents, or  representatives.

B. In producing the DOCUMENTS demanded, YOU shall segregate those documents by each request set forth herein.

C. For any claim that a DOCUMENT YOU are required to produce in response to any of these demands is privileged YOU will:

    1.  Identify its title and general subject matter;

    2.  State its date;

    3.   Identify its author(s);

    4.  Identify the PERSONS for whom it was prepared or to whom it was sent;

    5.  State the nature of the privilege claimed; and

    6.  State in detail each and every fact upon which YOU base your claim of privilege.

D. The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever is most inclusive.

E. The singular form shall include the plural form and vice versa.

F. The present tense shall include the past tense and vice versa.

G. If any DOCUMENT cannot be produced in full, produce it to the extent possible, indicating what information is being withheld and the reason such information is being withheld.

H. If a DOCUMENT once existed, but has been lost, destroyed, no longer exists, or is no longer in YOUR possession or control, identify each such DOCUMENT and separately state the details concerning the loss or destruction of the DOCUMENT, or the name and address of the current or last known custodian of any such document, if known to you.

III.    DOCUMENT REQUESTS

A. Any and all documents related to your purchase of any Barlean's Coconut Oil Product.

B. The actual Barlean's Coconut Oil Product which you purchased.

C. Any and all documents related to your reliance on any statement made on the label of the Barlean's Coconut Oil Product which you purchased.

D. Any and all documents related to your reliance on any statement made in advertising of the Barlean's Coconut Oil Product which you purchased.

E. Any and all documents related to your purchase of any coconut oil product made by any entity other than Barlean's.

F. Any and all documents related to your participation in any class action settlement related to coconut oil products.

G. Any and all documents related to your participation in any consumer survey or questionnaire done under the auspices of J. Michael Dennis, the National Opinion Research Center ("NORC"), or any other market research firm, related to any litigation concerning coconut oil products.

H. Any and all communications, other than with your counsel, regarding your purchase of any Barlean's Coconut Oil Product.

I.  Any and all communications, other than with your counsel, regarding your participation as a plaintiff in this litigation.

J.  Any and all communications, other than with your counsel, regarding any other class action related to coconut oil products.

K.  If you are alleging that you suffered any injury to your health as a result of your use, internal or external, of the Barlean's Coconut Oil Product which your purchased:

    a.  Any and all medical records, evaluations, reports, statements, or other documents showing treatment or other medical care rendered to you as a result of your use, internal or external, of the Barlean's Coconut Oil Product which your purchased:

    b.  Any and all documents which support any special damages (medical expenses, property damage, lost earnings, etc.) which you claim in this action.

**Certificate of Service**

I hereby certify that on August 4, 2019,  I caused the foregoing Defendant's Notice of Deposition of Plaintiff Michael Testone to be served on Plaintiffs, through their counsel of record, by email (pursuant to the parties' agreement) as follows:

THE LAW OFFICE OF PAUL K. JOSEPH, PC
PAUL K. JOSEPH (SBN 287057)
*paul@pauljosephlaw.corn*
4125 W. Pt. Loma Blvd., No. 309
San Diego, California 92110

THE LAW OFFICE OF JACK FITZGERALD, PC
JACK FITZGERALD (SBN 257370)
*jack@jackfitzgeraldlaw.corn*
TREVOR M. FLYNN (SBN 253362)
*trevor@jackfitzgeraldlaw.corn*
MELANIE PERSINGER (SBN 275423)
*melanie@jackfitzgeraldlaw.com*
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103

Dated: August 5, 2019                    _____
                                         Marylin Jenkins

# Exhibit 6

PAGES 1 - 25

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE VINCE CHHABRIA

| | |
|---|---|
| ALEJANDRO NAVA AND SHANTNU MALHOTRA, ON BEHALF OF THEMSELVES, ALL OTHERS SIMILARLY SITUATED, AND THE GENERAL PUBLIC, )<br><br>PLAINTIFFS, )<br><br>VS. )<br><br>KOBE STEEL, LTD., KOBE STEEL USA INC., KOBE STEEL INTERNATIONAL (USA) INC., KOBE ALUMINUM AUTOMOTIVE PRODUCTS, LLC, SHINSHO CORPORATION, SHINSHO AMERICAN CORPORATION, TOYOTA MOTOR CORPORATION, TOYOTA MOTOR SALES, U.S.A., INC., AND TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.,<br><br>DEFENDANTS. ) | NO. 18-CV-01423 VC<br><br><br><br><br><br><br><br><br><br>SAN FRANCISCO, CALIFORNIA<br>THURSDAY<br>SEPTEMBER 27, 2018 |

**TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC**

**SOUNDRECORDING  10:04 A.M. - 10:31 A.M.**

(APPEARANCES ON FOLLOWING PAGE)

**TRANSCRIBED BY:  JOAN MARIE COLUMBINI, CSR #5435, RPR**
**RETIRED OFFICIAL COURT REPORTER, USDC**

**APPEARANCES:**

**FOR PLAINTIFFS**      THE LAW OFFICE OF JACK FITZGERALD, PC
                        HILLCREST PROFESSIONAL BUILDING
                        3636 FOURTH AVENUE, SUITE 202
                        SAN DIEGO, CA 92103
              **BY:  JACK FITZGERALD, ESQUIRE**


