UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TESTONE, COLLIN SHANKS, and LAMARTINE PIERRE, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>BARLEAN'S ORGANIC OILS, LLC,<br><br>Defendant. | Case No.: 19-CV-169 JLS (BGS)<br><br>**ORDER: (A) DENYING DEFENDANT'S MOTION (1) TO DISQUALIFY NAMED PLAINTIFFS AS CLASS REPRESENTATIVES, (2) TO DISQUALIFY PLAINTIFFS' ATTORNEYS AS CLASS COUNSEL, AND (3) FOR STAY OF ACTION PENDING DETERMINATION BY COURT; (B) DENYING PLAINTIFFS' RULE 11 MOTION FOR SANCTIONS; AND (C) LIFTING STAY**<br><br>(ECF Nos. 50, 51, 57) |

Presently before the Court are Defendant Barlean's Organic Oils, LLC's ("Defendant") Motion: (1) to Disqualify Named Plaintiffs as Class Representatives; (2) to Disqualify Plaintiffs' Attorneys as Class Counsel; and (3) for Stay of Action Pending Determination by Court ("Disqual. Mot.," ECF No. 50), and Plaintiffs Michael Testone, Collin Shanks, and Lamartine Pierre's (collectively, "Plaintiffs") Rule 11 Motion for Sanctions ("Sanctions Mot.," ECF No. 57). Also before the Court are the Amended

1

Declaration of Marylin Jenkins in Support of Defendant's Disqualification Motion ("Am. Jenkins Decl.," ECF No. 51-1),[1] Plaintiffs' Opposition to the Disqualification Motion ("Disqual. Opp'n," ECF No. 58), Plaintiffs' Objection to Defendant's Evidence Submitted in Support of the Disqualification Motion ("Evid. Obj.," ECF No. 58-6), Defendant's Reply to Plaintiffs' Opposition to the Disqualification Motion ("Disqual. Reply," ECF No. 59), Defendant's Opposition to Plaintiffs' Objection to Evidence in Support of the Disqualification Motion ("Evid. Obj. Opp'n," ECF No. 59-3), Defendant's Opposition to Plaintiffs' Sanctions Motion ("Sanctions Opp'n," ECF No. 61), and Plaintiffs' Reply in Support of the Sanctions Motion ("Sanctions Reply," ECF No. 62). The Court took these matters under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 63. Having carefully reviewed the Parties' arguments and evidence and the relevant law, the Court **DENIES** Defendant's Disqualification Motion and **DENIES** Plaintiffs' Sanctions Motion.

## BACKGROUND

"Defendant has manufactured, distributed, marketed, and sold various Barlean's brand coconut oil Products beginning in or around May 2008." First Amended Complaint ("FAC," ECF No. 35) ¶ 48. Defendant sells its coconut oil products nationally at major retailers. *Id.* ¶ 49. Plaintiffs contend that Defendant "misleadingly markets its coconut oil Products as inherently healthy, and a healthy alternative to butter and various cooking oils, despite that coconut oil is actually inherently *unhealthy*, and a *less healthy* option to these alternatives." *Id.* ¶ 1 (emphasis in original).

On January 24, 2019, Plaintiffs filed their Complaint for a putative class action alleging California and New York state law claims based on Defendant's allegedly misleading marketing of its coconut oil products as healthy. *See generally* ECF No. 1. Defendant answered on February 27, 2019. *See* ECF No. 10. On May 28, 2019, this action

---

[1] It appears that the Amended Jenkins Declaration is substantively identical to the original Jenkins Declaration, but that Ms. Jenkins inadvertently failed to sign the original. *Compare* ECF No. 50-2 *with* ECF No. 51. Accordingly, the Court will cite to the Amended Jenkins Declaration throughout this Order.

was transferred to the Honorable Barry T. Moskowitz pursuant to Civil Local Rule 40.1. *See* ECF No. 20. However, the Parties filed a joint motion to retransfer the case to this Court, *see* ECF No. 21, which was granted, *see* ECF No. 22.

On September 4, 2019, Plaintiffs filed the operative First Amended Complaint ("FAC"). *See* ECF No. 35. Defendant answered on September 10, 2019. *See* ECF No. 36.

