UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TESTONE, COLLIN SHANKS, and LAMARTINE PIERRE, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>BARLEAN'S ORGANIC OILS, LLC,<br><br>Defendant. | Case No.: 19-CV-169 JLS (BGS)<br><br>**ORDER (1) GRANTING DEFENDANT'S EX PARTE MOTION FOR ORDER MODIFYING BRIEFING SCHEDULE ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND (2) AMENDING BRIEFING SCHEDULE AND HEARING DATE**<br><br>(ECF No. 74) |

Presently before the Court is Defendant Barlean's Organic Oils, LLC's ("Defendant") *Ex Parte* Motion for Order Modifying Briefing Schedule on Plaintiffs' Motion for Class Certification ("*Ex Parte* Mot.," ECF No. 74), as well as Plaintiffs Michael Testone, Collin Shanks, and Lamartine Pierre's (collectively, "Plaintiffs") Opposition thereto ("Opp'n," ECF No. 76).

Defendant seeks to extend the due date for its opposition to Plaintiffs' Motion for Class Certification by three (3) weeks. *Ex Parte* Mot. at 1. Defendant argues that good cause exists for the extension because Defendant's sole counsel, Gabriel G. Hedrick, has a

pre-planned vacation scheduled for the week of April 1, 2021, and because survey data Defendant's expert witness Sarah Butler intends to rely on will not be available until around the week of March 29, 2021, which Ms. Butler will then need to review and analyze and Defendant's counsel will need to incorporate into its opposition to Plaintiffs' Motion for Class Certification. *Id.* at 2–3. Further, Defendant's expert Stephanie Plancich will need to incorporate and rely on the findings of Ms. Butler in her expert report, which Defendant's counsel will then need to incorporate into the opposition brief. *Id.* at 3. Defendant argues that it was not dilatory in obtaining expert witnesses because "[its] needs for preparing a meaningful opposition to Plaintiffs' Motion is entirely dependent on the arguments and evidence submitted by Plaintiffs," so "[Defendant] could not know what arguments and evidence Plaintiffs would rely on until they filed their motion." *Id.* at 5. And, even if Defendant could have anticipated in advance the need for survey evidence, Defendant notes that the parameters of the survey may have required modification in light of Plaintiffs' Motion for Class Certification. *Id.* Defendant also argues that there was "little sense" in spending significant resources on expert witnesses "if there was a potential that Plaintiffs could be disqualified as class representatives" pursuant to Defendant's Motion to Disqualify, which was decided on January 4, 2021. *Id.* at 6 (citing ECF No. 64). Finally, Defendant notes that its counsel was only substituted into the case on January 6, 2021, at which point fact discovery was largely complete and Defendant's counsel needed to get up to speed before being able to ascertain Defendant's expert witness needs. *Id.*

Plaintiffs adamantly oppose Defendant's request. First, Plaintiffs argue that Defendant will not be irreparably harmed absent relief because Defendant could instead file a motion for decertification, a *Daubert* motion, or a motion *in limine*. Opp'n at 2–3. Second, Plaintiffs argue that Defendant has not shown that it is without fault or that its conduct is excusable. *Id.* at 3. Plaintiffs argue that Defendant should have known it would need additional time to oppose the Motion for Class Certification when this Court, on January 11, 2021, set a deadline of March 1, 2021 for Plaintiffs to file their Motion. *Id.* (citing ECF No. 68). Plaintiffs further argue that Ms. Butler's "survey is not actually

rebuttal," but rather independent and competing evidence, so Defendant's decision to wait to see Plaintiffs' evidence and arguments was not reasonable. *Id.* at 5–6. Third, Plaintiffs claim that, while Mr. Hedrick was only formally substituted as Defendant's counsel of record on January 6, 2021, Miles Scully of the same firm consented to the substitution on December 18, 2020, so Mr. Hedrick has had since mid-December to familiarize himself with this litigation. *Id.* at 6. Fourth, Plaintiffs argue that it is not certain that Ms. Butler will not be able to complete her survey in time. *Id.* at 6–7. Fifth, Plaintiffs claim that Defendant's counsel initially was amenable to a hearing date in mid- to late April, which would have required Defendant to file its opposition around the date recently set by this Court. *Id.* at 7. Sixth, Plaintiffs argue that Mr. Hedrick is not Defendant's sole counsel, as Mr. Scully also has appeared, and other attorneys should be available to staff the matter, as Defendant's counsel work for one of the largest firms in the United States. *Id.* at 7–8. Finally, Plaintiffs argue that Defendant does not justify its request for a three-week extension, and that Defendant provides no corresponding extension to Plaintiffs and cuts short the Court's time to review the briefing on the Motion. *Id.* at 8.

The Court finds, as a whole, that it is appropriate to grant Defendant's *Ex Parte* Motion, but subject to modifications to minimize the prejudice to Plaintiffs and to provide the Court with adequate time to prepare for the hearing. First, the Court notes that Plaintiffs cite to this Court's order in *Raiser v. Casserly*, Case No. 18-CV-1836, ECF No. 57 (Feb. 3, 2020), for the legal standard applicable to requests for *ex parte* relief. *See* Opp'n at 1–2. However, the relevant facts and posture of *Raiser* are highly distinguishable from the instant action and requested relief. *Raiser* involved a pro se plaintiff who had filed a total of fourteen *ex parte* motions, seeking orders including, for example, that certain local rules be deemed unconstitutional and that only Judge Sammartino, and not any Court staff, read and research his filings. *Id.* at 1–2. The Court noted that these issues could be raised via noticed motions, rendering *ex parte* relief inappropriate. *Id.* at 2–3.

Meanwhile, Plaintiffs filed their Motion for Class Certification on March 2, 2021, and only secured the hearing date of May 20, 2021 the day prior to filing. *See* ECF No.

70. This Court then set the briefing schedule for the Motion for Class Certification on March 3, 2021, moving up the default date under the Local Rules on which Defendant's opposition to the Motion for Class Certification was due by five weeks. *See* ECF No. 71; S.D. CivLR 7.1(e)(2). By the time the Order setting the briefing schedule issued, pursuant to the twenty-eight day rule, the earliest hearing date for a noticed motion seeking to alter the briefing schedule would have been April 1, 2021—the same day Defendant's opposition is due under the Court's briefing schedule. *See* ECF No. 71; S.D. CivLR 7.1(e)(1). Obviously, under such circumstances, an *ex parte* motion is appropriate.

While Plaintiffs argue that Defendant would not be harmed irreparably by denying the requested extension, the Court believes briefing a separate motion for decertification would prejudice Plaintiffs by requiring them to incur additional legal fees to brief separately another substantive motion. More importantly, it is not an efficient use of this Court's limited resources to decide multiple motions on the issue of class certification if such a situation reasonably can be avoided. And, while Plaintiffs claim that a law firm as large as the one representing Defendant should be able to provide coverage for Mr. Hedrick, the Court is mindful that not all attorneys who appear in a matter are necessarily privy to all of the facts of the case, and adding additional lawyers not only likely would require Defendant's approval but would necessitate additional time and expense to bring those lawyers up to speed, thereby harming Defendant. Finally, the Court is not persuaded that Defendant was dilatory in failing to secure experts while its Motion to Disqualify was pending and while its new counsel was getting up to speed on the case, and the Court has no desire to ruin Mr. Hedrick's pre-existing family vacation plans—a courtesy the Court would also extend to Plaintiffs' counsel should the Parties' positions be reversed.

Accordingly, the Court **GRANTS** Defendant's *Ex Parte* Motion and extends the deadline for Defendant to oppose Plaintiffs' Motion for Class Certification by three (3) weeks to <u>April 22, 2021</u>. However, in the interest of fairness, the Court reciprocally will extend the time for Plaintiffs to file their reply by three (3) weeks, to <u>May 27, 2021</u>. To accommodate the Court's schedule and give it adequate time to prepare for the hearing, the

Court **RESETS** the hearing on the Motion for Class Certification to 1:30 p.m. on June 24, 2021. Should the Parties have any conflict with this amended briefing and hearing schedule, they are to e-mail Chambers at efile_sammartino@casd.uscourts.gov with alternative dates that are agreeable to all Parties.

**IT IS SO ORDERED.**

Dated: March 11, 2021

Hon. Janis L. Sammartino
United States District Judge