**FITZGERALD JOSEPH LLP**
JACK FITZGERALD (SBN 257370)
*jack@fitzgeraldjoseph.com*
PAUL K. JOSEPH (SBN 287057)
*paul@fitzgeraldjoseph.com*
MELANIE PERSINGER (SBN 275423)
*melanie@fitzgeraldjoseph.com*
TREVOR M. FLYNN (SBN 253362)
*trevor@fitzgeraldjoseph.com*
RICHELLE KEMLER (SBN 232712)
*richelle@fitzgeraldjoseph.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619) 215-1741
Fax: (619) 331-2943

***Counsel for Plaintiffs***

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL TESTONE, COLLIN SHANKS, and LAMARTINE PIERRE, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>BARLEAN'S ORGANIC OILS, LLC,<br><br>Defendant. | Case No: 3:19-cv-00169-JLS-BGS<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Judge: Hon. Janis L. Sammartino<br>Date: June 24, 2021<br>Time: 1:30 p.m.<br>Court: 4D – 4th Floor |

# TABLE OF CONTENTS


TABLE OF AUTHORITIES .......... ii

REPLY .......... 1

I. PLAINTIFFS MEET THE REQUIREMENTS OF RULE 23(a) .......... 2

A. Plaintiffs' Claims are Typical of Other Class Members' Claims .......... 2

B. Plaintiffs are Adequate Class Representatives .......... 4

II. PLAINTIFFS MEET THE REQUIREMENTS OF RULE 23(b)(3) .......... 6

A. Materiality and Deception are Predominating Common Questions .......... 6

B. Butler's Survey Does not Establish the Predominance of Individual Issues .......... 8

C. Plaintiffs' Damages Model Satisfies *Comcast* .......... 9

III. CONCLUSION .......... 10

# TABLE OF AUTHORITIES

## Cases

*Alvarez v. NBTY, Inc.*,
331 F.R.D. 416 (S.D. Cal. 2019)....................3

*Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*,
568 U.S. 455 (2013)....................1, 6, 9

*Astiana v. Kashi Co.*,
291 F.R.D. 493 (S.D. Cal. 2013)....................4

*Bailey v. Rite Aid Corp.*,
2021 WL 1668003 (N.D. Cal. Apr. 28, 2021)....................1, 9

*Bradach v. Pharmavite, LLC*,
735 Fed. App'x 251 (9th Cir. 2018)....................1, 2, 9

*Broomfield v. Craft Brew Alliance, Inc.*,
2018 WL 4952519 (N.D. Cal. Sept. 25, 2018)....................6

*Brown v. Kelly*,
609 F.3d 467 (2d Cir. 2010)....................3

*Conde v. Sensa*,
2018 WL 4297056 (S.D. Cal. Sept. 10, 2018)....................3

*Dachauer v. NBTY, Inc.*,
913 F.3d 844 (9th Cir. 2019)....................8

*de Lacour v. Colgate-Palmolive Co.*,
2021 WL 1590208 (S.D.N.Y. Apr. 23, 2021)....................1, 9

*Farar v. Bayer AG*,
2017 WL 5952876 (N.D. Cal. Nov. 15, 2017)....................9

*Gilbert v. MoneyMutual, LLC*,
2016 WL 7785453 (N.D. Cal. Feb. 8, 2016)....................7

*Guido v. L'Oreal, USA, Inc.*,
2013 WL 454861 (C.D. Cal. Feb. 6, 2013)....................8

*Hadley v. Kellogg Sales Co.*,
324 F. Supp. 3d 1084 (N.D. Cal. 2018)....................passim

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir. 1992)....................3, 4

*Harris v. Vector Mktg. Corp.*,
753 F. Supp. 2d 996 (N.D. Cal. 2010)....................5, 6

*Hawkins v. Kroger Co.*,
337 F.R.D. 518 (S.D. Cal. 2020)....................1

*In re Catfish Antitrust Litig.*,
826 F. Supp. 1019 (N.D. Miss. 1993)....................3

*In re Coca-Cola Prod. Mktg. & Sales Practices Litig.*,
2020 WL 759388 (N.D. Cal. Feb. 14, 2020)....................8

*In re Kind LLC "Healthy and All Natural" Litig.*,
337 F.R.D. 581 (S.D.N.Y. 2021)....................1

*In re Vioxx Class Cases*,
180 Cal. App. 4th 116 (2009)....................7

*Just Film, Inc. v. Buono*,
847 F.3d 1108 (9th Cir. 2017)....................3

*Krommenhock v. Post Foods, LLC*,
334 F.R.D 552 (N.D. Cal. 2020)....................1, 7, 8, 10

*Kumar v. Salov N.A. Corp.*,
2016 WL 3844334 (N.D. Cal. July 15, 2016)....................8

*Kurtz v. Costco Wholesale Corp.*,
818 F. App'x 57 (2d Cir. 2020)....................4

*Kurtz v. Kimberly-Clark Corp.*,
321 F.R.D. 482 (E.D.N.Y. 2017)....................4

*Maldonado v. Apple, Inc.*, 2021 WL 1947512 (N.D. Cal. May 14, 2021) ........ 1, 10

*Martin v. Monsanto Co.*, 2017 WL 1115167 (C.D. Cal. Mar. 24, 2017) ........ 7

*McMorrow v. Mondelez Int'l, Inc.*, 2020 WL 1157191 (S.D. Cal. Mar. 9, 2020) ........ 1

*McMorrow v. Mondelez Int'l, Inc.*, 2021 WL 859137 (S.D. Cal. Mar. 8, 2021) ........ 1, 10

*Nunez v. BAE Sys. San Diego Ship Repair Inc.*, 292 F. Supp. 3d 1018 (S.D. Cal. 2017) ........ 5

*Pettit v. Procter & Gamble Co.*, 2017 WL 3310692 (N.D. Cal. Aug. 3, 2017) ........ 4

*Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125 (9th Cir. 2016) ........ 9

*Shanks v. Jarrow Formulas, Inc.*, 2019 WL 4398506 (C.D. Cal. Aug. 27, 2019) ........ 1, 8

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) ........ 1

*Stearns v. Ticketmaster Corp.*, 655 F.3d 1013 (9th Cir. 2011) ........ 7

*Steroid Hormone Prod. Cases*, 181 Cal. App. 4th 145 (2010) ........ 2

*Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466 (C.D. Cal. 2012) ........ 2

*Waller v. Hewlett-Packard Co.*, 295 F.R.D. 472 (S.D. Cal. 2013) ........ 2

*Werdebaugh v. Blue Diamond Growers*, 2014 WL 2191901 (N.D. Cal. May 23, 2014) ........ 7

*Zeiger v. WellPet LLC*,
2021 WL 756109 (N.D. Cal. Feb. 26, 2021) ........................................................ 1

**REPLY**

Barlean's Opposition largely argues that class certification should be denied because the merits are supposedly in its favor. For example, Barlean's claims it has evidence undermining materiality, so that certification is not proper. But "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage," and "[m]erits questions may be considered . . . only to the extent[] . . . they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013); *accord McMorrow v. Mondelez Int'l, Inc.*, 2020 WL 1157191, at *2 (S.D. Cal. Mar. 9, 2020) ("A weighing of competing evidence . . . is inappropriate at this stage of the litigation." (citing *Staton v. Boeing Co.*, 327 F.3d 938, 954 (9th Cir. 2003))). Given the objective standards that apply to Plaintiffs' claims under California and New York's consumer protection statutes and the uniformity of Barlean's challenged conduct toward Class Members, here—as in a spate of other cases challenging labeling claims that have recently been certified—all Rule 23 elements are easily satisfied.[1]

In contrast to these cases, the primary decision on which Barlean's relies, *Shanks v. Jarrow Formulas, Inc.*, 2019 WL 4398506 (C.D. Cal. Aug. 27, 2019), erroneously required Plaintiffs to *prove* materiality, deception, and damages to obtain class certification, then weighed arbitrary portions of the record like it was summary judgment. *See*, *e.g.*, *id.*, at *5-6. The decision also relied on cases predating the Ninth Circuit's decision in *Bradach v. Pharmavite, LLC*, 735 Fed. App'x 251 (9th Cir. 2018), which held it is "an error of law and . . . a per se abuse of discretion" to deny certification of a consumer fraud class based on a

[1] *See*, *e.g.*, *Bailey v. Rite Aid Corp.*, 2021 WL 1668003 (N.D. Cal. Apr. 28, 2021); *de Lacour v. Colgate-Palmolive Co.*, 2021 WL 1590208 (S.D.N.Y. Apr. 23, 2021); *In re Kind LLC "Healthy and All Natural" Litig.*, 337 F.R.D. 581 (S.D.N.Y. 2021); *McMorrow v. Mondelez Int'l, Inc.*, 2021 WL 859137 (S.D. Cal. Mar. 8, 2021); *Zeiger v. WellPet LLC*, 2021 WL 756109 (N.D. Cal. Feb. 26, 2021); *Hawkins v. Kroger Co.*, 337 F.R.D. 518 (S.D. Cal. 2020); *Krommenhock v. Post Foods, LLC*, 334 F.R.D 552 (N.D. Cal. 2020); *Hadley v. Kellogg Sales Co.*, 324 F. Supp. 3d 1084 (N.D. Cal. 2018); *cf. Maldonado v. Apple, Inc.*, 2021 WL 1947512 (N.D. Cal. May 14, 2021) (denying motion for decertification).

purported "need to inquire into the motives of each individual class member," since—given the objective standards that apply—"CLRA and UCL claims are 'ideal for class certification because they will not require the court to investigate class members' individual interaction with the product.'" *Id.* at 254-55 (quoting *Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 480 (C.D. Cal. 2012)).

## I. PLAINTIFFS MEET THE REQUIREMENTS OF RULE 23(a)

Several of Barlean's arguments are based on incorrect premises of law. For example, Barlean's asserts without authority that "Plaintiffs' claims under California's UCL, FAL, and CLRA each require at least some evidence at the class certification stage that class members relied on the challenged label claims." Opp. at 11. That is clearly wrong, since "relief under the UCL is available without any proof of deception, reliance, or damages." *Waller v. Hewlett-Packard Co.*, 295 F.R.D. 472, 487 (S.D. Cal. 2013) (citations omitted); *see also Steroid Hormone Prod. Cases*, 181 Cal. App. 4th 145, 154 (2010) ("once the named plaintiff" shows injury, "no further individualized proof of injury or causation is required").[2] Barlean's similarly claims without authority that Plaintiffs "must put forth some evidence of materiality and likelihood of deception" to obtain certification. *See* Opp. at 12. Again, that is wrong. A plaintiff's purported "fail[ure] to provide sufficient evidence of deception and materiality" at the class certification stage "has no bearing on whether common questions will predominate over individual questions," because "the questions of whether the challenged health statements were misleading and material must be evaluated according to an objective 'reasonable consumer' standard." *Hadley*, 324 F. Supp. 3d at 1115 (citations omitted).

### A. Plaintiffs' Claims are Typical of Other Class Members' Claims

Barlean's argues Plaintiffs' claims are atypical because a survey by its expert, Sarah Butler, supposedly "demonstrates that most purchasers of coconut oil are likely to be motivated to buy coconut oil based on factors other than the presence of the challenged claims

[2] Barlean's argues this "case law . . . is questionable" because it "predates the California Supreme Court's holding in *In re Tobacco II Cases*," but as Barlean's notes, that case applies to the "class representative," not absent class members. *See* Opp. at 12 (citations omitted).

on the product." Opp. at 21. This argument misunderstands the typicality requirement, which "refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal citation and quotation marks omitted). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Alvarez v. NBTY, Inc.*, 331 F.R.D. 416, 421-22 (S.D. Cal. 2019) (internal quotes and citation omitted); *see also Brown v. Kelly*, 609 F.3d 467, 475 (2d Cir. 2010) (Typicality "'is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" (citation omitted)).

Barlean's does not contest that its coconut oils were consistently labeled with the challenged claims, such that it "engaged in a common scheme relative to all members of the class," raising a "strong assumption that the claims of the representative parties will be typical of the absent class members." *In re Catfish Antitrust Litig.*, 826 F. Supp. 1019, 1035 (N.D. Miss. 1993). "Plaintiff[s'] specific reason [for purchase] is immaterial; all potential class members were exposed to the same alleged misrepresentation," and "Plaintiff[s] therefore allege[] the same injury as the class members: monetary loss from purchasing a product based on alleged misrepresentations." *Alvarez*, 331 F.R.D. at 422 (citing *Conde v. Sensa*, 2018 WL 4297056, at *7 (S.D. Cal. Sept. 10, 2018)); *see also Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017) ("Typicality focuses on the class representative's claim—but not the specific facts from which the claim arose").

Barlean's also argues Plaintiffs' claims are atypical because they "cannot credibly claim that they relied on any [challenged] statements," Opp. at 22. This is not supported by the evidence Barlean's cites. For example, that Plaintiffs were not "very familiar with MCTs," *id.*, does not logically preclude them from having relied on claims touting the health benefits of MCTs in Barlean's coconut oil. *See Kurtz v. Costco Wholesale Corp.*, 818 F. App'x 57, 60 (2d Cir. 2020) ("purchasing history is largely irrelevant to typicality"). Moreover, the named

Plaintiffs' reliance—which absent class members need not even prove—goes to standing, a merits issue, not typicality, and is not properly resolved at the class certification stage. *See Hanon*, 976 F.2d at 509 ("the defense of non-reliance is not a basis for denial of class certification"). Here, each Plaintiff testified that the challenged claims were substantial factors in their decisions to purchase the products. *See* Shanks Dep. Tr. 49:3-53:11, 81:3-84:3;[3] Pierre Dep. Tr. 19:15-22; 27:18-28:3; Testone Dep. Tr. 26:7-15; 30:6-32:16.

Finally, Barlean's argues Plaintiffs' claims are atypical because they "have failed to make any showing that members of the putative class purchased the Products at a higher price than they would have paid absent the challenged claims," *see* Opp. at 21. But because all class members allege the same injury—the payment of a price premium due to the misleading health claims—typicality is satisfied. *See Pettit v. Procter & Gamble Co.*, 2017 WL 3310692, at *4 (N.D. Cal. Aug. 3, 2017) (Finding typicality satisfied where plaintiff, "[l]ike the class generally, [sought] restitution for a premium paid for what she alleges was a falsely-labeled product," and explaining that the plaintiff's "personal experience with" the product was "not crucial to her typicality."); *Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482, 499 (E.D.N.Y. 2017) (Typicality satisfied where "[t]he central issue in the case is the alleged payment by consumers of a price premium for a product that misrepresented itself as flushable.").

**B. Plaintiffs are Adequate Class Representatives**

Barlean's argues "Plaintiffs' credibility issues preclude them from being adequate class representatives," because each "participated in at least one class settlement for another brand of coconut oil" and one plaintiff, Mr. Pierre, testified he purchased the product at Walmart, though it does not sell Barlean's products. Opp. at 23-25. But "[c]redibility problems do not

---

[3] That Mr. Shanks is "an admitted vaper and fast food consumer" does not render him atypical: "that Plaintiff[] may also purchase unhealthy . . . foods says nothing about whether they purchased [Defendant's] products specifically because they were supposedly healthy," *Astiana v. Kashi Co.*, 291 F.R.D. 493, 503 (S.D. Cal. 2013); *cf. Hadley*, 324 F. Supp. 3d at 1120 (Plaintiff not atypical because "he engages in activities that dramatically increase his risk of suffering the harmful health effects he blames on the challenged products").

automatically render a proposed class representative inadequate," and "[o]nly when attacks on the credibility of the representative party are so sharp as to jeopardize the interests of absent class members should such attacks render a putative class representative inadequate." *Nunez v. BAE Sys. San Diego Ship Repair Inc.*, 292 F. Supp. 3d 1018, 1035 (S.D. Cal. 2017) (Sammartino, J.) (citing *Harris v. Vector Mktg. Corp.*, 753 F. Supp. 2d 996, 1015 (N.D. Cal. 2010) (internal quotes omitted)). "Questions of personal integrity are but one factor the Court must consider," and Barlean's raises no "confirmed examples of dishonesty, such as a criminal conviction for fraud," nor is there any alleged "improper or questionable conduct arising out of or touching upon the very prosecution of the lawsuit" that would warrant consideration of inadequacy. *See Harris*, 753 F. Supp. 2d at 1015 (N.D. Cal. 2010).

In contrast to something like criminal conviction for fraud, Barlean's argues Plaintiffs are inadequate because they did not "recall buying any other brands, such as Better Body." Opp. at 24 (discussing Messrs. Shanks and Pierre); *see also id*. at 25 (discussing Mr. Testone). Even accepting Barlean's characterization, Plaintiffs' failure to recall two years later submitting a claim in the settlement of a different coconut oil case in which they otherwise had no involvement, is a collateral matter that does not render them inadequate. *See Harris*, 753 F. Supp. 2d at 1015-16 (rejecting inadequacy arguments where credibility issues were "not directly relevant to the claims related to the [allegations]"). But Barlean's mischaracterizes Plaintiffs' testimony, which simply does not prove what it claims. *See* Mot. at 13-14; *see also* Plaintiffs' Declarations in Opposition to Barlean's Motion to Disqualify (Dkt. Nos. 58-3 to 58-5), and in Support of Class Certification (Dkt. Nos. 70-10 to 70-12).

Mr. Pierre already explained the testimony Barlean's cites in which he misremembered in 2019 the retailer from which he purchased Barlean's coconut oil as far back as 2014. *See* Opp. at 24; *compare* Dkt. No. 58-5, Pierre Decl. ¶¶ 14-17. While this mistaken memory does not seem particularly surprising, even if it were, a "single inconsistency . . . is not so sharp as to jeopardize the interests of absent class members," *see Nunez*, 292 F. Supp. 3d at 1035 (quotation omitted), particularly since the record leaves no real doubt Mr. Pierre is a bona fide purchaser. *See* Dkt. No. 57-2, Fitzgerald Decl. Ex. 4, Pierre Dep. Tr. at 18:3-19:22,

21:13-23:15, 27:18-28:14, 30:16-31:3, 31:8-12, 32:23-33:4, 33:11-12, 39:3-14, 39:25-40:6. Thus, Mr. Pierre is not inadequate. *See Harris*, 753 F. Supp. 2d at 1015 (credibility issues do not result in inadequacy where plaintiff "made an adequate showing that she will be a fair and adequate representative as to these claims"); *Hadley*, 324 F. Supp. 3d at 1119 (Plaintiff not inadequate where "the record leaves no doubt" he "'was an avid cereal eater who regularly bought and consumed the products[.]'" (quotation marks and record citation omitted)).[4]

## II. PLAINTIFFS MEET THE REQUIREMENTS OF RULE 23(b)(3)

### A. Materiality and Deception are Predominating Common Questions

Relying heavily on *Shanks*, Barlean's argues that Plaintiffs "must put forth at least some evidence that the challenged statements were material, and that members of the public were likely to be deceived," Opp. at 13, but failed to do so. Barlean's is wrong on the law and facts. "[T]he question at this stage is not whether Plaintiffs have successfully proven materiality [and deception], but rather whether the materiality [and deception] inquiry is a common question," *Broomfield v. Craft Brew Alliance, Inc.*, 2018 WL 4952519, at *11 (N.D. Cal. Sept. 25, 2018) (citation omitted). Here, "[b]ecause all Class Members were exposed [to] the challenged labeling," and "because deception and materiality are objective questions, they are '"common question[s]" for purposes of Rule 23(b)(3).'" *See* Mot. 11 (quoting *Hadley*, 324 F. Supp. 3d at 1115 (citing *Amgen*, 568 U.S. at 468 [PJ1](where materiality is judged by an objective standard, no evidence is required at certification since "the failure of proof on the element of materiality would end the case for one and for all"))).

Barlean's notes that "'[i]f the misrepresentation or omission is not material to all class members, the issue of reliance would vary from consumer to consumer and the class should not be certified.'" Opp. at 11 (quoting *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1022-23 (9th Cir. 2011) (quoting *In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 129 (2009)). But in *Stearns* and *Vioxx*, materiality and reliance were not subject to common proof because of

[4] Although the most salient points are addressed here, many of the same issues regarding adequacy were briefed in more detail in Barlean's Motion to Disqualify (Dkt Nos. 50-1, 58, and 59) and Plaintiffs' Rule 11 Motion for Sanctions (Dkt Nos. 57-1, 61, and 62).

a lack of uniform *exposure* to the misrepresentations, not absent class members' varying reasons for buying a product. *See* 180 Cal. App. 4th at 124. *See also Hadley*, 324 F. Supp. 3d at 1102 (distinguishing *Vioxx*). In "cases involving product labels," courts "infer that the class members were exposed to the allegedly misleading statement at the point of sale." *Gilbert v. MoneyMutual, LLC*, 2016 WL 7785453, at *8 (N.D. Cal. Feb. 8, 2016). "Unlike *Vioxx* [and *Stearns*], this case presents specific alleged misrepresentations common to the class," *Werdebaugh v. Blue Diamond Growers*, 2014 WL 2191901, at *14 (N.D. Cal. May 23, 2014), and Barlean's has "'failed to present any evidence that class members were able to purchase [the] products without being exposed to the alleged misrepresentations,' so predominance is satisfied." *Martin v. Monsanto Co.*, 2017 WL 1115167, at *7 n.1 (C.D. Cal. Mar. 24, 2017).

Relying on *Shanks*, Barlean's says Plaintiffs do not show "whether a significant portion of the general public would read the challenged labels," *see* Opp. at 15-16. "California law," however, "does not ask whether class members actually saw or relied on representations, but simply whether the representations were consistently made and were material to a reasonable consumer." *Krommenhock*, 334 F.R.D. at 565. "Where, as here, there is evidence that the representation was consistently made on a product's label, the only question is whether it was objectively material to a reasonable consumer." *Id.* (citations omitted). Given that each Class Member was necessarily exposed to the challenged claims—which Barlean's testified convey the same message of healthfulness, *see* Mot. at 3-6—whether those claims are material and misleading is common to all Class Members. *See Hadley*, 324 F. Supp. 3d at 1114-17.

Even if some evidence of materiality or deception was required now, Plaintiffs have offered it, showing that Barlean's has reason to know the claims are material, Mot. at 2-5, and that they violate nutrient content regulations, *id.* at 6, which renders them *material misrepresentations* as a matter of law, *id.* at 17. *See also* Dkt. No. 70-3, Puckett 30(b)(6) Dep. Tr. at 96:23-97:3 (agreeing "the health properties of the Barlean's coconut oils [are] important to its purchase[r]s"); Dkt. No. 70-7, Ex. 4 at BAR26867 (Research showing consumers "WANT—AND PAY MORE FOR—HEALTHIER SNACK CHOICES."); *compare Kumar v. Salov N.A. Corp.*, 2016 WL 3844334, at *8 (N.D. Cal. July 15, 2016) ("Materiality can be

shown by a third party's, or defendant's own, market research showing the importance of [challenged] representations to purchasers[.]"); *In re Coca-Cola Prod. Mktg. & Sales Practices Litig.*, 2020 WL 759388, at *14 (N.D. Cal. Feb. 14, 2020).

Regarding Plaintiffs' omission claims, *see* FAC ¶¶ 63, 76, "[c]ourts have found as a matter of course that '[n]ondisclosures about safety considerations of consumer products are material.'" *Guido v. L'Oreal, USA, Inc.*, 2013 WL 454861, at *7 (C.D. Cal. Feb. 6, 2013); *accord Dachauer v. NBTY, Inc.*, 913 F.3d 844, 849 (9th Cir. 2019) ("[A]n increased risk of death" associated with consuming dietary supplement is "a material fact[.]").

Finally, Plaintiffs offer common evidence of deception through the testimony of Dr. Michael Greger, who opines that the challenged products are not healthy. *See* Mot. at 18-19; *compare Krommenhock*, 334 F.R.D. at 569 (Relying, in part, on Dr. Greger's opinions to hold "plaintiffs have ample, albeit disputed, evidence that the Products are not 'healthy'"); *Hadley*, 324 F. Supp. 3d at 1115 (accepting Dr. Greger's opinion as evidence of deception).[5]

**B. Butler's Survey Does not Establish the Predominance of Individual Issues**

Barlean's asserts "Butler's Survey Establishes There Are Significant Individualized Issues," Opp. at 18, because it supposedly shows consumers have different reasons for purchasing its coconut oil. That ignores the legal standards, which do not consider individual class members' interactions with the product. *Bradach*, 735 Fed. App'x at 254-55; *see also Hadley*, 324 F. Supp. 3d at 1116-17 (plaintiffs "not required to prove that the challenged

---

[5] Barlean's relies on a portion of the *Shanks* decision noting, "Dr. Greger did not opine on whether a significant portion of the general public would read the challenged label, understand the statements on the label to mean Defendant's coconut oil products are healthy, and subsequently purchase Defendant's coconut oil based on this mistaken belief." Opp. at 15 (quoting 2019 WL 4398506, at *6). But there is no authority supporting these phantom requirements, including in the decision. Further, unlike Jarrow, Barlean's represents coconut oils as "[t]he ultimate cooking oil for health-conscious gourmets," a "Healthy Alternative to Butter" and "support[ing] the heart." FAC ¶¶ 65, 72, 74. Even the *Shanks* court distinguished such claims. *See* 2019 WL 4398506, at *5 ("This Court agrees that on its face, a label that says 'Helps Maintain a Healthy Heart' could be considered material and likely to lead a significant portion of the public to believe that the product does in fact help maintain a healthy heart," which "cannot be said for the challenged statements here.").

health statements were the sole or even the predominant or decisive factor influencing the class members' decisions to buy the challenged products." (quotation omitted)). Moreover, given the evidence, Butler's litigation survey "cannot overcome plaintiffs' showing as a matter of law." *See Farar v. Bayer AG*, 2017 WL 5952876, at *12-13 (N.D. Cal. Nov. 15, 2017) (defendant's documents "sufficient to establish materiality" even though defendant submitted survey evidence that "claims had no material effect on respondents' purchase decisions" (quotation marks and record citation omitted)). At best, "argument[s] about consumers hav[ing] a variety of reasons for purchasing is a merits dispute as to materiality, and is therefore a dispute that can be resolved classwide," *Hadley*, 324 F. Supp. 3d at 1117 (quoting *Amgen*, 568 U.S. at 467); *see also Bailey*, 2021 WL 1668003 at *16 (finding "Butler survey," purporting to show lack of deception merely "reflects a merits dispute" that "is not appropriate for resolution" at certification (quoting *Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1137 (9th Cir. 2016) (quotation marks omitted)).

### C. Plaintiffs' Damages Model Satisfies *Comcast*

Barlean's argues certification should be denied because Plaintiffs' damages experts have not yet "conducted the proposed survey," or calculated "a price premium," Opp. at 16, 17. But "[a] plaintiff is not required to actually execute a proposed conjoint analysis to show that damages are capable of determination on a class-wide basis with common proof." *Bailey*, 2021 WL 1668003, at *14 n.14 (citing *Hadley*, 324 F. Supp. 3d at 1103); *see also de Lacour*, 2021 WL 1590208, at *14 ("A plaintiff's expert is not required to *perform* their analysis at the class certification stage." (citation omitted)).[6]

Barlean's also criticizes Plaintiffs for not trying to determine whether consumers "read Barlean's coconut oil labels" or how they "understand the statements," Opp. at 16. But that

---

[6] In a single-line footnote, Barlean's asserts its expert has "identifie[d] numerous additional flaws in Dennis' survey," Opp. at 16 n.8. The Court should ignore this assertion as undeveloped and reject it as both ill-founded, Dennis Reply Decl. ¶¶ 31-38, and because "such criticisms about methodology. . .'go to the weight of the survey rather than its admissibility.'" *Krommenhock*, 334 F.R.D. at 576 (quoting *Hadley*, 324 F. Supp. 3d at 1108).

is not Plaintiffs' obligation. *See Hadley*, 324 F. Supp. 3d at 1116 ("Plaintiff 'has no burden to establish that there is a uniform understanding among putative class members as to the meaning of' the challenged health statements, 'or that all or nearly all of [the class members] shared any specific belief.'"). Damages analyses presume liability is established; it is thus proper for Dr. Dennis to assume the challenged claims are material misrepresentations. *See Krommenhock*, 334 F.R.D. at 575.

Next, Barlean's contends the model will "not measure the market price impact of the challenged label claims," Opp. at 17-18 (citing Plancich Report ¶¶ 10-19). But its supply-side arguments fail since "a conjoint analysis using real-world supply-side data[ ]satisfies *Daubert* and California law." *Maldonado*, 2021 WL 1947512, at *22; *see also McMorrow*, 2021 WL 859137, at *4-6; Mot. at 22-24. Barlean's further asserts Plaintiffs' model "fails to consider additional demand-side factors" like "whether the products are used for purposes other than ingestion" or whether "other product features motivated consumers to purchase the Products," Opp. at 18. But Plaintiffs' conjoint survey properly *controls* for such factors, thereby *isolating* the "price premium . . . solely as a result of the alleged mislabeling," *McMorrow*, 2021 WL 859137, at *3; *compare*, *e.g.*, Dennis Reply Decl. ¶¶ 26, 29.

Finally, Barlean's argues "Weir has also done no analysis of the retail market for the Products, [and] offered no empirical evidence of drivers of coconut oil pricing," Opp. at 18. That is wrong. *See* Dkt. No. 70-15, Weir Decl. ¶¶ 51; Weir Reply Decl. ¶¶ 14-18, 24-33, 54-55. It is also irrelevant if there is "a price premium at the wholesale [level]," Opp. at 18, or whether Barlean's sets wholesale prices based on "'input costs, margin targets, customer characteristics, and customer relationships,'" *id.* (citation omitted). Restitution and damages are calculated based on a percentage of the *retail* price since that is what *Class Members* paid and "[a] *retail* price may well include a premium related to a challenged claim even if the *wholesale* price was dispassionately set based upon other factors." Weir Reply Decl. ¶ 54.

## III. CONCLUSION

The Court should grant Plaintiffs' Motion for Class Certification.

Dated: May 27, 2021 Respectfully submitted,

/s/ Paul K. Joseph

**FITZGERALD JOSEPH LLP**
JACK FITZGERALD
*jack@fitzgeraldjoseph.com*
PAUL K. JOSEPH
*paul@fitzgeraldjoseph.com*
MELANIE PERSINGER
*melanie@fitzgeraldjoseph.com*
TREVOR M. FLYNN
*trevor@fitzgeraldjoseph.com*
RICHELLE KEMLER
*richelle@fitzgeraldjoseph.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619) 215-1741
Fax: (619) 331-2943

***Counsel for Plaintiffs***