UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TESTONE, COLLIN SHANKS, and LAMARTINE PIERRE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BARLEAN'S ORGANIC OILS, LLC,<br><br>Defendant. | Case No.: 3:19-cv-00169-RBM-BGS<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; and**<br><br>**(2) SETTING FINAL APPROVAL HEARING FOR MARCH 3, 2023 AT 3:00 P.M.**<br><br>[Doc. 126] |

Plaintiffs Michael Testone, Collin Shanks, and Lamartine Pierre ("Plaintiffs") filed this class action lawsuit against Defendant Barlean's Organic Oils, LLC ("Defendant"), alleging Defendant "misleadingly markets its coconut oil Products as inherently healthy, and a healthy alternative to butter and various cooking oils, despite that coconut oil is actually inherently unhealthy, and a less healthy option to these alternatives." (Doc. 35 at 2.) The Court granted Plaintiffs' motion for class certification on September 28, 2021. (Doc. 98.) Plaintiffs now move unopposed, pursuant to Federal Rule of Civil Procedure

23(e), for preliminary approval of a settlement reached between the parties and for certification of a settlement class. (Mot., Doc. 126.) The Court finds this motion suitable for determination on the papers submitted and without oral argument. CivLR 7.1(d)(1). Having read and considered the Settlement Agreement (Doc. 126-2), Plaintiffs' Motion, and the arguments of counsel, the Court **GRANTS** Plaintiffs' motion for preliminary approval of class action settlement.

The Court hereby finds and orders as follows:

1. <u>Settlement Terms</u>. All capitalized terms herein have the same meanings ascribed to them in the Settlement Agreement (Doc. 126-2).

2. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the action and over all parties to the action, including all members of the Settlement Class.

3. <u>Preliminary Approval of Proposed Settlement Agreement</u>. The Court finds that, subject to the Final Approval hearing, the proposed Settlement Agreement is fair, reasonable, adequate, and within the range of possible approval considering the possible damages at issue and defenses to overcome. The Court also finds that the Settlement Agreement: (a) is the result of serious, informed, non-collusive, arms-length negotiations, involving experienced counsel familiar with the legal and factual issues of this case; and (b) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act, 28 U.S.C. § 1715. Therefore, the Court grants preliminary approval of the Settlement.

4. <u>Class Certification for Settlement Purposes Only</u>. The Court conditionally certifies, for settlement purposes only, a Settlement Class defined as all persons who in the United States, during the Class Period, purchased Coconut Oil Products (defined by the Settlement Agreement), for personal or household use. Excluded from the Class are: (a) persons or entities who purchased Coconut Oil Products for the purpose of resale or distribution; (b) persons who are directors and officers of Barlean's or its parent, subsidiary, or affiliate companies; (c) governmental entities; (d) persons who timely and properly exclude themselves from the Class as provided in the Agreement; (e) persons

who signed a release of Barlean's for compensation for the claims arising out of the facts or claims asserted in the Action; and (f) any judicial officer hearing this action, including his or her immediate family members and employees.

5. The Court finds, for settlement purposes only, that class certification under Federal Rule of Civil Procedure 23(b)(3) is appropriate in the settlement context because (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Plaintiffs and proposed Class Representatives are typical of the claims of the Settlement Class; (d) the Plaintiffs and proposed Class Representatives and their counsel will fairly and adequately represent and protect the interests of the Settlement Class Members; (e) questions of law or fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. <u>Class Representatives</u>. The Court appoints Plaintiffs Michael Testone, Collin Shanks, and Lamartine Pierre as Class Representatives.

7. <u>Class Counsel</u>. The Court appoints Fitzgerald Joseph LLP as Class Counsel.

8. <u>Settlement Claims Administrator</u>. The Court hereby approves Kroll to act as Claims Administrator. Kroll shall be required to perform all the duties of the Claims Administrator as set forth in the Agreement and this Order.

9. <u>Qualified Common Fund</u>. Kroll is authorized to establish the Common Fund under 26 C.F.R. §§ 1.468B-1(c) and (e)(1), to act as the "administrator" of the Common Fund pursuant to 26 C.F.R. § 1.468B-2(k)(3), and to undertake all duties as administrator in accordance with the Treasury Regulations promulgated under Section 1.468B of the Internal Revenue Code of 1986. All costs incurred by the Claims Administrator operating as administrator of the Common Fund shall be construed as costs of Claims

Administration and shall be borne solely by the Common Fund. Interest on the Common Fund shall inure to the benefit of the Class.

10. <u>Class Notice</u>. The Court approves the form and content of the Class Notice in the long form attached to the Settlement Agreement as Exhibit 1,[1] the short form attached to the Settlement Agreement as Exhibit 2,[2] and the other forms of notice submitted with Plaintiffs' Motion for Preliminary Approval. The Court finds that dissemination of the Class Notice as proposed in the Settlement Agreement and in Kroll's Notice Plan as set forth in the October 21, 2022 Declaration of Jeanne C. Finegan,[3] meets the requirements of Federal Rule of Civil Procedure 23(c)(2), and due process, and further constitutes the best notice practicable under the circumstances. Accordingly, the Court hereby approves the Notice Plan.

11. <u>Objection and Opt-Out/Exclusion Deadline</u>. Settlement Class Members who wish either to object to the Settlement or to exclude themselves from the Settlement must do so by the Objection Deadline and Opt-Out/Exclusion Deadline of January 19, 2023. Settlement Class Members may not both object to and exclude themselves from the Settlement. If a Settlement Class Member submits both a Request for Exclusion and an Objection, the Request for Exclusion will be controlling.

12. <u>Exclusion from the Settlement Class</u>. To submit a Request for Exclusion, Settlement Class Members must follow the directions in the Notice and submit online at the settlement website by the Opt-Out/Exclusion Deadline, or send a compliant request to the Claims Administrator at the address designated in the Class Notice, postmarked by the Exclusion Deadline. No Request for Exclusion may be made on behalf of a group of Settlement Class Members.

---

[1] Doc. 126-2 at 17–25.
[2] *Id*. at 26–28.
[3] *Id*. at 29–46.

13. All Settlement Class Members who submit a timely, valid Request for Exclusion will be excluded from the Settlement and will not be bound by the terms of the Settlement Agreement and any determinations and judgments concerning it. All Settlement Class Members who do not submit a valid Request for Exclusion by January 19, 2023, in accordance with the terms set forth in the Agreement, will be bound by all determinations and judgments concerning the Agreement.

14. <u>Objections to the Settlement</u>. To object to the Settlement, Settlement Class Members should follow the directions in the Notice and file with the Court or mail to the Claims Administrator a written Objection by the Objection Deadline. In the written Objection, the Settlement Class Member should include (i) a caption or title that clearly identifies the Action and that the document is an objection, (ii) the Settlement Class Member's name, current address, and telephone number, or—if objecting through counsel—his or her lawyer's name, address, and telephone number, (iii) the Coconut Oil Product(s) the Settlement Class Member bought during the Class Period, (iv) a clear and concise statement of the Class Member's objection, as well as any facts and law supporting the objection, (v) the objector's signature, and (vi) the signature of the objector's counsel, if any. Upon the Court's Order at the parties' request, the parties will have the right to obtain document discovery from and take depositions of any objecting Settlement Class Member on topics relevant to the Objection.

15. If a Settlement Class Member does not submit a written Objection to the Settlement or to Class Counsel's application for attorneys' fees and costs or the Service Awards in accordance with the deadline and procedure set forth in the Class Notice and this Order, but the Settlement Class Member wishes to be appear and be heard at the Final Approval Hearing, the Settlement Class Member may do so provided the Objector satisfies the requirements of Federal Rule of Civil Procedure 23(e)(5)(A) at the Final Approval Hearing.

16. Objecting Settlement Class Members may appear at the Final Approval Hearing and be heard. Such Class Members are requested, but not required, in advance

of the Final Approval Hearing, to file with the Court or mail to the Claims Administrator a Notice of Intent to Appear.

17. All Members of the Settlement Class, except those who submit timely Requests for Exclusion, will be bound by all determinations and judgments regarding the Settlement, whether favorable or unfavorable to the Settlement Class.

18. <u>Submission of Claims</u>. To receive a Cash Award, Settlement Class Members must follow the directions in the Class Notice and file a claim with the Claims Administrator by the Claims Deadline of January 19, 2023. Settlement Class Members who do not submit a claim will not receive a Cash Award but will be bound by the Settlement.

19. <u>Schedule of Future Events</u>. The Court adopts the following schedule (with Day "0" the date of this Order):

| Event | Day | Approximate Weeks After Prelim. Approval | Date |
|---|---|---|---|
| Date of Preliminary Approval Order | 0 | - | November 10, 2022 |
| Deadline to Initiate Notice Plan | 14 | 2 weeks | November 24, 2022 |
| Deadline for Plaintiffs to file Motion for Attorneys' Fees, Costs, and Incentive Awards | 56 | 8 | January 5, 2023 |
| Notice completion date and deadline to make a claim, opt out, or object | 70 | 10 | January 19, 2023 |
| Deadline for Plaintiffs to file Motion for Final Approval | 84 | 12 | February 2, 2023 |
| Final Approval Hearing Date | 113 | 16 | March 3, 2023 |

20. <u>Final Approval Hearing</u>. A Final Approval Hearing is scheduled for **March 3, 2023 at 3:00 P.M.**, for the Court to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair,

reasonable, and adequate to the Settlement Class and should be finally approved by the Court; whether a Judgment should be entered; and to determine any amount of fees, costs, and expenses that should be awarded to Class Counsel and the amount of any service awards to Plaintiffs.  The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the settling parties, if appropriate, without further notice to the Settlement Class.

21. <u>Stay of Proceedings</u>. All proceedings in this action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.

22. Pending the final determination of whether the Settlement should be approved, the Settlement Class Representatives and all Settlement Class Members are hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any claims released under the Settlement Agreement in any judicial, administrative, arbitral, or other forum, against any of the released parties.  Such injunction will remain in force until Final Approval or until such time as the parties notify the Court that the Settlement has been terminated.  Nothing herein will prevent any Settlement Class Member, or any person actually or purportedly acting on behalf of any Settlement Class Member(s), from taking any actions to stay or dismiss any released claim(s).  This injunction is necessary to protect and effectuate the Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Agreement and to enter Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments.  This injunction does not apply to any person who files a Request for Exclusion.

23. If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without

prejudice to the right of Defendant or the Class Representatives to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court, except insofar as the Agreement expressly provides to the contrary. In such an event, the certification of the Settlement Class will be deemed vacated. The certification of the Settlement Class for settlement purposes will not be considered as a factor in connection with any subsequent class certification issues.

24. <u>No Admission of Liability</u>. By entering this Order, the Court does not make any determination as to the merits of this case. Preliminary approval of the Settlement Agreement is not a finding or admission of liability by Barlean's. Furthermore, the Agreement and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by Barlean's, or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in this Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, the Final Approval Order, and the Judgment.

25. <u>Retention of Jurisdiction</u>. The Court retains jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement Agreement and the settlement described therein.

**IT IS SO ORDERED.**

DATE: November 10, 2022

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE