# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TESTONE, COLLIN SHANKS, and LAMARTINE PIERRE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BARLEAN'S ORGANIC OILS, LLC,<br><br>Defendant. | Case No.: 3:19-cv-00169-RBM-BGS<br><br>**ORDER AMENDING FINAL APPROVAL ORDER**<br><br>[Doc. 136] |

Pending before the Court is Plaintiffs Michael Testone, Collin Shanks, and Lamartine Pierre ("Plaintiffs") motion to amend the final approval order ("Motion"). (Doc. 136.)  Defendant did not file an opposition to Plaintiffs' Motion.

In Plaintiffs' Motion, they explain that when filing their motion for final approval of class settlement, they advised the Court that the Claims Administrator, Kroll Settlement Administration ("Kroll"), incurred costs of approximately $518,000 but "agreed for purposes of initial distributions to reduce its overall fees and costs for administering the settlement to approximately $398,565." (Doc. 136 at 2 (citing Doc. 132, Affidavit of Lori

1

L. Castaneda ("Castaneda Aff.") ¶ 22).)[1]  While the Settlement Agreement states that any residual will be distributed to a potential *cy pres* recipient, given Kroll's substantial cost concessions, Kroll "respectfully request[ed] that it be permitted to reimburse itself for overages above $398,565 out of any residual funds following the initial distribution before distribution of such funds to *cy pres*."  (Castaneda Aff. ¶ 23.)  In the Court's Final Approval Order, it recognized Kroll's request, but did not include Kroll's request concerning overages in the Order.  (Doc. 134 at 4, 15–17.)  Plaintiffs explain that, following distribution of cash awards to class members, there remains $51,217.58 of residual funds in the Settlement Fund.  (Doc. 136-1, Declaration of Jack Fitzgerald ("Fitzgerald Decl.") ¶ 2.)[2]

Having reviewed Plaintiffs' Motion, the Court's Final Approval Order, the Settlement Agreement, and the Castaneda and Fitzgerald Declarations, the Court finds there is **GOOD CAUSE** to amend the Final Approval Order.  (Doc. 134.)  Accordingly, paragraph 12 of the Final Approval Order is amended in **bold** as follows:

> 12. The Court awards attorneys' fees, costs, and incentive awards to Class Counsel and the named Plaintiffs as set forth in this Order, and approves payment to the Settlement Administrator in the amount of $**449,782**.

**IT IS SO ORDERED.**

DATE: February 12, 2024

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[1] The Castaneda Affidavit was filed in support of Plaintiffs' motion for final approval of class settlement.  (Docs. 131, 132.)

[2] Attached to Plaintiffs' counsel's declaration is an email chain demonstrating Plaintiffs' counsel's diligent, but unsuccessful, efforts to meet-and-confer with Defendant's counsel regarding the instant Motion.  (Doc. 136-1, Fitzgerald Decl. (Ex. 1).)