**FOR KOBE STEEL**      KIRKLAND & ELLIS LLP
                        300 NORTH LASALLE
                        CHICAGO, ILLINOIS 60654
              **BY:  RENEE DEBORAH SMITH, ESQUIRE**
                    **NICHOLAS FRANKLIN WASDIN, ESQUIRE**


**FOR TOYOTA**          MAYER BROWN LLP
                        1999 K STREET NW
                        WASHINGTON, DC 20006
              **BY:  ARCHIS ASHOK PARASHARAMI, ESQUIRE**

```
 1   THURSDAY, SEPTEMBER 27, 2018                    10:04 A.M.

 2   (TRANSCRIBER'S NOTE: DUE AT TIMES TO COUNSELS' FAILURE TO

 3   IDENTIFY THEMSELVES WHEN SPEAKING, CERTAIN SPEAKER

 4   ATTRIBUTIONS ARE BASED ON EDUCATED GUESS.)

 5                        ---O0O---

 6                       PROCEEDINGS

 7

 8           THE CLERK:  CALLING CASE NO. 18-CV-1423, NAVA, ET AL.

 9   VERSUS KOBE STEEL LIMITED, ET AL.

10           COUNSEL, PLEASE STATE YOUR APPEARANCES FOR THE

11   RECORD.

12           MR. FITZGERALD:  GOOD MORNING, YOUR HONOR.  JACK

13   FITZGERALD FOR PLAINTIFFS.

14           THE COURT:  GOOD MORNING.

15           MS. SMITH:  GOOD MORNING, YOUR HONOR.  RENEE SMITH

16   FOR THE KOBE AND SHINSHO DEFENDANTS.

17           THE COURT:  GOOD MORNING.

18           MR. PARASHARAMI:  GOOD MORNING, YOUR HONOR.  ARCHIS

19   PARASHARAMI FOR TOYOTA DEFENDANTS.

20           THE COURT:  GOOD MORNING.  YOU'RE OUT FROM D.C.,

21   RIGHT?

22           MR. PARASHARAMI:  THAT'S RIGHT, YOUR HONOR.

23           THE COURT:  WELCOME.

24           MR. PARASHARAMI:  THANK YOU.

25           THE COURT:  OKAY.  LET ME, I GUESS, START WITH
```

```
 1   STEEL FALSIFIED THE DATA ON THE QUALITY OF ITS STEEL, IT WENT

 2   INTO THESE TOYOTA CARS, TOYOTA KNEW ABOUT IT, TOYOTA DIDN'T

 3   DISCLOSE IT, KOBE DIDN'T DISCLOSE IT, AND AS A RESULT OF THE

 4   SUBSTANDARD STEEL BEING IN THE CARS, THE CARS ARE LESS SAFE.

 5             MR. FITZGERALD:  RIGHT.

 6             THE COURT:  RIGHT?  AND I WOULD THINK THAT I WOULD

 7   SAY TO THAT:  ALL RIGHT, WELL, YOU'VE GOTTEN PAST 12(B)(6), YOU

 8   PLED THE CARS ARE LESS SAFE.  MAYBE YOU HAVE TO EXPLAIN WHY YOU

 9   BELIEVE THE CARS ARE LESS SAFE.

10             MR. FITZGERALD:  YEAH.

11             THE COURT:  BUT ASSUMING YOU DID THAT, GET PAST

12   12(B)(6), MAYBE THE ALLEGATION THE CARS ARE LESS SAFE IS TRUE,

13   MAYBE IT'S NOT TRUE.  WE'LL FIND OUT AT SUMMARY JUDGMENT OR AT

14   TRIAL.  BUT WE'RE IN THIS STRANGE SITUATION WHERE YOU HAVE --

15   AND IT'S TO YOUR CREDIT, BY THE WAY.

16             I MEAN, IT'S ABSOLUTELY TO YOUR CREDIT FROM AN

17   ETHICAL STANDPOINT AND A STANDPOINT OF BEING A PROFESSIONAL

18   THAT YOU HAVE EXPLAINED THE SITUATION, BUT THE SITUATION YOU

19   EXPLAINED IS THAT WE DON'T KNOW YET.  IN LIGHT OF THAT, I'M

20   TRYING IMAGINE HOW YOU WOULD BE ABLE TO AMEND YOUR COMPLAINT TO

21   GET AROUND THE ALLEGATION YOU'VE ALREADY MADE IN THIS

22   ITERATION.

23             MR. FITZGERALD:  I DON'T KNOW THAT WE WOULD BE ABLE

24   TO AMEND THE COMPLAINT UNDER RULE 11 TO ALLEGE WHAT YOU JUST

25   REITERATED.  WHAT WE COULD DO AT THIS POINT, WHAT WE LEARNED IN
```

1    THE INTERIM SINCE FILING IS, WE'VE LEARNED MORE SPECIFICS.  WE

2    CAN ALLEGE MORE SPECIFICALLY THE CARS AND THE PARTS THAT ARE

3    AFFECTED.

4            WE'VE ALSO LEARNED OF ISSUES -- FOR EXAMPLE, THE

5    PRIUS HAD AN ISSUE WITH OIL LEAKING FROM THE VALVES, WHICH I

6    BELIEVE WAS ACTUALLY SETTLED IN A CLASS ACTION.  WE BELIEVE IT

7    MAY NOT HAVE BEEN A DESIGN DEFECT FROM THE VALVE, BUT ACTUALLY

8    BECAUSE OF THE DIFFERENT METAL, YOU KNOW, CHANGING -- STRESSING

9    FROM THE HEAT, ET CETERA.

10            SO, AGAIN, WE DON'T KNOW.  WHAT WE REALLY -- WHAT WE

11    KNOW IS --

12            THE COURT:  THE COMPLAINT WE'RE LOOKING AT NOW,

13    THAT'S YOUR FIRST CRACK AT IT?

14            MR. FITZGERALD:  YES.

15            BUT WHAT WE KNOW IS THERE WAS WIDESPREAD AND VERY

16    SERIOUS FRAUD THAT'S ADMITTED.  WE KNOW IT AFFECTED THE

17    VEHICLES.  WE KNOW THE SYSTEMS THAT IT'S IN IN THE VEHICLES.

18    WE KNOW THOSE SYSTEMS CONTRIBUTE TO SAFETY.  SO THERE'S A LOT

19    OF -- THERE'S A LOT OF LOGICAL PROGRESSION HERE.  WE CAN'T SAY

20    FOR SURE, BUT I THINK THERE'S ENOUGH LOGICAL PROGRESSION HERE,

21    THERE'S ENOUGH ALLEGATIONS THAT RULE 9(B) FOR BOTH OMISSIONS

22    AND FOR INFORMATION EXCLUSIVELY WITHIN DEFENDANTS' CONTROL IS

23    RELAXED.

24            AND I JUST THINK GIVEN EVERYTHING IN THIS

25    COMPLAINT -- YOU KNOW, WE DON'T KNOW WHAT THE REGULATORS ARE

1          BY THE WAY, I COMPLETELY AGREE WITH MR. FITZGERALD.

2    MAYBE WE'LL DISAGREE ONE DAY BUT -- WITH HIM -- BUT HE WAS

3    RESPONSIBLE IN PLEADING WHAT HE KNOWS, AND WHAT HE KNOWS IS

4    THAT THEY DON'T KNOW ANYTHING ABOUT THIS.

5          THE THING THAT STRIKES ME AS MAYBE A REASON

6    MILITATING AGAINST RIPENESS IS THAT THE COMPLAINT ALLEGES -- I

7    THINK THIS IS PARAGRAPH 89 -- THAT SOME -- THAT THE AFFECTED

8    VEHICLES GO WAY BACK TO 2003.  AND SO THAT'S, LIKE, 15 YEARS.

9          IF SOMETHING -- AND THE NINTH CIRCUIT HAS TALKED

10   ABOUT, YOU KNOW, ISSUES LIKE THIS.  IF SOMETHING WERE TO

11   MANIFEST AND WERE THIS SORT OF WIDESPREAD PROBLEM, IT WOULD

12   HAVE MANIFESTED BY NOW.  AND I THINK ADDING THAT TO THE "WE

13   DON'T KNOW" AND THE FACT THAT THE ONLY --

14          THE COURT:  WELL, I DON'T KNOW ABOUT THAT, BECAUSE WE

15   DON'T KNOW -- I MEAN, MAYBE THE VEHICLES THAT WENT BACK TO --

16   WHAT YEAR DID YOU SAY?

17          MR. PARASHARAMI:  AGAIN, WE'RE NOT SAYING THIS, BUT

18   THEY ARE SAYING IN THE COMPLAINT 2003 AS THE EARLIEST DATE --

19          (SIMULTANEOUS COLLOQUY.)

20          THE COURT:  WELL, BUT MAYBE A LITTLE BIT OF STEEL

21   WENT INTO AN UNIMPORTANT PART OF THE CAR IN 2003, BUT MAYBE A

22   LOT MORE DEFECTIVE STEEL WENT INTO MORE IMPORTANT PARTS OF THE

23   CAR IN 2015.

24          MR. PARASHARAMI:  RIGHT.  NO.  I THINK WHAT THEY'RE

25   SAYING IS THEY DON'T KNOW.  THE ONLY THING THEY'VE SAID IS THAT

# Exhibit 7

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JOSHUA RAWA, ELISABETH MARTIN, ROBERT RAVENCAMP, AMY WARD, CYNTHIA DAVIES, CHRISTOPHER ABBOTT, OWEN OLSON, JEANNIE A. GILCHRIST, ZACHARY SHOLAR, MATTHEW MYERS, JOHN W. BEARD, JR., and MICHAEL OVERSTREET on behalf of themselves, all others similarly situated, and the general public, | ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| | ) Case No 4:17—CV—1252 AGF |
| MONSANTO COMPANY, | ) ) |
| Defendant. | ) |

**FAIRNESS HEARING**
**BEFORE THE HONORABLE AUDREY G. FLEISSIG**
**UNITED STATES DISTRICT JUDGE**
**APRIL 17, 2018**

APPEARANCES:
For Plaintiffs:      John Joseph Fitzgerald, IV, Esq.
                     THE LAW OFFICES OF JACK FITZGERALD, PC
                     Hillcrest Professional Building
                     3636 Fourth Avenue, Suite 202
                     San Diego, CA  92103

                     Kevin J. Dolley, Esq.
                     LAW OFFICES OF KEVIN J. DOLLEY, LLC
                     2726 South Brentwood Boulevard
                     St. Louis, MO  63144

(Appearances Continued on page 2)

REPORTED BY:         SHANNON L. WHITE, RMR, CRR, CSR, CCR
                     Official Court Reporter
                     United States District Court
                     111 South Tenth Street, Third Floor
                     St. Louis, MO  63102
                     (314) 244-7966
PRODUCED BY COURT REPORTER COMPUTER-AIDED TRANSCRIPTION

APPEARANCES CONTINUED:


For Plaintiffs:          Sidney W. Jackson, III, Esq.
                         JACKSON AND FOSTER LLC
                         75 St. Michael Street
                         Mobile, AL  36602


For Defendant:           John J. Rosenthal, Esq.
                         Adam Nadelhaft, Esq.
                         WINSTON AND STRAWN, LLP
                         1700 K Street, NW
                         Washington, DC  20006


For Objector             Peter C. Woods, Esq.
Migliaccio:              HAAR AND WOODS, LLP
                         1010 Market Street, Suite 1620
                         St. Louis, MO  63101


Also Present:            Kim Ness, Class Administrator
                         (Attending via telephone)

3

1     **(PROCEEDINGS STARTED AT 9:46 AM.)**

2           THE COURT:  Morning.  We are here in the matter of

3     *Joshua Rawa, et al., v. Monsanto Company*.  It is Case No.

4     4:17-CV-1252-AGF.  And on behalf of the plaintiffs, we have

5     John Fitzgerald?

6           MR. FITZGERALD:  Yes, Your Honor.

7           THE COURT:  All right.  And Kevin Dolley?

8           MR. DOLLEY:  Morning, Your Honor.

9           THE COURT:  Morning.  And Sidney Jackson?

10          MR. JACKSON:  Morning.

11          THE COURT:  All right.  And on behalf of Defendant

12    Monsanto, we have John Rosenthal?

13          MR. ROSENTHAL:  Morning, Your Honor.

14          THE COURT:  And Adam -- is it Nadelhaft?

15          MR. NADELHAFT:  Good job.  Good morning, Your Honor.

16    Thank you.

17          THE COURT:  And then on behalf of the objector, Mr.

18    James -- is it Migliaccio?

19          MR. WOODS:  Migliaccio.

20          THE COURT:  Migliaccio.  We have Mr. Peter Woods?

21          MR. WOODS:  Correct, your Honor.

22          THE COURT:  And is there anyone else here in the

23    courtroom who wishes to be heard here today?  Did I miss one?

24    Oh, I'm sorry.  Anyone else here in the courtroom?  All right.

25          Then on the telephone we have Kim Ness on behalf of

58

```
 1              THE COURT:  But I have seen none of that, and I am

 2   not going to take into account here your hearsay description

 3   of an unsigned report from some other expert.

 4              MR. WOODS:  I understand.  I get it.

 5              THE COURT:  You want to show me what constitutes a

 6   conflict of interest here and the case law that supports that,

 7   I'll take a look at it.

 8              MR. WOODS:  Okay.  Well, again, I think it's again

 9   acknowledged by Mr. Fitzgerald there's an issue of ethics

10   here.

11              THE COURT:  Well, but the fact that an attorney

12   consults someone to make sure that they are on solid ground is

13   not an admission of a conflict.  That is a lawyer taking

14   prudent steps when they have an obligation to a class.

15              MR. WOODS:  I understand that, Your Honor.

16              THE COURT:  So I take that as a sign of responsible

17   behavior by class counsel and not some admission that a

18   conflict exists.

19              MR. WOODS:  I understand that.  That's why we're

20   asking for to see whatever information was provided and to

21   present our own as part of discovery here.

22              THE COURT:  All right.

23              MR. WOODS:  That is our request.

24              THE COURT:  All right.  And do you have any such

25   presentation to make here today?
```

# Exhibit 8

| | |
|---|---|
| **From:** | Marylin Jenkins Attorney At Law PC |
| **To:** | Jack Fitzgerald |
| **Subject:** | Re: Subpoena to Dahl Administration |
| **Date:** | Friday, May 1, 2020 4:05:20 PM |

Oh, stop it , Jack.  You're being ridiculous.

Marylin Jenkins
Marylin Jenkins Atty at Law PC
4688 W Tangerine Rd #6206
Marana AZ. 85658
Tel:  (415) 450-8083

> On May 1, 2020, at 3:06 PM, Jack Fitzgerald <jack@jackfitzgeraldlaw.com> wrote:
>
> Marylin,
>
> Your sarcastic response is unwarranted.
>
> Although we have not appeared on behalf of Dahl in the miscellaneous Minnesota action, we are trying in good faith to assist our client and its litigation counsel (now copied) in deciding how to proceed. Rather than communicate with Dahl's counsel of record in the enforcement action, your client has insisted on communicating solely with me. Your client threatened Dahl and it's counsel with sanctions, asserting two premises of law integral to your threat. If, as you say, a Rule 72 objection does not toll the timing provided by the discovery order, and Dahl has no avenue for appeal, Dahl may choose to respond differently, or with different timing.
>
> I assume you have a basis for making legal assertions supporting your client's threat of sanctions, and are not just making things up willy-nilly—in other words, that you did the research first, before making the threat. Accordingly, our relative skills at researching is besides the point: I'm only asking for the authority that is already in your possession. And I am doing so in order that my client be able to seriously consider your client's position that Dahl is already in contempt.
>
> Accordingly, I again request you provide your authority on the two legal points on which your sanctions threat is premised, so that we may assist our client and its litigation counsel in deciding how and when to respond to the subpoena and order.
>
> Please ensure any further response is copied to everyone on this email.
>
> Regards,
> Jack
>
>
> Sent from my iPad
>
>> On May 1, 2020, at 2:21 PM, Marylin Jenkins Attorney At Law PC <mjattypc@gmail.com> wrote:
>>
>> I'm sure your research skills are as good as mine, Jack.
>>
>> Marylin Jenkins
>> Marylin Jenkins Atty at Law PC
>> 4688 W Tangerine Rd #6206
>> Marana AZ. 85658
>> Tel:  (415) 450-8083
>>
>>>> On May 1, 2020, at 2:05 PM, Jack Fitzgerald <jack@jackfitzgeraldlaw.com> wrote:

>>>
>>> Marylin,
>>>
>>> Can you provide authority for these two assertions:
>>>
>>> " Dahl has already used its 20 day period to produce the documents" (i.e., any authority that the time period required in the magistrate's order is not reset by an objection under Rule 72)?
>>>
>>> " a non party cannot appeal this order without being found in contempt, and appealing the contempt citation"
>>>
>>> _____
>>>
>>> Jack Fitzgerald
>>>
>>> The Law Office of Jack Fitzgerald, PC
>>> Hillcrest Professional Building
>>> 3636 Fourth Avenue, Suite 202
>>> San Diego, California 92103
>>>
>>> (p) 619-692-3840
>>> (f)  619-353-0404
>>> (c) 650-440-3170
>>>
>>> www.jackfitzgeraldlaw.com
>>>
>>> -----Original Message-----
>>> From: Marylin Jenkins Attorney At Law PC <mjattypc@gmail.com>
>>> Sent: Friday, May 1, 2020 1:40 PM
>>> To: jack@jackfitzgeraldlaw.com
>>> Subject: Re: Subpoena to Dahl Administration
>>>
>>> I think we've already established that you are counsel for Dahl, certainly for purposes of my inquiry.  Dahl has already used its 20 day period to produce the documents; the 4/20/20 order does not grant Dahl any additional time. And a non party cannot appeal this order without being found in contempt, and appealing the contempt citation.  So, again, if I don't hear back from you by cob Monday with a date of production, we will move for an OSC why both Dahl and its counsel should not be held in contempt.
>>>
>>> Marylin Jenkins
>>> Marylin Jenkins Atty at Law PC
>>> 4688 W Tangerine Rd #6206
>>> Marana AZ. 85658
>>> Tel:  (415) 450-8083
>>>
>>>> On May 1, 2020, at 1:14 PM, Jack Fitzgerald <jack@jackfitzgeraldlaw.com> wrote:
>>>>
>>>> Marylin,
>>>>
>>>> We are not counsel of record in that case. Your communication is misdirected. Moreover, the order issued 2 days ago, and Dahl has 20 days to comply. Especially in light of the ongoing pandemic causing great interruption to business, it seems to me that any such motion you file a just few days after the order issued because you have not gotten an immediate response to your misdirected inquiry, would be vexatious multiplication of litigation. I understand there is a call scheduled for Monday on the matter, after which a response to your request may be possible.
>>>>
>>>> _____
>>>>
>>>> Jack Fitzgerald

>>>>
>>>> The Law Office of Jack Fitzgerald, PC
>>>> Hillcrest Professional Building
>>>> 3636 Fourth Avenue, Suite 202
>>>> San Diego, California 92103
>>>>
>>>> (p) 619-692-3840
>>>> (f)  619-353-0404
>>>> (c) 650-440-3170
>>>>
>>>> www.jackfitzgeraldlaw.com
>>>>
>>>> -----Original Message-----
>>>> From: Marylin Jenkins Atty at Law PC <mjattypc@gmail.com>
>>>> Sent: Friday, May 1, 2020 11:59 AM
>>>> To: jack@jackfitzgeraldlaw.com; 'Paul Joseph' <paul@pauljosephlaw.com>
>>>> Subject: RE: Subpoena to Dahl Administration
>>>>
>>>> Paul and Jack - if I don't hear back from you by cob on Monday, we're going to file a motion for an order to
show cause, including sanctions.  Thanks.
>>>>
>>>> -----Original Message-----
>>>> From: Marylin Jenkins Attorney At Law PC <mjattypc@gmail.com>
>>>> Sent: Wednesday, April 29, 2020 2:16 PM
>>>> To: jack@jackfitzgeraldlaw.com; Paul Joseph <paul@pauljosephlaw.com>
>>>> Subject: Subpoena to Dahl Administration
>>>>
>>>> Jack and Paul, please let me know if, in light of today's ruling from the District of Minnesota, Dahl plans to
produce the subpoenaed documents, and if so, when.  Thanks.
>>>>
>>>> Marylin Jenkins
>>>> Marylin Jenkins Atty at Law PC
>>>> 4688 W Tangerine Rd #6206
>>>> Marana AZ. 85658
>>>> Tel:  (415) 450-8083
>>>>
>>>>
>>>
>

# Exhibit 9

| | |
|---|---|
| **From:** | Marylin Jenkins |
| **To:** | Paul Joseph |
| **Cc:** | Jack Fitzgerald; Richelle Kemler |
| **Subject:** | Re: Notice of Deposition |
| **Date:** | Friday, September 27, 2019 10:33:44 AM |

Yes, I am refusing to meet and confer until you have reviewed everything that has already been produced.  I am not going to go through multiple meet and confers where you keep adding things that you should have discussed in the prior session(s).

Marylin Jenkins Atty at Law PC
6 Cresta Circle No 12
San Rafael CA  94903
T:  415.450.8083
F:  415.785.7410

On Fri, Sep 27, 2019, 9:18 AM Paul Joseph <Paul@pauljosephlaw.com> wrote:
> Marylin,
>
> As you've made clear, you're refusing to meet and confer. We will proceed accordingly.
>
> Sincerely,
> Paul
>
>
> Paul K. Joseph
> The Law Office of Paul K. Joseph, PC
> 4125 W. Point Loma Blvd., No. 309
> San Diego, California 92110
> T: 619.767.0356 | F: 619.331.2943
> paul@pauljosephlaw.com | PaulJosephLaw.com
>
> _____
>
> **From:** Marylin Jenkins <mjattypc@gmail.com>
> **Sent:** Thursday, September 26, 2019 5:33:44 PM
> **To:** Paul Joseph <Paul@PAULJOSEPHLAW.COM>
> **Subject:** Re: Notice of Deposition
>
> For the last time, your request is premature.
>
> 1.  We have produced over 27,000 pages of documents, which you have not finished reviewing.  It has taken us over 300 hours to review these documents, in addition to the time that it took for preparing those documents for production, and the time it took Barlean's to do a search and identify them.  That search included, as I have already told you, documents which Barlean's had to  recover from the period prior to their 2018 computer system failure.
>
> 2.  You are the ones who requested documents.  If you wanted us to use specific search terms, you should have so indicated.  We used the broadest search term possible, "coconut," to ensure that the largest possible universe of responsive documents was identified.

3.  Your clients state in the Complaint that they purchased Barlean's coconut oil products within the 4 year period before the Complaint was filed in January 2019.  The documents produced cover that period.  Perhaps your clients have no actual recollection of the labels on which they allegedly relied, and want to examine the entire universe of labels so they can decide which ones best suit their allegations.

4.  It is unreasonable to ask Barlean's to find additional documents prior to 2015 without a reasonable time limit for the period prior to 2015, and without some reasonable explanation of what you think you are looking for, particularly since you have not yet determined the dates and iterations of the labels we have already produced to you.

5.  I've already advised you that we will do an additional search for "BFCO and not coconut" to see if any additional documents are identified. I am waiting for a response from Barlean's IT department concerning their ability to do such a search, and the timeline for doing it.

After you have finished your review of the documents we have already produced, and if you have specific requests for additional subjects or types of documents within a reasonable time prior to 2015, I will be happy to have a meet and confer session with you to consider such requests. As of now, however, your complaint appears to be only that you want all documents for all time prior to 2015.  It therefore appears to me that you are not ready for a meet and confer session.  I would also suggest that when you have finished your review, and have determined such specific requests, that you email me with them so that I can find out in advance whether such additional documents are even available.  That will make our telephone conversation a productive one.

Marylin Jenkins Atty at Law PC
6 Cresta Circle No 12
San Rafael CA  94903
T:  415.450.8083
F:  415.785.7410

On Thu, Sep 26, 2019, 5:05 PM Paul Joseph <Paul@pauljosephlaw.com> wrote:
  Marylin,

  This is not premature. The range of dates for an ESI search is generally discussed before searches are performed. You're objections did not raise the issue and did not state that ESI searches would only date back to 2015.

  Please provide your availability, as now requested for the third time.

  Sincerely,
  Paul


  Paul K. Joseph
  The Law Office of Paul K. Joseph, PC
  4125 W. Point Loma Blvd., No. 309
  San Diego, California 92110
  T: 619.767.0356 | F: 619.331.2943

[paul@pauljosephlaw.com](mailto:paul@pauljosephlaw.com) | PaulJosephLaw.com

---

**From:** Marylin Jenkins <[mjattypc@gmail.com](mailto:mjattypc@gmail.com)>
**Sent:** Thursday, September 26, 2019 4:20:03 PM
**To:** Paul Joseph <[Paul@PAULJOSEPHLAW.COM](mailto:Paul@PAULJOSEPHLAW.COM)>
**Subject:** Re: Notice of Deposition

Again, this is premature.  We just loaded the last batch of documents onto DropBox this afternoon.   If you still want to meet and confer after you've reviewed all those documents, please let me know.

Marylin Jenkins Atty at Law PC
6 Cresta Circle No 12
San Rafael CA  94903
T:  415.450.8083
F:  415.785.7410

On Thu, Sep 26, 2019, 4:14 PM Paul Joseph <[Paul@pauljosephlaw.com](mailto:Paul@pauljosephlaw.com)> wrote:

> Thank you for your response Marylin. We would, however, still like to have a call to meet and confer. Please let us know when if you are available tomorrow or early next week.
>
>
> Sincerely,
>
> Paul
>
>
> PAUL K. JOSEPH
> LAW OFFICE OF PAUL K. JOSEPH, PC
> 4125 W. Point Loma Blvd., No. 309
>
> San Diego, California 92110
>
> T: 619.767.0356 | F: 619.331.2943
>
> [paul@pauljosephlaw.com](mailto:paul@pauljosephlaw.com) | PAULJOSEPHLAW.COM

---

**From:** Marylin Jenkins Atty at Law PC <[mjattypc@gmail.com](mailto:mjattypc@gmail.com)>
**Sent:** Tuesday, September 24, 2019 12:10 PM
**To:** Paul Joseph <[Paul@PAULJOSEPHLAW.COM](mailto:Paul@PAULJOSEPHLAW.COM)>
**Cc:** Richelle Kemler <[Richelle@PAULJOSEPHLAW.COM](mailto:Richelle@PAULJOSEPHLAW.COM)>; 'Jack Fitzgerald'
<[jack@jackfitzgeraldlaw.com](mailto:jack@jackfitzgeraldlaw.com)>; [julie@jackfitzgeraldlaw.com](mailto:julie@jackfitzgeraldlaw.com)>
**Subject:** RE: Notice of Deposition

1. All drives, including the email drive, were searched. Based on my review, I do not believe that any documents would not have found by including "BFCO" in the search; however, if you wish, we will run another search of "BFCO and not coconut," after we have completed our review and production of the documents we already have.

2. Your clients alleged that they purchased the products within the 2015 – 2019 timeframe. Therefore, they relied upon labelling and advertisements within that time frame. If you want to bring a motion to compel production of documents prior to 2015, please keep in mind the standard of Rule 26 concerning discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." If you review the large volume of documents already produced, and to-be produced shortly, I believe you will find a plethora of information concerning labels in existence both before, at the time of, and after your clients' alleged purchases. I suggest you complete that review before you make this argument to the Court.

3. All internal company drives were searched; all witnesses were questioned concerning the existence of hard documents, and all responded that all documents are kept on the computer system.

I also want to add that I informed you at the outset of this case that Barlean's suffered a catastrophic computer system failure in 2018; nonetheless, Barlean's IT department went to extraordinary lengths to recover all available documents in existence prior to that failure so that they could be reviewed for production.

**From:** Paul Joseph <Paul@PAULJOSEPHLAW.COM>
**Sent:** Tuesday, September 24, 2019 11:52 AM
**To:** Marylin Jenkins Atty at Law PC <mjattypc@gmail.com>
**Cc:** Richelle Kemler <Richelle@PAULJOSEPHLAW.COM>; 'Jack Fitzgerald' <jack@jackfitzgeraldlaw.com>; julie@jackfitzgeraldlaw.com
**Subject:** RE: Notice of Deposition

Marylin,

We appreciate the clarification, however, we have a number of concerns regarding the process you described:

First, regarding using the search term "coconut" as the only search term is likely to miss relevant documents. For example, the abbreviation BFCO is often used instead of the word coconut oil. Any documents that used this or other abbreviations like CO or just identified the product by its product number would be missed.

Second, restricting the searches dates only 2015 is also not appropriate. Although the class period may have started in 2015, Barlean's started selling coconut oil in 2008. Documents regarding the creation of the challenged labels, regardless of when they were created, are obviously highly relevant—even if outside the class period.

Finally, please let us know what systems were searched besides the companies' email system? From our review of the documents, we have seen multiple systems such as Stagegate that may have relevant documents. In particular, if there is an internal server, project folders should be searched in addition to emails.

Please let us know when you are available to meet and confer regarding these issues and the process for identifying relevant ESI documents.

Sincerely,

Paul

PAUL K. JOSEPH
LAW OFFICE OF PAUL K. JOSEPH, PC
4125 W. Point Loma Blvd., No. 309

San Diego, California 92110

T: 619.767.0356 | F: 619.331.2943

paul@pauljosephlaw.com | PAULJOSEPHLAW.COM

---

**From:** Marylin Jenkins Atty at Law PC <mjattypc@gmail.com>
**Sent:** Tuesday, September 24, 2019 11:40 AM
**To:** Paul Joseph <Paul@PAULJOSEPHLAW.COM>
**Cc:** Richelle Kemler <Richelle@PAULJOSEPHLAW.COM>; 'Jack Fitzgerald' <jack@jackfitzgeraldlaw.com>; julie@jackfitzgeraldlaw.com

**Subject:** RE: Notice of Deposition


Paul, I checked with my paralegal, and she estimates that of the documents she reviewed, about 95% were marked for production. Of the ones I reviewed, I would estimate the same. So I suspect that the 7GB probably didn't actually add up to 850,000 pages after all, proving that you really can't trust Google.

---

**From:** Paul Joseph <Paul@PAULJOSEPHLAW.COM>
**Sent:** Tuesday, September 24, 2019 11:19 AM
**To:** Marylin Jenkins <mjattypc@gmail.com>
**Cc:** Richelle Kemler <Richelle@PAULJOSEPHLAW.COM>; Jack Fitzgerald <jack@jackfitzgeraldlaw.com>; julie@jackfitzgeraldlaw.com
**Subject:** RE: Notice of Deposition


Marylin, can you clarify how your review of 850,000 pages of emails is expected to result in under 20,000 pages produced? How were relevant documents that resulted in the 850,000 pages identified in the first instance and what is the review process you are following that is reducing this this number by almost 98%?


Sincerely,

Paul


PAUL K. JOSEPH
LAW OFFICE OF PAUL K. JOSEPH, PC
4125 W. Point Loma Blvd., No. 309

San Diego, California 92110

T: 619.767.0356 | F: 619.331.2943

paul@pauljosephlaw.com | PAULJOSEPHLAW.COM


**From:** Marylin Jenkins <mjattypc@gmail.com>
**Sent:** Tuesday, September 24, 2019 11:03 AM
**To:** Paul Joseph <Paul@PAULJOSEPHLAW.COM>
**Cc:** Richelle Kemler <Richelle@PAULJOSEPHLAW.COM>; Jack Fitzgerald <jack@jackfitzgeraldlaw.com>; julie@jackfitzgeraldlaw.com
**Subject:** Re: Notice of Deposition

Hi Paul - we're reviewing over 850,000 total pages of emails. We are on the last
tranche, which I currently estimate will result in about another 3500 pages to be
produced. We hope to have these done and onto DropBox by Monday.

Marylin Jenkins Atty at Law PC
6 Cresta Circle No 12
San Rafael CA 94903
T: 415.450.8083
F: 415.785.7410


On Tue, Sep 24, 2019, 10:59 AM Paul Joseph <Paul@pauljosephlaw.com> wrote:

> Thanks, Marylin. Just to clarify, do you have an estimate how many more pages
> Barlean's will produce and when you will complete production of all documents?
>
>
> Sincerely,
>
> Paul
>
>
> PAUL K. JOSEPH
> LAW OFFICE OF PAUL K. JOSEPH, PC
> 4125 W. Point Loma Blvd., No. 309
>
> San Diego, California 92110
>
> T: 619.767.0356 | F: 619.331.2943
>
> paul@pauljosephlaw.com | PAULJOSEPHLAW.COM
>
>
> _____
>
> **From:** Marylin Jenkins Atty at Law PC <mjattypc@gmail.com>
> **Sent:** Tuesday, September 24, 2019 10:57 AM
> **To:** Richelle Kemler <Richelle@PAULJOSEPHLAW.COM>
> **Cc:** Paul Joseph <Paul@PAULJOSEPHLAW.COM>; jack@jackfitzgeraldlaw.com;
> julie@jackfitzgeraldlaw.com
> **Subject:** RE: Notice of Deposition
>
>
> Thanks, Michelle. Please note that we loaded additional documents onto DropBox
> last evening, and that there is a Bates number gap between 9963 and 12166.

**From:** Richelle Kemler <Richelle@PAULJOSEPHLAW.COM>
**Sent:** Monday, September 23, 2019 2:31 PM
**To:** Marylin Jenkins <mjattypc@gmail.com>
**Cc:** Paul Joseph <Paul@PAULJOSEPHLAW.COM>; jack@jackfitzgeraldlaw.com; julie@jackfitzgeraldlaw.com
**Subject:** Notice of Deposition


Hi Marylin.  Attached is the Amended 30(b)(6) Deposition Notice. Thank you.


Sincerely,

Richelle


Richelle Kemler Vanden Bergh, Esq.

LAW OFFICE OF PAUL K. JOSEPH, PC

4125 W. Point Loma Blvd. #309

San Diego, California 92110

T: 619.767.0356 | F: 619.331.2943

richelle@pauljosephlaw.com | PAULJOSEPHLAW.COM


This transmission may contain information that is proprietary, privileged, confidential, and/or exempt from disclosure under applicable law.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of the information contained herein (including any reliance thereon) is STRICTLY PROHIBITED.  If you received this transmission in error, please immediately contact the sender and destroy the material in its entirety, whether in electronic or hard copy format.