On May 13, 2020, Defendant filed an *ex parte* motion to file under seal one of the exhibits in support of the Disqualification Motion. *See* ECF No. 46. On May 15, 2020, the Court granted the motion. *See* ECF No. 48. On May 18, 2020, Defendant filed its Disqualification Motion, *see* ECF No. 50, and on May 21, 2020, Defendant filed the Amended Jenkins Declaration, *see* ECF No. 51. On May 26, 2020, Defendant filed an *ex parte* motion to stay pending resolution of the Disqualification Motion. *See* ECF No. 52. Following briefing on the motion to stay, *see* ECF Nos. 53, 54, the Court granted the motion, *see* ECF No. 55.[2] On June 19, 2020, Plaintiffs filed the instant Sanctions Motion. *See* ECF No. 57.

## DISQUALIFICATION MOTION

### I.     Relevant Facts and Evidence

Plaintiffs' counsel, Jack Fitzgerald and Paul Joseph, have brought several class actions asserting claims similar to those in this action against other manufacturers or sellers of coconut oil. Am. Jenkins Decl. ¶ 4. Those cases include *James Boswell et al. v. Costco Wholesale Corp, et al.*, Case No. 8: 16-CV-00278-DOC-DFM (C.D. Cal., filed Jan. 20, 2016) [hereinafter the "Costco Case"], and *Christine Cumming v. BetterBody Food & Nutrition LLC*, Case No. 37-2016-00019510-CU-BT-CTL (Cal. Sup. Ct., filed June 9, 2016) [hereinafter the "BetterBody Case"]. *Id.*; *see also id.* Exs. B & C. The Costco Case settled on May 2, 2017, and the BetterBody Case settled on February 24, 2017. *Id.* ¶ 5.

---

[2] In light of Defendant's separately filed and previously granted motion seeking a stay of the proceedings, the Court **DENIES AS MOOT** the portion of the Disqualification Motion seeking a stay pending determination of the Disqualification Motion.

The administrator of both settlements was Dahl Administration ("Dahl"). *Id.*; *see also id.* Exs. D & E. One of the named Plaintiffs in this action, Collin Shanks, was previously a named plaintiff in another coconut oil class action brought by Messrs. Fitzgerald and Joseph, *Collin Shanks, et al. vs. Jarrow Formulas, Inc.*, Case No. CV 18-9437 (C.D. Cal., filed Nov. 6, 2018) [hereinafter the "Jarrow Case"]. *Id.* ¶ 6; *see also id.* Ex. F.

The named Plaintiffs were deposed in mid-October 2019 by Ms. Jenkins. *Id.* ¶ 8. During his deposition for this case, Mr. Shanks declared that he purchased Jarrow and Barlean's brand coconut oil, and, when asked if there was "[a]ny other brand," he responded, "No, not that I remember." *Id.* ¶ 9; *see also id.* Ex. I.[3] Mr. Shanks also declared that he became involved in the Jarrow Case after receiving an e-mail from Mr. Joseph, but that he did not know Mr. Joseph before then and had "[no idea] whatsoever" how Mr. Joseph came to contact him. *Id.* ¶ 15; *see also id.* Ex. R. Mr. Shanks received the e-mail at "a default, fake e-mail address" he uses when a website, "for example . . . will ask for an e-mail address to proceed, but I don't know if I want to have a relationship with that website in the future yet or not." *Id.* ¶ 15; *see also id.* Ex. V. Mr. Shanks's deposition was defended by Mr. Joseph. *Id.* ¶ 41.

During his deposition for this case, Mr. Pierre declared that the first brand of coconut oil he bought "wasn't Barlean's," but that he could not recall the brand. *Id.* ¶ 11; *see also id.* Ex. K. Mr. Pierre also declared that he purchased Defendant's products from Walmart, *id.* ¶ 11; *see also id.* Ex. L; however, Defendant "has never sold any of its coconut oil products to Wal-Mart," *id.* ¶ 12; *see also* ECF No. 50-42 ("Barlean Decl.") ¶ 6. When asked, "Are you participating in any class actions concerning coconut oil other than this one?", Mr. Pierre answered, "No." Am. Jenkins Decl. ¶ 14; *see also id.* Ex. N. And, when asked, "Are you aware that there are other class actions concerning other brands of coconut

---

[3] As addressed more fully *infra* at 12, Defendant initially contended that Mr. Shanks also was untruthful in his deposition in the Jarrow Case, *see, e.g.*, Disqual. Mot. at 6–7; Am. Jenkins Decl. ¶ 7, but Defendant later withdrew that argument, *see* Sanctions Opp'n at 17. Because that argument has been withdrawn, the Court omits it from this recitation of the facts and evidence relevant to the Disqualification Motion.

oil?", Mr. Pierre responded, "I'm not aware." *Id.* ¶ 14; *see also id.* Ex. N.  Mr. Pierre testified that the Law Offices of Paul Joseph contacted him via e-mail about this litigation, "probably around [July 7, 2018]," and that he "d[id not] know" how they knew he had purchased Barlean's coconut oil. *Id.* ¶ 15; *see also id.* Ex. P.  Mr. Pierre's deposition was defended by Mr. Joseph. *Id.* ¶ 41.

During his deposition for this case, Mr. Testone declared that he did not recall the brand of the first coconut oil he purchased. *Id.* ¶ 13; *see also id.* Ex. M.  When asked, "Have you been a member of a class in any other coconut oil litigations?", Mr. Testone replied, "No." *Id.* ¶ 14; *see also id.* Ex. O.  When asked, "Do you have any idea as you sit here today how Mr. Joseph got your email address to send this to you?", Mr. Testone answered, "I'm not sure . . . . I don't really know." *Id.* ¶ 15; *see also id.* Ex. T.  Mr. Testone's deposition was defended by Mr. Fitzgerald. *Id.* ¶ 42.

Defendant subpoenaed Dahl on December 6, 2019, seeking production of the lists of class members who participated in the common funds for both the Costco Case and the BetterBody Case. *Id.* ¶ 20; *see also id.* Exs. X & Y.  On December 23, 2019, Messrs. Fitzgerald and Joseph informed Ms. Jenkins that they were representing Dahl with respect to Defendant's subpoenas. *Id.* ¶ 21; *see also id.* Ex. Z.  Ms. Jenkins and Messrs. Fitzgerald and Joseph met and conferred concerning the subpoenas on January 7, 2020, by telephone. *Id.* ¶ 22.  During the meet and confer, Ms. Jenkins conveyed her belief that Messrs. Fitzgerald and Joseph "had a conflict of interest in representing both the plaintiffs in the instant case and Dahl in [the] subpoenas matter." *Id.*  A further telephonic meet and confer was held on January 13, 2020, during which Mr. Paul indicated to Ms. Jenkins that Dahl was preparing additional objections to the subpoenas and would not be producing the requested class lists. *Id.* ¶ 29.

Defendant filed a motion to compel compliance with the subpoenas on January 22, 2020, in federal court in the District of Minnesota. *Id.* ¶ 30; *see also id.* Ex. CC.  Dahl failed to file any objections, and on February 21, 2020, the court issued an order compelling compliance. *Id.* ¶¶ 30–31; *see also id.* Ex. DD.  On February 24, 2020, Mr. Fitzgerald

informed Ms. Jenkins by e-mail that Dahl was not properly served with the motion to compel and Dahl would not be complying with the order. *Id.* ¶ 32; *see also id.* Ex. EE. On February 27, 2020, Mr. Fitzgerald followed up by e-mail, indicating that, if Defendant intended to enforce the subpoenas, "we are going to hire local counsel." *Id.* ¶ 33; *see also id.* Ex. FF. On March 6, 2020, Dahl filed objections to the February 21, 2020 order compelling compliance with the subpoenas. *Id.* ¶ 33;[4] *see also id.* Ex. GG. On April 29, 2020, the court affirmed its order compelling compliance with the subpoenas. *See id.* ¶ 34; *see also id.* Ex. HH.

On May 8, 2020, Dahl's local counsel sent Defendant's local counsel the class action membership list for the BetterBody Case. *Id.* ¶ 35. Dahl's local counsel indicated that, by agreement of the parties, the membership list in the Costco Case had been destroyed. *Id.* All three of the named Plaintiffs appear on the class action membership list for the BetterBody Case. *Id.* ¶ 37; *see also* ECF No. 49 ("Herman Aff.") Ex. B (sealed).

Ms. Jenkins attempted to subpoena the class membership records for two additional coconut oil cases in which Messrs. Fitzgerald and Joseph have acted as class counsel—for both of which RG/2 Claims Administration, LLC, acted as class administrator—but the process server informed her "that each time he tried to serve the subpoenas, he was told that the office had moved, from San Francisco to Philadelphia to Wilmington, DE to Springfield IL." Am. Jenkins Decl. ¶¶ 38–39;[5] *see also id.* Ex. JJ. Due to the imminent discovery cut-off, Ms. Jenkins ultimately had to abandon these efforts. *Id.* ¶ 39.[6]

/ / /

/ / /

---

[4] There are two paragraph 33's in the Amended Jenkins Declaration; this citation is to the second. *See* ECF No. 51-1 at 18–19.

[5] Again, there are multiple paragraphs 38 and 39 in the Amended Jenkins Declaration; this citation is to the first of these.

[6] *See supra* note 5.

## II. Analysis

As to the class representatives, Defendant asserts that the named Plaintiffs' misrepresentations in their depositions were material, and as a result the named Plaintiffs lack credibility and cannot adequately represent the class as required by Federal Rule of Civil Procedure 23(a)(4). Disqual. Mot. at 8–11. Furthermore, a named representative's engagement in fraud or deceit makes him an inadequate representative as a matter of law. *Id.* at 11 (citing *Hall v. National Recovery Sys.*, No. 96-132-CIV-T-17(c), 1996 U.S. Dist. LEXIS 11992, at *12–13 (M.D. Fla. Aug. 9, 1996); *Del Campo v. Am. Corrective Counseling Servs., Inc.*, No. C 01-21151 JW (PVT), 2008 U.S. Dist. LEXIS 106837, *13 (N.D. Cal. May 9, 2008); *Weisman v. Darneille*, 78 F.R.D. 669, 671 (S.D.N.Y. 1978)). Defendant also argues that the named "Plaintiffs' participation in other coconut oil class action settlements dilutes their claims of reliance upon the Barlean's labels in question," distinguishing them from the other members of the putative class and therefore creating a conflict of interest. *Id.* at 11–12.

Plaintiffs make many arguments in opposition to Defendant's motion, but as relevant to the Court's analysis, Plaintiffs assert that Defendant's argument that Plaintiffs cannot satisfy the adequacy requirement is "premature," rendering the Disqualification Motion procedurally improper. Disqual. Opp'n at 3–4. Moreover, Plaintiffs note that Defendant fails to cite any authority permitting a disqualification motion against parties. *Id.* at 1.

As to class counsel, Defendant also argues that Plaintiffs' counsel should be disqualified from representing the putative class due to their knowing violations of California Rules of Professional Conduct 1.2 and 3.3. Disqual. Mot. at 12–16. Defendant claims that Plaintiffs' counsel represented Dahl in order "to do all they could to prevent the class membership lists from being produced to Barlean's," showing "they must have known that the three plaintiffs were in fact members of the settlement class in the BetterBody case." *Id.* at 15. Even if Plaintiffs' counsel did not know at the time of the named Plaintiffs' depositions, "they clearly knew by December of 2019, when they began the process of attempting to block production of those records by Dahl," because,

otherwise, "it is difficult to understand why they would have fought the subpoenas so urgently." *Id.* Plaintiffs' counsel's conduct of "allow[ing] a case to proceed with knowledge that plaintiffs have testified falsely" misled both Defendant's counsel and the Court, and therefore "'taints' the trial or legal system." *Id.* at 18 (quoting *Fed. Deposit Ins. Co. v. Isham*, 782 F. Supp. 524, 528 (D. Colo. 1992)).

Again, Plaintiffs assert numerous arguments against Defendant's motion, but primarily Plaintiffs claim that Defendant's argument that Plaintiffs' counsel cannot satisfy the adequacy requirement is "premature," rendering the Disqualification Motion procedurally improper. Disqual. Opp'n at 3–4. Furthermore, Plaintiffs argue that Defendant lacks standing to make this argument, as Defendant does not allege having ever had an attorney-client relationship with Plaintiffs' counsel. *Id.* at 2–3.

There is precedent within the Ninth Circuit for the raising of issues regarding the adequacy of named plaintiffs as class representatives and/or the adequacy of class counsel in advance of an opposition to a motion for class certification—although few such motions appear to have been successful. *See, e.g.*, *Huricks v. Shopkick, Inc.*, No. C-14-2464 MMC, 2014 WL 4954662, at *2–3 (N.D. Cal. Oct. 1, 2014) (denying without prejudice motion to disqualify class counsel and class representatives filed concurrently with motion to dismiss); *Perez v. State Farm Mut. Auto. Ins. Co.*, No. C 06-01962 JW, 2011 WL 8601203, at *2–3 (N.D. Cal. Dec. 7, 2011) (denying motion to disqualify class representative brought shortly after granting of motion to dismiss a fourth amended complaint and denial of motion for class certification as premature); *Krzesniak v. Cendant Corp.*, No. C 05-05156 MEJ, 2007 WL 640594, at *3–4 (N.D. Cal. Feb. 27, 2007) (denying motion to disqualify the named plaintiff as class representative brought before motion for class certification); *see also Valladares v. Insomniac, Inc.*, No. EDCV1400706VAPDTBX, 2015 WL 12656267, at *1 (C.D. Cal. Jan. 29, 2015) (granting early motion for partial summary judgment as to claims of sole named plaintiff filed in advance of motion for class certification and thereby effectively "disqualify[ying] 'the named plaintiff[] as [a] proper

///

class representative[]'") (quoting *Cowen v. Bank United of Texas, FSB*, 70 F.3d 937, 941 (7th Cir. 1995)).

Nor does Defendant necessarily lack standing to bring a motion to disqualify class counsel. *See, e.g.*, *Moreno v. Autozone, Inc.*, No. C05-04432 MJJ, 2007 WL 4287517, at *16–17 (N.D. Cal. Dec. 6, 2007) (granting the defendant's motion to disqualify law firm from serving as class counsel where alleged ethical breaches "'so infect the litigation in which disqualification is sought that [they] impact[ ] the moving party's interest in a just and lawful determination' of its claims," and finding the defendant had standing to bring the motion) (quoting *Colyer v. Smith,* 50 F. Supp. 2d 966, 971–72 (C.D. Cal. 1999)).

Nonetheless, the Court finds persuasive the reasoning of *Krzesniak*, *supra*, in which the court stated:

> Here, Defendants filed a motion challenging Plaintiff's ability to meet the FRCP 23 requirements before Plaintiff filed a motion for class certification. Because Plaintiff has not yet filed his motion, he has not been afforded the opportunity to bear his burden and the record before the Court is incomplete and ill-suited to the task of informing its judgment. Without a complete record, this Court is unable to conduct the rigorous analysis required by Rule 23. . . .
>
> Further, the Advisory Committee Notes to FRCP 23(d) indicate that the objective of FRCP 23(d) is "fair and efficient conduct of the action." As to fairness, as stated above, Plaintiff has not had ample opportunity to establish his qualifications as a class representative. As to efficiency, "[I]n evaluating the pleading process in class actions the court and the parties always should keep in mind two of the basic philosophies of the federal rules-simplicity of procedure and a desire for the speedy determination of litigation on its merits." . . . Here, adhering to the normal and accepted procedural course will best ensure that the proposed class action is conducted in a simple and speedy manner.

2007 WL 640594, at *3–4 (citations omitted). Although Plaintiffs had the opportunity to oppose Defendant's Disqualification Motion, the fact remains that establishing the

adequacy of the named Plaintiffs and class counsel is Plaintiffs' burden. *See, e.g.*, *Cochoit v. Schiff Nutrition Int'l, Inc.*, 326 F.R.D. 631, 635 (C.D. Cal. 2018) ("To satisfy the adequacy requirement, the named plaintiff must show that she and her counsel will fairly and adequately represent the class.") (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)). The Court is wary of disqualifying either before Plaintiffs have had a full and fair opportunity to present their evidence and arguments in their motion for class certification.

Accordingly, the Court **DENIES** Defendant's Disqualification Motion, without prejudice to renewing these arguments once Plaintiffs have had the opportunity to carry their evidentiary burdens with regard to Federal Rule of Civil Procedure 23.[7]

## RULE 11 SANCTIONS MOTION

Plaintiffs filed their Sanctions Motion in response to Defendant's Disqualification Motion, claiming that the Disqualification Motion "rests on misrepresentations of the record and rank speculation following inadequate investigation." *See* ECF No. 57-1 ("Sanctions Br.") at 1. Plaintiffs contend that Defendant's Disqualification Motion contains "five categories of frivolous factual contentions" that merit sanctions: (1) "[g]eneral assertions of wrongdoing," (2) "[a]ssertions that Plaintiff Collin Shanks testified in another case that Jarrow was the only brand of coconut oil he had ever purchased," (3) "[a]ssertions that Plaintiffs LaMartine Pierre and Michael Testone denied participating in the *Cumming v. BetterBody* settlement by making a claim," (4) "[a]ssertions that Plaintiff could not recall other brands of coconut oil they had purchased," and (5) "[a]ssertions that Plaintiffs' inability to recall other brands of coconut oil they had purchased were false." *Id.* at 2; *see also id.* at 2–14. Plaintiffs also argue that "[t]he whole premise to Barlean's misguided speculation about Plaintiffs' perjury is that their participation in the BetterBody settlement renders them inadequate class representatives in this case," but this "is

---

[7] In light of the Court's disposition of the Disqualification Motion, the Court **DENIES AS MOOT** Plaintiffs' Evidentiary Objections (ECF No. 58-6).

unwarranted by the law." *Id.* at 14.  Finally, Plaintiffs contend that the Disqualification Motion was brought for improper purposes, as Defendant lacks standing to seek disqualification of Plaintiffs' counsel, *id.* at 19–20, and the motion is a premature opposition to class certification brought to distract Plaintiffs' counsel from discovery and to obtain an undue procedural advantage, *id.* at 20–24.  Plaintiffs request the Court to strike the Disqualification Motion, require Defendant and Ms. Jenkins to file letters of apology, order all future filings to be certified to comply with Rule 11, and award monetary sanctions ($1,000 payable by Ms. Jenkins to the Court, as well as Plaintiffs' reasonable fees incurred in connection with the Sanctions Motion and the Disqualification Motion).  *Id.* at 25.

Defendant vigorously opposes the motion, and, in fact, asserts that Plaintiffs' Sanctions Motion is frivolous and requests an award of its fees in defending the motion. Sanctions Opp'n at 16–17.

"Rule 11 sanctions are warranted when a party files a lawsuit or motion that is frivolous, legally unreasonable, without factual foundation, or is otherwise brought for an improper purpose."  *Katz v. Aurora Loan Servs., LLC*, No. 11-cv-1806-IEG (POR), 2012 WL 78894 at * 2 (S.D. Cal. Jan. 10, 2012) (citing *Warren v. Guelker*, 29 F.3d 1386, 1388 (9th Cir. 1994)).  The court "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."  Fed. R. Civ. P. 11(c)(1). "If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion."  Fed. R. Civ. P. 11(c)(2).  "[S]anctions should be reserved for the 'rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose.'" *Primus Auto. Fin. Serv., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) (quoting *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988)).

The Court declines Plaintiffs' request to sanction Defendant or Ms. Jenkins.  The filing of the Disqualification Motion was not frivolous, as there is precedent for the filing of such motions before a motion for class certification (although, as discussed *supra* at 8–10, the Court ultimately finds the authorities deeming such motions premature prior to class

certification more persuasive), and Defendant has a colorable argument of standing to seek disqualification of Messrs. Fitzgerald and Joseph. Moreover, the Court does not find the positions undertaken in the Disqualification Motion to be so foundationless or uninvestigated as to be sanctionable. While the more fulsome excerpts from Mr. Shanks' deposition transcript in the Jarrow Case provided by Plaintiffs in their Opposition to the Disqualification Motion, *see* ECF No. 57-2 ("Fitzgerald Sanctions Decl.") Ex. 1, refute one of the arguments advanced by Defendant in its Disqualification Motion, Ms. Jenkins declared under oath that she attempted to obtain the full transcripts, and she gamely admitted her error when confronted with the testimony that contradicted her argument. *See* ECF No. 61-1 ("2d Jenkins Decl.") ¶¶ 5–6. Defendant then withdrew its argument premised on the alleged misstatement. Sanctions Opp'n at 17. The Court does not find Defendant's error to rise to a sanctionable level.

Accordingly, the Court **DENIES** Plaintiffs' Sanctions Motion. The Court likewise **DENIES** Defendant's request for its costs in defending the Sanctions Motion, which itself was not so baseless as to rise to the level of frivolousness.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Disqualification Motion and **DENIES** Plaintiffs' Sanctions Motion. The docketing of this Order **LIFTS** the stay entered by this Court pending resolution of the Disqualification Motion. *See* ECF No. 55 at 6.

**IT IS SO ORDERED.**

Dated: January 4, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge